JEFFREY M. RATINOFF (SBN 197241)
Email: jeffrey.ratinoff@bipc.com
MICHAEL K. BOSWORTH (SBN 75887)
Email: michael.bosworth@bipc.com
BUCHANAN INGERSOLL & ROONEY LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (866) 461-4586
Facsimile: (650) 622-2499

Attorneys for Plaintiff,
CONTINENTAL D.I.A. DIAMOND PRODUCTS, INC.

*ORIGINAL FILED*

*APR 2 4 2008*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

*E-filing*

*SI*

IN THE UNITED STATES OF DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

*CV 08    2136*

| | |
|---|---|
| CONTINENTAL D.I.A. DIAMOND PRODUCTS, INC. , a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DONG YOUNG DIAMOND INDUSTRIAL CO., LTD., a South Korean company, DONGSOO LEE, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR BREACH OF CONTRACT, TRADEMARK INFRINGEMENT, FALSE ADVERTISING AND DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

## THE PARTIES

1.      Plaintiff Continental D.I.A. Diamond Products, Inc. ("Plaintiff" or "Continental") is a California corporation having its principal place of business in San Carlos, California.  Continental designs, manufactures, sells and markets professional quality diamond-containing saw and cutting blades, grinding wheels, polishing wheels, resin polishing pads, core drills, milling bits, and profile tooling and other tools for working stone, marble, granite and concrete ("Products").  Continental's Products are sold in the United States and abroad through distributors and wholesalers, which in turn, sell Products to contractors, specialty fabricators and retail supply stores.

2.      Plaintiff is informed and believes, and based thereon alleges, that Dong Young Diamond Industrial Co., Ltd. ("Dong Young") is a South Korean company having its

- 1 -

1 principal place of business in Incheon, South Korea. Plaintiff is further informed and believes,

2 and based thereon alleges, that Dong Young holds itself out to the public as a global provider of

3 diamond-containing bits and blades for power tools for the stone, marble, granite and concrete -

4 working trade.

5      3.     Plaintiff is informed and believes, and based thereon alleges, that Mr.

6 DongSoo Lee ("Lee") is a citizen of South Korea and the president and owner of Dong Young,

7 who at all relevant times alleged herein, held himself out as acting and speaking on behalf of

8 Dong Young.

9      4.     The true names and capacities, whether individual, corporate, associate or

10 otherwise, of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore

11 sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon

12 alleges that DOES 1 through 10, inclusive, and each of them, are legally responsible in some

13 manner for the events and happenings referred to herein, and proximately caused or contributed

14 to the injuries and damages to Plaintiff as herein alleged. When Plaintiff ascertains the true

15 names and capacities of Does 1 through 10, it will ask leave of this Court to amend its

16 complaint by setting forth the same. Plaintiff shall hereinafter collectively refer to defendants

17 Dong Young, Lee, and Does 1 through 10 as "Defendants".

18      5.     Plaintiff is informed and believes and thereon alleges that Continental and

19 Dong Young are direct competitors who sell diamond-containing bits and blades for power

20 tools for the stone, marble, granite and concrete-working trade to distributors and wholesalers.

21

22                       **JURISDICTION AND VENUE**

23      6.     Plaintiff files this action against Defendants pursuant to the Lanham Act, 15

24 U.S.C. § 1051 et seq., and in particular, for trademark infringement in violation of 15 U.S.C. §

25 1114; false designations of origin, false advertising, and trademark infringement and unfair

26 competition, all in violation of 15 U.S.C. § 1125(a); for violations of California's Unfair

27 Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.; for violation of California's common

28 law for unfair competition; and for breach of contract under California law.

COMPLAINT

7.     This Court has subject matter jurisdiction over Plaintiff's federal claims stated herein under 15 U.S.C. §§ 1121, 1125(a) and 28 U.S.C. §§ 1331, 1338.

8.     This Court has subject matter jurisdiction over Plaintiff's California state law claims stated herein, each of which arise out of a common nucleus of operative facts with those from which the federal claims arise, under the principles of ancillary and pendant jurisdiction pursuant to 28 U.S.C. § 1367(b) and 28 U.S.C. § 1338(b).

9.     The Court also has subject matter jurisdiction over Plaintiff's California state law claims stated herein under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

10.     Plaintiff is informed and believes, and based thereon alleges that the Court has personal jurisdiction over Defendants because, inter alia, they:

(a)     conduct, engage and carry on continuous and substantial business within this judicial district, California and throughout the United States;

(b)     within this judicial district, California and throughout the United States have committed the wrongful acts alleged below, in business interactions purposefully elicited by Defendants with or directed to residents of California and other states in the United States, as well as used the Internet and email communications to advertise, promote and solicit, within said district and states, all of which harms Plaintiff within said district and states; and

(c)     that a substantial part of the events and omissions, which give rise to this action, including the place where at least part of the contract was to be performed and where the breaches occurred took place in this district and California; and

(d)     the License Agreement between the parties at issue herein states that it is to be construed according to the laws of the State of California.

11.     Venue is proper in the United States District Court for the Northern District of California pursuant to under 28 U.S.C. § 1391(a)(2) and (b)(2) for the same reasons personal jurisdiction exists over Defendants in this judicial district.

///

## GENERAL ALLEGATIONS

### Plaintiff's Trade Name, Logo and Marks

12.     Beginning in or about 1993, and continuing through the present, Plaintiff has been doing business in the United States and abroad.  On April 14, 1997, Plaintiff incorporated its business in California under the Continental D.I.A. Diamond Products, Inc., and began using it as the trade name for the Products it designs, manufactures and sells.  Plaintiff has acquired trademark rights to the trademark and trade name and Logo comprising "Continental D.I.A. Diamond Products, Inc." ("Trade Name" or "Continental Logo") at common law from and after said date.  A true and correct copy of the Continental Logo is attached hereto as Exhibit A.

13.     Beginning in December 1997, Plaintiff began using "TERMINATOR®" as the trade name for the Products it designed, manufactures and sells.  Plaintiff has acquired trademark rights to the mark TERMINATOR®, both at common law from and after said date and further by virtue of registrations with the United States Patent and Trademark Office, including, inter alia, a federal Trademark Registration for "TERMINATOR", No. 2,497,482, registered October 16, 2001; "TERMINATOR XTREME", No. 3,028,708, registered December 13 2005; "TERMINATOR G5", No. 3,083,811 registered April 18, 2006; and a pending application for "TERMINATOR ZOOM", Serial Number 77/241,273, filed July 27, 2007 (hereinafter collectively referred to as "the TERMINATOR® marks").  True and correct copies of these registration certificates and the application are attached hereto as Exhibits B-E.

14.     Beginning in May 1999, Plaintiff began using distinctive flame patterns ("Terminator Logos") as a trademark for certain of the TERMINATOR®-branded saw blade Products.  True and correct copies of the Terminator Logos are attached as Exhibits F-H. Plaintiff's Continental Logo and Trade Name, Terminator Logos and the TERMINATOR® marks are hereinafter collectively referred to as the "Continental and Terminator Marks."

15.     At various times since beginning operations, Plaintiff has added to its product line numerous types of diamond-containing stone-cutting products.

16.     Plaintiff has regularly identified and continues to regularly identify its Products by the Continental and Terminator Marks.

17.    Plaintiff has widely sold its products identified by the Continental and

Terminator Marks in California and in interstate commerce. Plaintiff has invested significant

time, energy, and financial resources in extensively advertising, promoting, and developing the

Continental and Terminator Marks in California, throughout the United States and abroad. As a

result, Plaintiff has established considerable goodwill in the Continental and Terminator Marks

and they have become widely known and recognized in California, throughout the United States

and abroad as a symbol of high quality and performance diamond-containing stone-cutting

products.

18.    Beginning at a date many years prior to Defendants' activities complained of

herein, the Continental and Terminator Marks have acquired a secondary meaning with the

public as indicating a single source of high quality and performance diamond-containing stone-

cutting Products and indicating Plaintiff as such source. The Continental and Terminator Marks

are invaluable assets of substantial and inestimable worth to Plaintiff. For example,

TERMINATOR® blade was also specified by and received a "Park Approved" rating by Park

Industries, Inc. an Original Equipment Manufacturer located in St. Cloud, MN. The "Park

Approved" designation confirms that the blade has been thoroughly tested by Park Industries'

engineers against other blades on the market, and has been selected as the preferred blade to use

with Park Industries Stone-working machinery. Park Industries exhibits its stone-working

machinery in actual operation at various trade shows throughout the year while using the

TERMINATOR® blade to cut stone slabs.

19.    Plaintiff is the owner of the United States registrations for the

TERMINATOR® marks attached hereto as Exhibits B-D, and of the goodwill of the business

of designing, producing and marketing diamond-containing stone-cutting Products, connected

with the use of, and symbolized by, the TERMINATOR® marks. The registrations were duly

and lawfully issued, and are currently in full force and effect.

20.    Plaintiff has complied with all of the requirements of 15 U.S.C. § 1065 with

respect to the registration of TERMINATOR® No. 2,497,482 attached as Exhibit B.

Accordingly, Plaintiff's right to use such registered mark in commerce has become

1  incontestable as provided in 15 U.S.C. § 1065.  Under 15 U.S.C. § 1115(b), the registration is

2  conclusive evidence of Plaintiff's exclusive right to use the registered mark in commerce or in

3  connection with the products in the registration which plaintiff has specified pursuant to 15

4  U.S.C. § 1065.

5       21.     Plaintiff has complied with all of the requirements of 15 U.S.C. § 1051 with

6  respect to the registration of TERMINATOR XTREME® and TERMINATOR G5® attached

7  as Exhibits C-D.  Accordingly, under 15 U.S.C. § 1057(b), the registrations are conclusive

8  evidence of Plaintiff's exclusive right to use the registered marks in commerce or in connection

9  with the products in the registrations which Plaintiff has specified pursuant to 15 U.S.C. § 1051.

10       22.     Plaintiff has complied with all of the requirements of federal common law

11  with respect to the establishing rights based upon continuous use in interstate commerce of the

12  following trade names and marks: Continental D.I.A. Diamond Products, Inc.; the Continental

13  D.I.A. Diamond Products, Inc. Logo; the TERMINATOR® marks and the Terminator Logos,

14  which are attached hereto, respectively, as Exhibits A-H.  Such continuous use of these trade

15  names and marks on Continental's Products is evidence of Plaintiff's right to use the marks in

16  commerce or in connection with the products which Plaintiff has specified.

17

18                  **Plaintiff's Products And The Manufacturing Thereof**

19       23.     Plaintiff has developed certain confidential proprietary information relating

20  to the pricing, profit margins, design, modification, composition, specifications and methods of

21  manufacture and marking of certain Continental Products (collectively referred to as

22  "Proprietary Information").

23       24.     On April 9, 2004, Continental and Dong Young entered into a manufacturing

24  and license agreement ("License Agreement") under which Continental granted Dong Young a

25  limited license to use Proprietary Information necessary to manufacture certain diamond-

26  containing stone-cutting products for Plaintiff; and to apply certain Continental and Terminator

27  Marks to such products.  A true and correct copy of the License Agreement (excluding Exhibit

28  A thereto for confidentiality purposes, which contains certain Proprietary Information,) is

COMPLAINT

1  attached hereto as Exhibit I.

2      25.      The License Agreement restricted Dong Young's use of Continental 's

3  Proprietary Information and the Continental and Terminator Marks to only the extent necessary

4  to manufacture and produce diamond-containing stone-cutting products exclusively for

5  Continental.  Further, the License Agreement restricted the sale of any such products only to

6  Continental.

7      26.      The License Agreement contained express provisions concerning the

8  treatment of Continental's Proprietary Information.  Specifically, Section II.(1) provides that:

9          CONTINENTAL D.I.A shall make available to DONG YOUNG... certain
           Proprietary Information relating to the design, modification, composition,
10         specifications and methods of manufacture and marking of the Licensed
           Products. DONG YOUNG agrees to maintain such Proprietary Information
11         in confidence, and to use it only for manufacture of Products to be made for
           CONTINENTAL D.I.A. and for no other purpose.  DONG YOUNG
12         understands and agrees that Proprietary Information received from or
           developed by CONTINENTAL D.I.A may not be divulged to third parties or
13         used to manufacture products for third parties.

14  Similarly, Section VI. (4) of the License Agreement states:

15         If the Agreement expires or is terminated, all rights granted to Dong Young
           herein shall cease.  Dong Young understands and agrees to be bound not to
16         divulge to third parties or manufacture products for third parties with
           Proprietary Information received from CONTINENTAL D.I.A.
17

18      27.      The License Agreement also contained an express provision concerning the

19  limitations of Dong Young's application and use of the Continental and Terminator Marks.

20  Specifically, Section III.(2) states: "The 'TERMINATOR' trademark and other Licensed Marks

21  may be applied by Dong Young only to Licensed Products that are manufactured in accordance

22  with this Agreement and shipped to CONTINENTAL D.I.A."

23      28.      Consistent with the terms of the License Agreement, Dong Young used

24  Continental's Proprietary Information to manufacture diamond-containing stone-cutting

25  products exclusively for Continental and shipped such products bearing the Continental and

26  Terminator Marks to Continental.  As provided by Section III. of the License Agreement, Don

27  Young's manufacturing of such products was done under strict quality requirements dictated

28  and monitored by Continental.

COMPLAINT

## **Defendants' Breach And Infringement**

29.    Plaintiff is informed and believes, and based thereon alleges that beginning on or about March 7, 2007, Lee began sending emails to Continental's existing and prospective customers in this District and throughout California and the United States wherein Lee: (a) revealed that Dong Young supplied certain diamond-containing stone-cutting products to Plaintiff; (b) enclosed images of diamond-containing stone-cutting products that appeared to be the products and/or unauthorized copies, imitations or replicas thereof that Dong Young manufactured for Continental under the terms of the License Agreement; and (c) offered to sell such products directly to those customers at a lower price than the purported identical Continental Products.

30.    Plaintiff is further informed and believes, and based thereon alleges that some, if not all of the diamond-containing stone-cutting products pictured in Lee's emails had certain Continental and Terminator Marks affixed thereto, and most, if not all, of such pictured products were the same or nearly identical in shape, size, design, color and appearance to Continental's Products.

31.    Plaintiff is also informed and believes, and based thereon alleges that to entice Continental's existing and prospective customers to purchase diamond-containing stone-cutting products directly from Dong Young rather than Continental, Lee offered to send these customers samples of any of the products for testing.  Plaintiff is further informed and believes, and based thereon alleges that Lee, with the full knowledge that his and Dong Young's activities were in breach of the License Agreement and to prevent Continental from discovering such breaches, Lee asked that these customers keep the inquiries made by Lee and Dong Young from Continental.

32.    Plaintiff is informed and believes, and based thereon alleges that on or about May 4, 2007, Lee of Dong Young began sending emails to Continental's existing and prospective customers in this District and throughout California and the United States wherein Lee enclosed images of products that appeared to be the same diamond-containing stone-cutting products that Dong Young agreed to manufacture for Continental under the License Agreement.

1  Plaintiff is further informed and believes, and based thereon alleges that some, if not all, of such

2  pictured products appeared to be the same or nearly identical in shape, size, design, color and

3  appearance to Continental Products, but noticeably lacked any Continental and Terminator

4  Marks.

5      33.    Plaintiff is informed and believes, and based thereon alleges that Defendants'

6  products used these solicitations as "bait" to generate interest and entice a response from

7  Continental's existing and prospective customers so Lee could then disclose that Dong Young

8  manufactures diamond-containing stone-cutting products for Continental and offer to sell the

9  same or nearly identical products directly to Continental's customers at a lower price than

10  Continental Products.

11      34.    Plaintiff is informed and believes, and based thereon alleges that Defendants

12  improperly disclosed some of Continental's Proprietary Information during the aforementioned

13  solicitations.

14      35.    On or about September 28, 2007, Vincent Salemi, president of Continental,

15  met to with Lee in Continental's offices, located in San Carlos, California. In that meeting, Mr.

16  Salemi confronted Lee regarding his and Dong Young's improper and wrongful conduct. Lee

17  admitted that he had wrongfully solicited Continental's customers and then apologized and

18  claimed he would not repeat same "mistake" again. Mr. Salemi ended the meeting by

19  informing Lee that Continental would no longer do business with either Lee or Dong Young.

20      36.    In or about November 2007, Lee met with Mr. Salemi again in Continental's

21  San Carlos, California offices. During that meeting, Lee acknowledged the termination of the

22  License Agreement and asked whether Continental would resume doing business with Dong

23  Young. Mr. Salemi rejected Lee's request.

24      37.    Plaintiff is informed and believes, and based thereon alleges that Defendants

25  continue to improperly solicit Plaintiff's customers via email, facsimile, telephone, in-person

26  pitches and at trade shows by stating that Dong Young is manufacturing certain diamond-

27  containing stone-cutting products for Plaintiff and offering for sale those products or purported

28  equivalents thereof to Plaintiff's customers in the manner described above.

COMPLAINT

1    38.    Plaintiff is informed and believes, and based thereon alleges that Defendants

2  have improperly used and continue to improperly use Continental's Proprietary Information in

3  violation of the terms of the License Agreement.

4    39.    Plaintiff is informed and believes, and based thereon alleges that Defendants

5  have engaged and continue to engage in a pattern and practice of making false and misleading

6  statements to customers by offering to sell them products that are of the same specifications as

7  CONTINENTAL D.I.A. trademark, trade name and TERMINATOR® -branded Products, but

8  do not allegedly use Continental's Proprietary Information.  Plaintiff is further informed and

9  believes, and based thereon alleges that such statements were made with Defendants' full

10  knowledge that such products were manufactured by using Plaintiff's Proprietary Information

11  and were simply un-branded Continental Products.

12    40.    Plaintiff is informed and believes, and based thereon alleges that Defendants

13  have engaged and continue to engage in a pattern and practice of making false and misleading

14  statements to customers by offering to sell them products that are of the same specifications as

15  CONTINENTAL D.I.A. trademark, trade name and TERMINATOR® -branded Products

16  because they are manufactured using Plaintiff's Proprietary Information, which Dong Young

17  allegedly had the right to use and/or allegedly owns such Proprietary Information.

18    41.    Plaintiff is informed and believes that Defendants' use of the Continental and

19  Terminator Marks in its offers for sale, marketing materials, business documents, business

20  meetings and otherwise in the stream of commerce within California and throughout the United

21  States has and is likely to cause confusion and mistake with Plaintiff's use of its Continental and

22  Terminator Marks among the consumers and members of the public generally.

23    42.    Plaintiff is informed and believes that Defendants' use of the Continental and

24  Terminator Marks is calculated to trade off the goodwill and reputation of the Continental and

25  Terminator Marks by passing-off Defendants' products.

26    43.    Defendants' passing-off products that are identical to Plaintiff's

27  CONTINENTAL D.I.A. trademark, trade name and TERMINATOR® -branded Products in

28  this manner tarnishes the goodwill and reputation of Plaintiff and the Continental and

COMPLAINT

1  Terminator Marks.

2      44.      Plaintiff is informed and believes, and based thereon alleges that the

3  aforementioned conduct has caused confusion, deception and mistake among the consuming

4  public and trade by creating the erroneous impression that the goods sold, offered for sale,

5  distributed or advertised by Defendants have been manufactured, approved, authorized,

6  sponsored, endorsed, and/or guaranteed by Plaintiff.

7      45.      Plaintiff is informed and believes, and based thereon alleges that as a result

8  of Defendants' aforementioned misconduct, Continental's actual and prospective customers

9  have purchased and will continue to purchase diamond-containing stone-cutting products from

10 Defendants instead of from Continental.

11

12                          **COUNT I**

13            **(Breach Of Written Agreement Against Dong Young)**

14     46.      Plaintiff realleges and incorporates by reference the preceding allegations

15 contained above in paragraphs 1 through the immediately preceding paragraph as though fully

16 set forth herein.

17     47.      Dong Young has materially breached the License Agreement by using

18 Continental's Proprietary Information to manufacture and produce diamond-containing stone-

19 cutting products for customers other than Continental.

20     48.      Dong Young has materially breached the License Agreement by offering to

21 sell, diamond-containing stone-cutting products, which Dong Young manufactured using

22 Continental's Proprietary Information to customers other than Continental.

23     49.      Plaintiff is informed and believes, and based thereon alleges that Dong

24 Young has also materially breached the License Agreement by selling diamond-containing

25 stone-cutting products, which Dong Young manufactured using Continental's Proprietary

26 Information to customers other than Continental.

27     50.      Dong Young has materially breached the License Agreement by improperly

28 using Continental and Terminator Marks by offering to sell diamond-containing stone-cutting

- 11 -

COMPLAINT

1 products to parties other than Continental, including Continental's current and prospective

2 customers.

3    51.    Plaintiff is informed and believes, and based thereon alleges that Dong

4 Young has further materially breached the License Agreement by selling diamond-containing

5 stone-cutting products bearing Continental and Terminator Marks to parties other than

6 Continental.

7    52.    Plaintiff is informed and believes, and based thereon alleges that Dong

8 Young has further materially breached the License Agreement by failing to maintain the

9 confidentiality of Continental's Proprietary Information.

10    53.    Plaintiff has performed all conditions, covenants, and promises required on

11 its part to be performed in accordance with the terms of the License Agreement, except those

12 conditions, covenants, and promises, the performance of which were excused as a result of

13 Dong Young's material breaches of the License Agreement.

14    54.    As a direct and proximate result of Dong Young's breaches of its contractual

15 duties, Plaintiff suffered damages, including but not limited to, lost sales of diamond-containing

16 stone-cutting products and lost profits from the delay resulting from the diversion of

17 Continental's diamond-containing stone-cutting products manufactured by Dong Young to third

18 parties and the need to locate another manufacturer after learning of Dong Young's breaches

19 and wrongful conduct.  Plaintiff has been damaged in an amount according to proof at trial, but

20 in no event less than the approximate amount of $1.3 million, plus interest.

21    55.    The above described breaches of the confidentiality and exclusivity

22 provisions by Dong Young has also caused and are continuing to cause irreparable injury to

23 Plaintiff, for which Plaintiff has no adequate remedy at law, and Dong Young will continue to

24 do so unless ordered by this Court to specifically perform and comply with these provisions.

25    56.    The above described breaches by Dong Young have also caused and are

26 continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at

27 law, and Dong Young will continue to do so unless enjoined by this Court.

28    57.    Pursuant to Cal. Civ. Code § 1717 and Section IV.(2) of the License

COMPLAINT

1   Agreement, Continental is entitled to recover its reasonable attorney's fees and costs resulting

2   from Dong Young's aforementioned breaches.  As a result of such breaches, Plaintiff has

3   incurred attorneys' fees and costs of bringing this action.  Plaintiff will continue to incur such

4   interest, fees and costs in amounts to be proven at time of trial.

5                WHEREFORE, Plaintiff prays for relief as set forth below.

6

7                                    **COUNT II**

8            **(Trademark Infringement - 15 U.S.C. § 1114 - Against All Defendants)**

9        58.        Plaintiff realleges and incorporates by reference the preceding allegations

10  contained above in paragraphs 1 through the immediately preceding paragraph as though fully

11  set forth herein.

12       59.        Defendants' aforesaid acts constitute infringement of a federal registered

13  trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

14       60.        Defendants' use of the TERMINATOR®, TERMINATOR XTREME® and

15  TERMINATOR G5® marks is likely to cause confusion, mistake and/or deception of

16  purchasers as to the source of origin and quality of its products as being associated with

17  Plaintiff.

18       61.        Defendants' use of the TERMINATOR®, TERMINATOR XTREME® and

19  TERMINATOR G5® marks to sell diamond-containing stone-cutting products is in breach of

20  the License Agreement.

21       62.        Purchasers are likely to purchase Defendants' products believing they are

22  Plaintiff's products, thereby resulting in a loss of sales to the Plaintiff.

23       63.        Plaintiff has no control over the nature and quality of the diamond-

24  containing stone-cutting products manufactured and sold by Defendants, and because of the

25  confusion as to the source engendered by Defendants, the Plaintiff's valuable goodwill with

26  respect to its aforesaid trademark will diminish as a result of Defendants' actions.

27       64.        Defendants' use of the TERMINATOR®, TERMINATOR XTREME® and

28  TERMINATOR G5® marks to sell their diamond-containing stone-cutting products has likely

1  caused confusion and mistake and deception of the purchasers as to the source of origin and

2  quality of its goods.

3      65.    The infringement by Defendants has been willful and deliberate, designed

4  specifically to trade upon the enormous goodwill associated with Plaintiff's TERMINATOR®,

5  TERMINATOR XTREME® and TERMINATOR G5® marks.

6      66.    The goodwill of Plaintiff's business under the TERMINATOR®,

7  TERMINATOR XTREME® and TERMINATOR G5® marks is of enormous value, and

8  Plaintiff will suffer irreparable harm should infringement be allowed to continue to the

9  detriment of its trade reputation and goodwill.

10     67.    As a proximate result of Defendants' above-described acts, Plaintiff has been

11 damaged in an unascertained amount to be proven at trial.

12     68.    As a proximate result of Defendants' above-described acts, Plaintiff is

13 informed and believes and based thereon alleges that Defendants have been unjustly enriched in

14 an unascertained amount to be proven at trial.

15     69.    Plaintiff is informed and believes, and based thereon alleges that the

16 aforementioned acts of infringement have been and will continue to be intentional, willful,

17 deliberate, and malicious and have been committed with actual and constructive knowledge of

18 the "TERMINATOR", "TERMINATOR XTREME" and "TERMINATOR G5" marks.

19 Therefore, Plaintiff is entitled to recover treble damages against Defendants in an unascertained

20 amount to be proven at trial.

21     70.    The above described acts of Defendants have caused and are continuing to

22 cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and

23 Defendant will continue to do so unless enjoined by this Court.

24     WHEREFORE, Plaintiff prays for judgment as hereafter set forth.

25

26                              **COUNT III**

27 **(False Designation of Origin - 15 U.S.C. § 1125(a) - Against All Defendants)**

28     71.    Plaintiff realleges and incorporates by reference the preceding allegations

- 14 -

contained above in paragraphs 1 through the immediately preceding paragraph as though fully set forth herein.

72.    Defendants' aforesaid misrepresentations and acts constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

73.    Defendants' aforesaid misrepresentations and acts were made in commerce and in competition with Plaintiff.

74.    Defendants' aforesaid misrepresentations and acts, including the wrongful use of the Continental and Terminator Marks, constitute a false designation of origin which is likely to confuse and/or deceive and has confused and/or deceived customers and prospective customers into believing that Defendants' diamond-containing stone-cutting products are that of the Plaintiff, and, as a consequence, are likely to divert and have diverted customers away from Plaintiff.

75.    Plaintiff has no control over the nature and quality of the diamond-containing stone-cutting products manufactured and sold by Defendants. Any failure, neglect or default by Defendant in providing quality products will reflect adversely on Plaintiff as the believed source of origin thereof, hampering efforts by Plaintiff to continue to protect its outstanding reputation for high quality and performance diamond-containing stone-cutting products, resulting in loss of sales thereof and the considerable expenditures to promote its goods under the mark, all to the detriment and irreparable harm of Plaintiff.

76.    As a proximate result of Defendants' above-described acts, Plaintiff has been damaged in an unascertained amount to be proven at trial.

77.    As a proximate result of Defendants' aforementioned acts, Plaintiff is informed and believes and based thereon alleges that Defendants have been unjustly enriched, and Plaintiff is therefore entitled to restitution and/or disgorgement of profits in an unascertained amount to be proven at trial.

78.    Plaintiff is informed and believes, and based thereon alleges that Defendants' aforementioned acts have been and will continue to be intentional, willful, deliberate, and malicious and have been committed with actual and constructive knowledge of the Continental

1  and Terminator Marks.  Therefore, Plaintiff is entitled to recover treble damages against

2  Defendants in an unascertained amount to be proven at trial.

3       79.      Plaintiff is informed and believes, and based thereon alleges that the

4  aforementioned acts of Defendants has caused and are continuing to cause irreparable injury to

5  Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do

6  so unless enjoined by this Court.

7           WHEREFORE, Plaintiff prays for judgment as hereafter set forth.

8

9                                   **COUNT IV**

10        **(False Advertising - 15 U.S.C. § 1125(a) - Against All Defendants)**

11      80.      Plaintiff realleges and incorporates by reference the preceding allegations

12  contained above in paragraphs 1 through the immediately preceding paragraph as though fully

13  set forth herein.

14      81.      Defendants' aforesaid misrepresentations and acts constitute false

15  advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

16      82.      By reason of Defendants' acts complained of herein, Defendants have

17  intentionally engaged in conduct that constitutes a false or misleading description of fact, and a

18  false or misleading representation of fact tending wrongfully and falsely to describe

19  Defendants' diamond-containing stone-cutting products.

20      83.      Defendants' actions have been willful and with knowledge that these false

21  descriptions and/or representations are likely to deceive.

22      84.      As a proximate result of Defendants' above-described acts, Plaintiff has been

23  damaged in an unascertained amount to be proven at trial.

24      85.      As a proximate result of Defendants' above-described acts, Plaintiff is

25  informed and believes and based thereon alleges that Defendants have been unjustly enriched,

26  and Plaintiff is therefore entitled to restitution and/or disgorgement of profits in an

27  unascertained amount to be proven at trial.

28      86.      Plaintiff is informed and believes, and based thereon alleges that Defendants'

1   actions have been willful, malicious and fraudulent with knowledge of the likelihood of

2   deception and with intent to deceive, as alleged above.  Therefore, Plaintiff is entitled to recover

3   treble damages against Defendants in an unascertained amount to be proven at trial.

4         87.      Plaintiff is informed and believes, and based thereon alleges that the above

5   described acts of Defendants have caused and are continuing to cause irreparable injury to

6   Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do

7   so unless enjoined by this Court.

8         WHEREFORE, Plaintiff prays for judgment as hereafter set forth.

9

10        <u>COUNT V</u>

11  **(Trademark Infringement and Unfair Competition - 15 U.S.C. § 1125(a) -**

12  **Against All Defendants)**

13        88.      Plaintiff realleges and incorporates by reference the preceding allegations

14  contained above in paragraphs 1 through the immediately preceding paragraph as though fully

15  set forth herein.

16        89.      The aforesaid misrepresentations and acts constitute trademark infringement

17  and federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §

18  1125(a).

19        90.      As a direct consequence of Defendants' aforesaid unlawful acts and

20  practices, Plaintiff has suffered, and will continue to suffer, damage to its business, reputation

21  and goodwill, for which Plaintiff is entitled to relief.

22        91.      Defendants' misrepresentations concerning its diamond-containing stone-

23  cutting products, as well as its right to use Plaintiff's Proprietary Information in the

24  manufacturing of such products, and wrongful use of the Continental and Terminator Marks is

25  likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, and/or

26  association.

27        92.      As a proximate result of Defendants' above-described unlawful conduct,

28  Plaintiff has suffered, and will continue to suffer, irreparable injury and damages in an

- 17 -

COMPLAINT

1    unascertained amount to its business reputation and hard-earned goodwill to be proven at trial.

2        93.        As a proximate result of Defendants' above-described acts, Plaintiff is

3    informed and believes and based thereon alleges that Defendants have been unjustly enriched in

4    an unascertained amount to be proven at trial.

5        94.        Defendants' actions have been willful, malicious and fraudulent with

6    knowledge of the likelihood of deception and with intent to deceive, as alleged above.

7    Therefore, Plaintiff is entitled to recover treble damages against Defendants in an unascertained

8    amount to be proven at trial.

9        95.        Plaintiff is informed and believes, and based thereon alleges that the above

10    described acts of Defendant has caused and are continuing to cause irreparable injury to

11    Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do

12    so unless enjoined by this Court.

13            WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

14

15                            **COUNT VI**

16    **(Unfair Competition - Cal. Bus. & Prof. Code § 17200 et. seq. - Against All Defendants)**

17        96.        Plaintiff realleges and incorporates by reference the preceding allegations

18    contained above in paragraphs 1 through the immediately preceding paragraph as though fully

19    set forth herein.

20        97.        Defendants' aforementioned acts, including the intentional and blatant

21    trading on the goodwill associated with Continental and Terminator Marks, false advertising

22    and making of false statements, constitutes unfair competition, unfair and fraudulent business

23    practices and unfair, deceptive, untrue and misleading advertising under Cal. Bus. & Prof. Code

24    § 17200 et seq.

25        98.        Defendants' aforementioned acts, including the wrongful use Continental's

26    Proprietary Information to manufacture diamond-containing stone-cutting products for

27    customers other than Continental and to sell such products to customers other than Continental,

28    constitutes unfair competition and unfair business acts and practices under Cal. Bus. & Prof.

1  Code § 17200 et seq.

2        99.     As a proximate result of Defendants' above-described acts, Plaintiff is

3  informed and believes and based thereon alleges that Plaintiff has been deprived of the

4  patronage of actual and prospective customers.

5       100.    As a proximate result of Defendants' above-described conduct, Plaintiff is

6  informed and believes and based thereon alleges that Defendant has been unjustly enriched, and

7  Plaintiff is therefore entitled to restitution and/or disgorgement of profits in an unascertained

8  amount to be proven at trial.

9       101.    The above described acts of Defendants have caused and are continuing to

10  cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and

11  Defendants will continue to do so unless enjoined by this Court.

12       WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

13

14  **COUNT VII**

15  **(Common Law Unfair Competition - Against All Defendants)**

16       102.    Plaintiff realleges and incorporates by reference the preceding allegations

17  contained above in paragraphs 1 through the immediately preceding paragraph as though fully

18  set forth herein.

19       103.    Defendants' imitation, copying and otherwise unauthorized use of the

20  Continental and Terminator Marks, as well as passing off Plaintiff's un-branded diamond-

21  containing stone-cutting products as their own, is likely to cause, and has caused, confusion,

22  deception and mistake among the consuming public and trade by creating the erroneous

23  impression that the goods sold, offered for sale, distributed or advertised by Defendant have

24  been manufactured, approved, sponsored, endorsed or guaranteed by, or are in some way

25  affiliated with, Plaintiff and its CONTINENTAL D.I.A. trademark, trade name and

26  TERMINATOR® brand.

27       104.    By reasons of the foregoing, Defendant has committed and is continuing to

28  commit unfair competition under California common law.

105.    As a proximate result of Defendants' above-described unlawful conduct, Plaintiff is informed and believes and based thereon alleges that it has suffered, and will continue to suffer, irreparable injury and damages in an unascertained amount to its business reputation and hard-earned goodwill.

106.    As a proximate result of Defendants above-described conduct, Plaintiff is informed and believes and based thereon alleges that Defendant has been unjustly enriched, and Plaintiff is therefore entitled to restitution and/or disgorgement of profits in an unascertained amount to be proven at trial.

107.    The above described acts of Defendant has caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this Court.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in their favor and against as follows:

1.    An award of monetary damages, including recovery of Defendants' profits and the damages sustained by Plaintiff, arising from the acts of Defendants' complained of herein, according to proof.

2.    An award of trebled monetary damages, according to proof.

3.    A trebling of Defendants' ill-gotten profits, according to proof.

4.    An award of prejudgment interest from the date of each wrongful act.

5.    A permanent injunction enjoining Defendants, and their officers, agents, employees, servants, attorneys, representatives, successors, licensees and assigns, and each of them and all others in privity and acting on behalf of or in concert therewith,

(a)    From using or displaying the Continental and Terminator Marks in connection with the manufacture, sale, bidding, offer to sell, and/or advertisement of diamond-containing stone-cutting products;

(b)    From using or displaying the Continental and Terminator Marks on

1  and/or to describe diamond-containing stone-cutting Products for the purpose of enhancing the

2  commercial value of, the selling, and/or soliciting purchases of Defendants' diamond-containing

3  stone-cutting products, or any acronym of similar appearance, sound or import;

4       (c)    From otherwise diluting the distinctive quality of and infringing

5  Plaintiff's Continental and Terminator Marks;

6       (d)    From causing likelihood of injury to Plaintiff's business reputation;

7       (e)    From causing likelihood of confusion, deception, or mistake as to the

8  source or origin of Plaintiff's products;

9       (f)    From making false and misleading statements concerning the nature,

10  specifications, characteristics, features and quality of Defendants' products, as well as its right

11  to use Plaintiff's Proprietary Information in the manufacturing and sale of such products;

12       (g)    From using and/or disclosing Plaintiff's Proprietary Information in any

13  manner;

14       (h)    Requiring Defendants to deliver up and destroy all diamond-containing

15  stone-cutting products, white sheets, advertising materials, promotional literature, specification

16  sheets, bidding materials, and all other materials and documents referring to, containing and/or

17  bearing the Continental and Terminator Marks mark;

18       (i)    Requiring Defendants to deliver up and destroy all documentation, hard

19  copy and electronic files, specification sheets, molds, manufacturing tools and machines, and all

20  other materials and documents referring to, containing and/or evidencing any of Continental's

21  Proprietary Information;

22       (j)    Requiring Defendants to deliver up and destroy all diamond-containing

23  stone-cutting products that it manufactured using any of Continental's Proprietary Information;

24      6.     An award of Plaintiff's attorney's fees and costs.

25      7.     An award of restitution and/or disgorgement of profits.

26      8.     Any and all further relief as may be deemed fit and proper.

27  ///

28  ///

**JURY TRIAL DEMAND**

Pursuant to Fed R. Civ. P. 5(d) and 38(b), and Local Rule 38.1, Plaintiff demands a jury trial of all issues triable by jury.

Dated: April 24, 2008                    BUCHANAN INGERSOLL & ROONEY LLP


                                         By:   JEFFREY M. RATINOFF
                                               MICHAEL K. BOSWORTH
                                               Attorneys for Plaintiff
                                               CONTINENTAL D.I.A. DIAMOND
                                               PRODUCTS INC.

#1039535-v4

COMPLAINT

EXHIBIT A



EXHIBIT B

Int. Cl.: 7

Prior U.S. Cls.: 13, 19, 21, 23, 31, 34 and 35

Reg. No. 2,497,482

United States Patent and Trademark Office

Registered Oct. 16, 2001

## TRADEMARK
### PRINCIPAL REGISTER

## TERMINATOR

CONTINENTAL D.I.A. DIAMOND PRODUCTS, INC. (CALIFORNIA CORPORATION)
3021 TEAGARDEN STREET
SAN LEANDRO, CA 945775720

FOR: DIAMOND CONTAINING POWER SAW BLADES, BITS FOR POWER DRILLS AND POWER GRINDING WHEELS ALL FOR USE IN THE MAR- BLE, GRANITE, CONCRETE, ASPHALT, ROOFING AND TILE INDUSTRY, IN CLASS 7 (U.S. CLS. 13, 19, 21, 23, 31, 34 AND 35).

FIRST USE 12-0-1997; IN COMMERCE 12-0-1997.

SER. NO. 75-648,086, FILED 2-25-1999.

ANDREW BAXLEY, EXAMINING ATTORNEY

EXHIBIT C

Int. Cl.: 7

Prior U.S. Cls.: 13, 19, 21, 23, 31, 34 and 35

Reg. No. 3,028,708

United States Patent and Trademark Office

Registered Dec. 13, 2005

## TRADEMARK
### PRINCIPAL REGISTER

## TERMINATOR XTREME

CONTINENTAL D.I.A. DIAMOND PRODUCTS, INC. (CALIFORNIA CORPORATION)
SUITE 18
1300 INDUSTRIAL ROAD
SAN CARLOS, CA 940704130

FOR: POWER SAW BLADES CONTAINING DIAMONDS, BITS FOR POWER DRILLS CONTAINING DIAMONDS, POWER GRINDING WHEELS CONTAINING DIAMONDS AND POLISHING PADS CONTAINING DIAMONDS, ALL FOR USE IN THE MARBLE, GRANITE, CONCRETE, ASPHALT, ROOFING AND TILE INDUSTRY, IN CLASS 7 (U.S. CLS. 13, 19, 21, 23, 31, 34 AND 35).

FIRST USE 9-13-2004; IN COMMERCE 9-13-2004.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,497,482.

SER. NO. 78-516,409, FILED 11-12-2004.

GIANCARLO CASTRO, EXAMINING ATTORNEY

EXHIBIT D

Int. Cl.: 7

Prior U.S. Cls.: 13, 19, 21, 23, 31, 34, and 35

United States Patent and Trademark Office

Reg. No. 3,083,811
Registered Apr. 18, 2006

## TRADEMARK
### PRINCIPAL REGISTER

# TERMINATOR G5

CONTINENTAL D.I.A. DIAMOND PRODUCTS, INC. (CALIFORNIA CORPORATION)
SUITE 18
1300 INDUSTRIAL ROAD
SAN CARLOS, CA 940704130

FOR: POWER SAW BLADES CONTAINING DIA-MONDS, BITS FOR POWER DRILLS CONTAINING DIAMONDS, POWER GRINDING WHEELS CON-TAINING DIAMONDS AND POLISHING PADS CONTAINING DIAMONDS, ALL FOR USE IN THE MARBLE, GRANITE, CONCRETE, ASPHALT, ROOFING AND TILE INDUSTRY, IN CLASS 7 (U.S. CLS. 13, 19, 21, 23, 31, 34 AND 35).

FIRST USE 5-4-2004; IN COMMERCE 5-4-2004.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,497,482.

SN 78-516,408, FILED 11-12-2004.

GIANCARLO CASTRO, EXAMINING ATTORNEY

EXHIBIT E

Trademark Electronic Search System

 United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Sat Apr 19 04:15:06 EDT 2008*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout | Please logout when you are done to release system resources allocated for you.

Start | List At:          OR  Jump  to record:          **Record 5 out of 15**

TARR Status | ASSIGN Status | TDR | TTAB Status | ( *Use the "Back" button of the Internet Browser to return to TESS)*

# TERMINATOR ZOOM

| | |
|---|---|
| **Word Mark** | TERMINATOR ZOOM |
| **Goods and Services** | IC 007. US 013 019 021 023 031 034 035. G & S: Power-operated tools and accessories for use in the marble, granite, concrete, asphalt, roofing and tile industries, namely, power saw blades containing diamonds, bits for power drills containing diamonds, power grinding wheels containing diamonds, profile wheels containing diamonds, finger bits containing diamonds and polishing pads containing diamonds |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77241273 |
| **Filing Date** | July 27, 2007 |
| **Current Filing Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | January 15, 2008 |
| **Owner** | (APPLICANT) Continental D.I.A. Diamond Products, Inc. CORPORATION CALIFORNIA 653 Pilgrim Drive Foster City CALIFORNIA 94404 |
| **Attorney of Record** | Michael K. Bosworth |
| **Prior Registrations** | 2497482;3028708;3083811 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |

Trademark Electronic Search System (TESS)

**Live/Dead
Indicator**        LIVE

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST

FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

EXHIBIT F





**ONTINENTAL**

**DIAMOND PRODUCTS, INC.**    **D.I.A.**

*...Engineering Innovation*



**TERMINATOR®**
**DIAMOND PRODUCTS**

| HOME |
| WHAT'S NEW |
| PRODUCTS |
| WHERE TO BUY |
| CONTACT US |

**CUTTING – Bridge Saw Blades**

TERMINATOR SILENT CORE SANDWICH SEGMENT BRIDGE SAW BLADES



EXHIBIT G



# TERMINATOR®
DIAMOND PRODUCTS



**C**ONTINENTAL

**DIAMOND PRODUCTS, INC.**

**D.I.A.**

*...Engineering Innovation*

- HOME
- WHAT'S NEW
- PRODUCTS
- WHERE TO BUY
- CONTACT US

**CUTTING - Bridge Saw Blades**

TERMINATOR XTREME SILENT CORE BRIDGE SAW BLADES



EXHIBIT H





**TERMINATOR®**
DIAMOND PRODUCTS

HOME

WHAT'S NEW

PRODUCTS

WHERE TO BUY

CONTACT US

## CUTTING – Bridge Saw Blades

TERMINATOR ZOOM 25 MM SILENT CORE BRIDGE SAW BLADES



EXHIBIT I

## LICENSE AGREEMENT

This Agreement is entered into this  9  day of  APRIL , 2004 by and between CONTINENTAL D.I.A. DIAMOND PRODUCTS, INC., (hereinafter referred to as CONTINENTAL D.I.A.) having its principal place of business at 1300 Industrial Road, Suite #18, San Carlos, CA 94070-4130, U.S.A. and Dong Young Diamond Industrial Co., LTD., (hereinafter referred to as DONG YOUNG)  761-4 Dohwa-dong, Nam-gu, Incheon, KOREA, and all of its subsidiaries.

WHEREAS, CONTINENTAL D.I.A. markets its proprietary line of diamond-containing products (hereinafter referred to as Products), namely; core drills, saw blades, grinding cup wheels, resin polishing pads, profile tooling and other tools for working stone, marble, granite or concrete; some of these Products bear the registered trademark "TERMINATOR", trade names, and logographics and/or symbols (Licensed Marks) that have come to be associated with CONTINENTAL D.I.A.

WHEREAS, CONTINENTAL D.I.A. has developed certain proprietary information (Proprietary Information) relating to the design, modification, composition, specifications and method of manufacture and marking of the Products;

WHEREAS CONTINENTAL D.I.A. is willing to give DONG YOUNG DIAMOND a royalty-free license to use the Proprietary Information and the "TERMINATOR" trademark and other Licensed Marks as necessary for DONG YOUNG to produce Products for CONTINENTAL D.I.A.; and

WHEREAS, DONG YOUNG desires to make the Products that are identified on Dong Young's letterhead in Exhibit A (attached) by product item code and description (Licensed Products) specifically for CONTINENTAL D.I.A., according to the specifications set forth in the Proprietary Information;

NOW THEREFORE, the parties agree as follows:

I.    Grant of License

(1)    Subject to the terms and conditions of this Agreement, CONTINENTAL D.I.A. hereby grants to DONG YOUNG a royalty-free nonexclusive license to use the Proprietary Information to produce the Licensed Products for sale to CONTINENTAL D.I.A.

(2)    Subject to the terms and conditions of this Agreement, CONTINENTAL D.I.A. hereby grants to DONG YOUNG a royalty-free nonexclusive license to apply the "TERMINATOR" trademark and other Licensed Marks to the Licensed Products for sale to CONTINENTAL D.I.A.

(3)    DONG YOUNG agrees to sell the Licensed Products identified in Exhibit A only to CONTINENTAL D.I.A.

(4)    DONG YOUNG shall have no right to sublicense to others the use of the "TERMINATOR" trademark and other Licensed Marks or the Proprietary Information.

II.    Proprietary Information

(1)    CONTINENTAL D.I.A. shall make available to DONG YOUNG, from time to time, certain Proprietary Information relating to the design, modification, composition, specifications and method of manufacture and marking of the Licensed Products.  DONG YOUNG agrees to maintain such Proprietary Information

in confidence, and to use it only for manufacture of Products to be made for CONTINENTAL D.IA. and for no other purpose. DONG YOUNG understands and agrees that Proprietary Information received from or developed in conjunction with CONTINENTAL D.I.A. may not be divulged to third parties or used to manufacture products for third parties.

(2)    The obligations of this Section II do not apply to any information which (a) was in DONG YOUNG's possession prior to the first receipt of same from CONTINENTAL D.I.A. (b) now, or hereafter becomes through no act or failure to act on DONG YOUNG's part, generally known to the stone-working tool trade on a non-confidential basis, or (c) is disclosed to DONG YOUNG by others without restriction on further disclosure.

## III. Product Quality and Approvals

(1)    CONTINENTAL D.I.A. shall establish in advance the specifications and quality of the individual Licensed Products to be produced by DONG YOUNG. On each shipment of Licensed Products to CONTINENTAL D.I.A., CONTINENTAL D.I.A. reserves the right to inspect the quality of the Licensed Products, and to reject the shipment if the specifications are not met.

(2)    The "TERMINATOR" trademark and other Licensed Marks may be applied by DONG YOUNG only to Licensed Products that are manufactured in accordance with this Agreement and shipped to CONTINENTAL D.I.A.

(3)    For new, improved or modified Licensed Products, DONG YOUNG agrees to produce prototypes for CONTINENTAL D.I.A.'s testing, and to produce the new, improved or modified Licensed Products for CONTINENTAL D.I.A. only after final approval by Mr. Vincent Salemi, President of CONTINENTAL D.I.A. Mr. Vincent Salemi must approve any changes in the type, composition, specifications or quality of a Licensed Product before DONG YOUNG can manufacture Licensed Products incorporating that change.

## IV. Indemnity

(1)    DONG YOUNG hereby agrees to indemnify, defend, and hold CONTINENTAL D.I.A. harmless from any and all claims, liabilities, judgments, costs, and expenses, including court costs and attorney's fees, arising out of any action by DONG YOUNG under this Agreement.

(2)    In event that there is a determination in a court of competent jurisdiction of unauthorized sales of Licensed Products or unauthorized use of Proprietary Information or the TERMINATOR or other Licensed Marks by DONG YOUNG, Continental D.I.A. shall be entitled to an award of costs and attorneys' fees in addition to damages.

(3)    DONG YOUNG shall obtain and maintain product liability insurance providing protection for CONTINENTAL D.I.A. in amounts of coverage specified below, against any claims, liabilities, judgments, costs, and expenses, including court costs and attorney's fees, arising out of any alleged defects in Dong Young's products, or any use thereof. CONTINENTAL D.I.A. shall be named as an additional insured in said policy of insurance, which shall provide that it may not be canceled without at least thirty (30) days written notice to CONTINENTAL D.T.A., and CONTINENTAL D.I.A. shall be furnished with a certificate of such insurance. Dong Young agrees that such insurance policy or policies shall provide coverage of one million dollars ($1,000,000) for personal injuries arising out of each occurrence and three hundred thousand dollars ($300,000) for property damage arising out of each occurrence.

V.    Notices

A notice given by a party under this Agreement shall be deemed to be given ten calendar days after the postmark date, provided that such is mailed Certified or Registered mail, Return Receipt Requested, and the postage is prepaid First Class to the party at the address listed above, or to such other party or address as the party may have furnished in writing to the other for that purpose; otherwise notice shall be deemed given when received.

VI.   Term and Termination of Agreement

(1)    The term of this Agreement shall be for five (5) years from the date of the Agreement, and the Agreement shall be renewed automatically for an additional five year term provided that both parties continue to work together and all terms of this agreement are complied with, and unless either party gives the other at least ninety (90) day's prior written notice of any change in term duration or in termination.

(2)    This Agreement shall automatically terminate if DONG YOUNG becomes insolvent, makes an assignment for the benefit of any creditor, or becomes the subject of any bankruptcy or receivership proceedings.

(3)    This Agreement shall terminate if either party fails to remedy a default under this Agreement within 30 days after receiving written notice from the other party detailing the default, or both parties mutually agree to extend the term to remedy the default.

(4)    If the Agreement expires or is terminated, all rights granted to Dong Young herein shall cease. Dong Young understands and agrees to be bound not to divulge to third parties or manufacture products for third parties with Proprietary Information received from CONTINENTAL D.I.A.

(5)    No termination of this Agreement or the License shall relieve either party of its obligations with respect to protection of Proprietary Information as provided in Section II.

VII.  Integration

This Agreement constitutes the entire agreement between the parties, and no modifications or revisions hereof shall be in force or effect unless the same are in writing and executed by both parties hereto. This Agreement shall be construed in accordance with the laws of the State of California, U.S.A.

IN WITNESS WHEREOF, the parties executed this Agreement on the date mentioned above.

Licensee: DONG YOUNG INDUSTRIAL CO., LTD.

By: _____

Name: _Lee Dong Soo_____

Title: _PRESIDENT_____

Date: _APRIL. 9. 2004_____

Licensor: CONTINENTAL D.I.A.
DIAMOND PRODUCTS, INC.

By: _____

Name: _Vincent Salemi_____

Title: _President_____

Date: _April 9, 2004_____

JS 44   (Rev. 12/07) (cand rev 1-16-08)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| I. (a) PLAINTIFFS  E-filing | DEFENDANTS |
|---|---|
| Continental D.I.A. Diamond Products, Inc. | Dong Young Diamond Industrial Co., Ltd., et al. |

| (b) County of Residence of First Listed Plaintiff San Mateo<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
|---|---|
| (c) Attorney's (Firm Name, Address, and Telephone Number)<br><br>Jeffrey M. Ratinoff (SBN 197241)/Michael K. Bosworth (SBN 75887)<br>BUCHANAN INGERSOLL & ROONEY LLP<br>333 Twin Dolphin Drive, Suite 700<br>Redwood Shores, CA 94065; Tel: (866) 461-4586; Fax: (650) 622-2499 | Attorneys (If Known)<br><br>761-4 Dowha-Dong, Nam-GU, Incheon. KOREA 402-060 |

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury — Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☒ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities – Employment<br>☐ 446 Amer. w/Disabilities – Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| | | | | **FEDERAL TAX SUITS** | |
| | | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus – Alien Detainee<br>☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

### V. ORIGIN (Place an "X" in One Box Only)

| | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC § 1051 et seq.

Brief description of cause:
Trademark Infringement and Unfair Competition

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION    DEMAND $         CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23                                      JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)        ☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

| DATE<br>April 24, 2008 | SIGNATURE OF ATTORNEY OF RECORD<br><br>Jeffrey M. Ratinoff |
|---|---|

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Continental D.I.A. Diamond Products, Inc.

**E-filing**

### DEFENDANTS

Dong Young Diamond Industrial Co., Ltd., et al.

**(b)** County of Residence of First Listed Plaintiff  San Mateo
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Jeffrey M. Ratinoff (SBN 197241)/Michael K. Bosworth (SBN 75887)
BUCHANAN INGERSOLL & ROONEY LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA  94065; Tel: (866) 461-4586; Fax: (650) 622-2499

Attorneys (If Known)

761-4 Dowha-Dong, Nam-GU, Incheon. KOREA 402-060

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [X] 3  Federal Question (U.S. Government Not a Party)
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [X] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [X] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury— | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [X] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | **LABOR** | [ ] 861 HIA (1395ff) | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | [ ] 710 Fair Labor Standards | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | Act | [ ] 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. | or Defendant) | [ ] 895 Freedom of Information |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | Security Act | [ ] 871 IRS—Third Party | Act |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | 26 USC 7609 | [ ] 900Appeal of Fee |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | **IMMIGRATION** | | Determination |
| | Employment | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | Under Equal Access |
| | [ ] 446 Amer. w/Disabilities - | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – | | to Justice |
| | Other | | Alien Detainee | | [ ] 950 Constitutionality of |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration | | State Statutes |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from another district (specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC § 1051 et seq.

Brief description of cause:
Trademark Infringement and Unfair Competition

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    [X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE
April 24, 2008

SIGNATURE OF ATTORNEY OF RECORD

Jeffrey M. Ratinoff