Marc M. Gorelnik  (Calif. Bar No. 166833)
Email:  mmgorelnik@townsend.com
**TOWNSEND and TOWNSEND and CREW LLP**
Two Embarcadero Center, 8th Floor
San Francisco, CA  94111-3834
Telephone: 415-576-0200
Facsimile: 415-576-0300

Alfred C. Frawley, Esq. (*pro hac vice*)  (Maine Bar No. 2547)
Email:  afrawley@preti.com
William D. Hagedorn, Esq.  (Calif. Bar No. 199322)
Email:  whagedorn@preti.com
**PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP**
One City Center, P.O. Box 9546
Portland, Maine   04112-9546
Telephone: (207) 791-3000
Facsimile: (207) 791-3111

Attorneys for Defendants/Counterclaim Plaintiffs
DONG YOUNG DIAMOND INDUSTRIAL CO., LTD,
AND DONGSOO LEE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTINENTAL D.I.A. DIAMOND PRODUCTS, INC., a California corporation,<br><br>       Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>DONG YOUNG DIAMOND INDUSTRIAL CO., LTD, a South Korean company, DONGSOO LEE, an individual, and DOES 1-10, inclusive,<br><br>       Defendant/Counterclaim Plaintiff. | Case No. 08-cv-2136-SI<br><br> <br><br>**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DONG YOUNG DIAMOND INDUSTRIAL CO., LTD. AND DONGSOO LEE**<br><br>**JURY TRIAL DEMANDED** |

Pursuant to Federal Rules of Civil Procedure 7, 8, 12, and 13, Defendant/Counterclaim Plaintiffs Dong Young Diamond Industrial Co., Ltd and Dongsoo Lee (collectively "Dong Young") submit this answer, affirmative defenses, and counterclaims in response to the

1    Complaint dated April 24, 2008 (the "Complaint") of Plaintiff/Counterclaim Defendant

2    Continental D.I.A. Diamond Products, Inc. ("Continental").

3                                    **ANSWER**

4         Pursuant to Federal Rules of Civil Procedure 7, 8, and 12, Dong Young answers the

5    Complaint of Continental as follows:

6                                  **THE PARTIES**

7         1.    Dong Young is without knowledge or information sufficient to form a belief as to

8    the truth of the allegations in paragraph 1 of the Complaint, and therefore denies the same.

9         2.    Dong Young admits that it is a South Korean corporation having its principal

10   place of business in Incheon, South Korea and that it is a global provider of diamond containing

11   bits and blades for power tools for the stone, marble, granite and concrete-working trade.  Dong

12   Young denies all other allegations contained in paragraph 2 of the Complaint.

13        3.    Dong Young admits that Mr. DongSoo Lee is a citizen of South Korea and is the

14   president and owner of Dong Young.  Dong Young denies all other allegations contained in

15   paragraph 3 of the Complaint.

16        4.    Dong Young is without knowledge or information sufficient to form a belief as to

17   the truth of the allegations in paragraph 4 of the Complaint, and therefore denies the same.

18        5.    Dong Young denies the allegations contained in paragraph 5 of the Complaint.

19                          **JURISDICTION AND VENUE**

20        6.    Dong Young denies the allegations in paragraph 6 of the Complaint, which call

21   for a legal conclusion.

22        7.    Dong Young denies the allegations contained in paragraph 7 of the Complaint.

23        8.    Dong Young denies the allegations contained in paragraph 8 of the Complaint.

24        9.    Dong Young denies the allegations contained in paragraph 9 of the Complaint.

25        10.(a)  Dong Young admits the allegations contained in paragraph 10.(a) of the

26   Complaint.

27        10.(b)  Dong Young denies the allegations contained in paragraph 10.(b) of the

28   Complaint.

1    10.(c)  Dong Young denies the allegations contained in paragraph 10.(c) of the

2   Complaint.

3    10.(d)  Dong Young admits the allegations contained in paragraph 10.(d) of the

4   Complaint.

5    11.    Dong Young denies the allegations contained in paragraph 11 of the Complaint.

6                          **<u>GENERAL ALLEGATIONS</u>**

7    12.    Dong Young is without knowledge or information sufficient to form a belief as to

8   the truth of the allegations in paragraph 12 of the Complaint, and therefore denies the same.

9   Dong Young further denies the allegations to the extent they call for a legal conclusion.

10    13.    Dong Young is without knowledge or information sufficient to form a belief as to

11   the truth of the allegations in paragraph 13 of the Complaint, and therefore denies the same.

12   Dong Young further denies the allegations to the extent they call for a legal conclusion.

13    14.    Dong Young is without knowledge or information sufficient to form a belief as to

14   the truth of the allegations in paragraph 14 of the Complaint, and therefore denies the same.

15   Dong Young further denies the allegations to the extent they call for a legal conclusion.

16    15.    Dong Young is without knowledge or information sufficient to form a belief as to

17   the truth of the allegations in paragraph 15 of the Complaint, and therefore denies the same.

18    16.    Dong Young is without knowledge or information sufficient to form a belief as to

19   the truth of the allegations in paragraph 16 of the Complaint, and therefore denies the same.

20   Dong Young further denies the allegations to the extent they call for a legal conclusion.

21    17.    Dong Young is without knowledge or information sufficient to form a belief as to

22   the truth of the allegations in paragraph 17 of the Complaint, and therefore denies the same.

23   Dong Young further denies the allegations to the extent they call for a legal conclusion.

24    18.    Dong Young is without knowledge or information sufficient to form a belief as to

25   the truth of the allegations in paragraph 18 of the Complaint, and therefore denies the same.

26   Dong Young further denies the allegations to the extent they call for a legal conclusion.

27

28

19.     Dong Young is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and therefore denies the same. Dong Young further denies the allegations to the extent they call for a legal conclusion.

20.     Dong Young is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and therefore denies the same. Dong Young further denies the allegations to the extent they call for a legal conclusion.

21.     Dong Young is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and therefore denies the same. Dong Young further denies the allegations to the extent they call for a legal conclusion.

22.     Dong Young is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and therefore denies the same. Dong Young further denies the allegations to the extent they call for a legal conclusion.

23.     Dong Young is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and therefore denies the same.

24.     Dong Young admits that on April 9, 2004, Continental and Dong Young entered into a manufacturing and license agreement (the "License Agreement") to manufacture certain diamond-containing stone-cutting products for Plaintiff and to apply certain Continental and Terminator Marks to such products.  Dong Young denies all other allegations in paragraph 24 to the extent they call for a legal conclusion.

25.     Dong Young denies the allegations in paragraph 25 to the extent they call for a legal conclusion.

26.     Dong Young admits that the License Agreement contains the language quoted in paragraph 26 of the Complaint.  Dong Young otherwise denies the allegations in paragraph 26 of the Complaint.

27.     Dong Young admits that the License Agreement contains the language quoted in paragraph 27 of the Complaint.  Dong Young otherwise denies the allegations in paragraph 27 of the Complaint.

28.    Dong Young admits that it manufactured diamond-containing stone-cutting products for Continental and shipped such products bearing the Continental and Terminator Marks to Continental.  Dong Young otherwise denies the allegations set forth in paragraph 28 of the Complaint.

29.    Dong Young denies the allegations in paragraph 29 of the Complaint.

30.    Dong Young denies the allegations in paragraph 30 of the Complaint.

31.    Dong Young denies the allegations in paragraph 31 of the Complaint.

32.    Dong Young denies the allegations in paragraph 32 of the Complaint.

33.    Dong Young denies the allegations in paragraph 33 of the Complaint.

34.    Dong Young denies the allegations in paragraph 34 of the Complaint.

35.    Dong Young admits that on or about September 28, 2007, Lee and Vincent Salemi met in Continental's offices in San Carlos, California.  Dong Young otherwise denies the allegations in paragraph 35 of the Complaint.

36.    Dong Young admits that in or about November 2007, Lee and Vincent Salemi met again in Continental's offices in San Carlos, California.  Dong Young otherwise denies the allegations in paragraph 36 of the Complaint.

37.    Dong Young denies the allegations in paragraph 37 of the Complaint.

38.    Dong Young denies the allegations in paragraph 38 of the Complaint.

39.    Dong Young denies the allegations in paragraph 39 of the Complaint.

40.    Dong Young denies the allegations in paragraph 40 of the Complaint.

41.    Dong Young denies the allegations in paragraph 41 of the Complaint.

42.    Dong Young denies the allegations in paragraph 42 of the Complaint.

43.    Dong Young denies the allegations in paragraph 43 of the Complaint.

44.    Dong Young denies the allegations in paragraph 44 of the Complaint.

45.    Dong Young denies the allegations in paragraph 45 of the Complaint.

## COUNT I

46.    Dong Young denies the allegations in paragraph 46 of the Complaint.

47.    Dong Young denies the allegations in paragraph 47 of the Complaint.

48.    Dong Young denies the allegations in paragraph 48 of the Complaint.

49.    Dong Young denies the allegations in paragraph 49 of the Complaint.

50.    Dong Young denies the allegations in paragraph 50 of the Complaint.

51.    Dong Young denies the allegations in paragraph 51 of the Complaint.

52.    Dong Young denies the allegations in paragraph 52 of the Complaint.

53.    Dong Young denies the allegations in paragraph 53 of the Complaint.

54.    Dong Young denies the allegations in paragraph 54 of the Complaint.

55.    Dong Young denies the allegations in paragraph 55 of the Complaint.

56.    Dong Young denies the allegations in paragraph 56 of the Complaint.

57.    Dong Young denies the allegations in paragraph 57 of the Complaint.

## COUNT II

58.    Dong Young denies the allegations in paragraph 58 of the Complaint.

59.    Dong Young denies the allegations in paragraph 59 of the Complaint.

60.    Dong Young denies the allegations in paragraph 60 of the Complaint.

61.    Dong Young denies the allegations in paragraph 61 of the Complaint.

62.    Dong Young denies the allegations in paragraph 62 of the Complaint.

63.    Dong Young denies the allegations in paragraph 63 of the Complaint.

64.    Dong Young denies the allegations in paragraph 64 of the Complaint.

65.    Dong Young denies the allegations in paragraph 65 of the Complaint.

66.    Dong Young denies the allegations in paragraph 66 of the Complaint.

67.    Dong Young denies the allegations in paragraph 67 of the Complaint.

68.    Dong Young denies the allegations in paragraph 68 of the Complaint.

69.    Dong Young denies the allegations in paragraph 69 of the Complaint.

70.    Dong Young denies the allegations in paragraph 70 of the Complaint.

## COUNT III

71.    Dong Young denies the allegations in paragraph 71 of the Complaint.

72.    Dong Young denies the allegations in paragraph 72 of the Complaint.

73.    Dong Young denies the allegations in paragraph 73 of the Complaint.

1    74.    Dong Young denies the allegations in paragraph 74 of the Complaint.

2    75.    Dong Young denies the allegations in paragraph 75 of the Complaint.

3    76.    Dong Young denies the allegations in paragraph 76 of the Complaint.

4    77.    Dong Young denies the allegations in paragraph 77 of the Complaint.

5    78.    Dong Young denies the allegations in paragraph 78 of the Complaint.

6    79.    Dong Young denies the allegations in paragraph 79 of the Complaint.

7    **COUNT IV**

8    80.    Dong Young denies the allegations in paragraph 80 of the Complaint.

9    81.    Dong Young denies the allegations in paragraph 81 of the Complaint.

10    82.    Dong Young denies the allegations in paragraph 82 of the Complaint.

11    83.    Dong Young denies the allegations in paragraph 83 of the Complaint.

12    84.    Dong Young denies the allegations in paragraph 84 of the Complaint.

13    85.    Dong Young denies the allegations in paragraph 85 of the Complaint.

14    86.    Dong Young denies the allegations in paragraph 86 of the Complaint.

15    87.    Dong Young denies the allegations in paragraph 87 of the Complaint.

16    **COUNT V**

17    88.    Dong Young denies the allegations in paragraph 88 of the Complaint.

18    89.    Dong Young denies the allegations in paragraph 89 of the Complaint.

19    90.    Dong Young denies the allegations in paragraph 90 of the Complaint.

20    91.    Dong Young denies the allegations in paragraph 91 of the Complaint.

21    92.    Dong Young denies the allegations in paragraph 92 of the Complaint.

22    93.    Dong Young denies the allegations in paragraph 93 of the Complaint.

23    94.    Dong Young denies the allegations in paragraph 94 of the Complaint.

24    95.    Dong Young denies the allegations in paragraph 95 of the Complaint.

25    **COUNT VI**

26    96.    Dong Young denies the allegations in paragraph 96 of the Complaint.

27    97.    Dong Young denies the allegations in paragraph 97 of the Complaint.

28    98.    Dong Young denies the allegations in paragraph 98 of the Complaint.

99.    Dong Young denies the allegations in paragraph 99 of the Complaint.

100.    Dong Young denies the allegations in paragraph 100 of the Complaint.

101.    Dong Young denies the allegations in paragraph 101 of the Complaint.

## COUNT VII

102.    Dong Young denies the allegations in paragraph 102 of the Complaint.

103.    Dong Young denies the allegations in paragraph 103 of the Complaint.

104.    Dong Young denies the allegations in paragraph 104 of the Complaint.

105.    Dong Young denies the allegations in paragraph 105 of the Complaint.

106.    Dong Young denies the allegations in paragraph 106 of the Complaint.

107.    Dong Young denies the allegations in paragraph 107 of the Complaint.

WHEREFORE, Dong Young respectfully requests that the Honorable Court enter a judgment in favor of Dong Young and against Continental, and award Dong Young its costs, reasonable attorney fees, and such other and further relief as the Court may find appropriate.

## AFFIRMATIVE DEFENSES

1.    Continental's claims are barred for failure to state a claim upon which relief may be granted.

2.    Continental's claims are barred by the doctrine of estoppel.

3.    Continental's claims are barred, in whole or in part, by the applicable statute or statutes of limitations.

4.    Continental's claims are barred on the ground of failure of consideration.

5.    Continental's claims are barred by the equitable doctrine of waiver.

6.    Continental's claims are barred by the doctrine of unclean hands.

7.    Continental's claims are barred because any alleged damages the Plaintiff claims in this action are solely the result of its conduct and actions.

8.    Continental's claims are barred by the statute of frauds.

9.    Continental's claims are barred by its failure to mitigate its alleged damages.

10.    Continental's claims are barred due to the voluntary consent of Continental.

11.    Continental's claims are barred because Continental's alleged injury, if any, is the result, in whole or in part, of its own actions.

12.    Continental's claims are barred by the doctrine of *in pari delicto*.

13.    Continental's claims are barred as against public policy.

14.    Continental's claims are barred by Continental's own breach of contract.

15.    Continental's claims are barred on the ground of fraud.

16.    Continental's claims are barred on the ground of preemption.

17.    Continental's claims are barred by the California and U.S. Constitutions, including the First Amendment.

18.    Continental's claims are barred because there is no threat of future harm sufficient to justify injunctive, declaratory, or other relief.

19.    The License Agreement must be strictly construed against the Plaintiff because the Plaintiff drafted the document.  To the extent there is any question or ambiguity as to enforceability or validity of any provision of the agreement, it must be construed against Plaintiff under the circumstances.

20.    Continental's claims for injunctive relief are barred because of the availability of an adequate remedy at law.

21.    Continental's claims are barred by the doctrine of good faith and fair dealing.

22.    Continental's claims are barred because Dong Young's alleged acts or practices were not unlawful, fraudulent, or unfair.

23.    Defendant is entitled to set off certain sums against the alleged damages claimed by Plaintiff.

24.    Continental's unfair competition claim is preempted by the California Uniform Trade Secrets Act and/or other law.

25.    Defendants reserve the right upon completion of their investigation and discovery to file any additional affirmative defenses, counterclaim, cross-claims and/or third-party complaints that may be appropriate.

WHEREFORE, Dong Young respectfully requests that the Honorable Court enter a


1    judgment in favor of Dong Young and against Continental, and award Dong Young its costs,

2    reasonable attorney fees, and such other and further relief as the Court may find appropriate.

3    ///

4    ///

5    ///

1

## COUNTERCLAIMS

2      Pursuant to Federal Rule of Civil Procedure 13, Counterclaim Plaintiff Dong Young

3   Diamond Industrial Co., Ltd and Dongsoo Lee (collectively "Dong Young") counterclaims

4   against Counterclaim Defendant Continental D.I.A. Diamond Products, Inc. ("Continental")as

5   follows:

6

## THE PARTIES

7      1.      Defendant/Counterclaim Plaintiff Dong Young Diamond Industrial Co., Ltd.

8   ("Dong Young") is a South Korean company manufacturing professional diamond-containing

9   tools such as core drills, saws, grinding wheels and polishing wheels used to process stone

10  including marble and concrete.

11     2.      Upon information and belief, Plaintiff/Counterclaim Defendant Continental

12  D.I.A. Diamond Products Inc. ("Continental"), which is run by Vincent Salemi, is a California

13  corporation which purchased the products manufactured by Dong Young Diamond and then sold

14  them under its trademark of "TERMINATOR" in the US market ("Continental").

15

## GENERAL ALLEGATIONS

16

### Continental's Failure to Pay to Dong Young the Amounts Due

17     3.      Since around 1997, Dong Young has supplied cutting tools to Continental.  Until

18  2007, Continental paid all invoices in accordance with the parties' agreement that each invoice

19  be paid in full within 60 days after the respective delivery date.

20     4.      In accordance with orders placed by Continental, from July through September,

21  2007 Dong Young supplied to Continental certain products of which the total value amounted to

22  $393,515.80.  These products included: (i) core drill bits valued at $20,261.50 on July 7, 2007;

23  (ii) core drill bits valued at $36,201 on July 13, 2007; (iii) core drill bits valued at $34,678.50 on

24  July 21, 2007; (iv) blades valued at $44,213.30 on July 27, 2007; (v) blades valued $84,563 on

25  August 10, 2007; core drill bits valued at $47,110.50 on August 31, 2007; and finger bits valued

26  at $126,488 on September 15, 2007 (the "Products").

27     5.      Despite the parties' prior agreement as to the timing of payment, Continental did

28  not pay Dong Young for the Products within 60 days of delivery.   Further, despite repeated

---

1    requests for payment by Dong Young, Continental to this date has failed to pay the amounts due
2    for the Products, and instead has ceased all business transactions with Dong Young.

3    **Continental's Interference with Dong Young's Business Relations**
4    **and Economic Advantage**

5    6.    Upon information and belief, Dong Young learned that while also running its
6    business selling diamond tools in the United States market, Continental established GM
7    Diamond at 651-1 Munhyoung-ri, Opo-up, Gwangju-si, Gyounggi-do, Korea ("GM Diamond").

8    7.    Unlike Dong Young, whose primary products are cutting tools, GM Diamond
9    initially manufactured mostly grinding and polishing tools.  Upon information and belief,
10   however, GM Diamond established a branch office at 2nd Floor, 246-46 Gojan-dong, Namdong-
11   gu, Incheon, Korea on and about October 17, 2007.  After establishing this branch office, GM
12   Diamond started manufacturing cutting tools that are substantially similar to those manufactured
13   by Dong Young.  Upon information and belief, the principal office of GM Diamond was
14   transferred to the location of the branch office and the two offices were integrated on April 1,
15   2008.

16   8.    Upon information and belief, at or around the time that GM Diamond established
17   its branch office in October of 2007, GM Diamond hired several of Dong Young's key
18   employees in Korea, including Young-Se Yoon, Nam-Hoon Song, Dong-Hyun Baek, and Tae-
19   Jin Park.  Upon information and belief, Continental and GM Diamond induced these key
20   employees of Dong Young to work for GM Diamond in an effort to establish a Korean business
21   that was directly competitive with Dong Young.  Continental then ceased business relations with
22   Dong Young after having been supplied the Products by Dong Young (for which Continental has
23   failed to pay).

24   **FIRST CAUSE OF ACTION**

25   **(Breach of Contract)**

26   9.    Dong Young repleads and incorporates herein by this reference the allegations set
27   forth in each of the above paragraphs of this Counterclaim as though fully set forth herein.

28   10.    Dong Young entered into a contract with Continental.

11. Dong Young performed under the contract.

12. Continental breached the contract.

13. As a direct and proximate result of Continental's breaches of contract, Dong Young has suffered damage.

14. Continental is liable to Dong Young for all amounts due under the Contract and all damages resulting from Continental's breaches of contract, including, without limitation, compensatory and consequential damages.

## SECOND CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

15. Dong Young repleads and incorporates herein by this reference the allegations set forth in each of the above paragraphs of this Counterclaim as though fully set forth herein.

16. In addition to the covenants, conditions, and obligations imposed by the express terms of the License Agreement between Dong Young and Continental, there is an implied covenant in the Contract that Continental would refrain from doing any act that would have the effect of impairing or destroying Dong Young's right to receive the benefits of the Contract.

17. Dong Young did all, or substantially all, of the significant things that the Contract required it to do.

18. All conditions required for Continental's performance have occurred.

19. Continental unfairly interfered with Dong Young's right to receive the benefits of the Contract.

20. Dong Young was harmed by Continental's conduct.

21. Continental breached the implied covenant of good faith and fair dealing.

22. Continental's breach of the implied covenant of good faith and fair dealing has caused actual damage to Dong Young in an amount in excess of $393,515.80. The full extent and amount of Dong Young's damages will be established at the time of trial.

23. Continental is liable to Dong Young for all damages resulting from Continental's breach of implied covenant of good faith and fair dealing.

08-cv-2136-SI

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF**
**DONG YOUNG DIAMOND INDUSTRIAL CO., LTD. AND DONGSOO LEE**                    **Page 13**

1

## THIRD CAUSE OF ACTION

2

### (Fraud [California Civil Code § 1572, *et seq.*] and Punitive Damages)

3      24.     Dong Young repleads and incorporates herein by this reference the allegations set

4     forth in each of the above paragraphs of this Counterclaim as though fully set forth herein.

5      25.     At times relevant hereto, Continental knowingly made false and misleading

6     statements of material fact, concealed material facts, and/or made promises without the intent to

7     perform the promises.

8      26.     Continental intended for Dong Young to act on Continental's misrepresentations.

9      27.     Dong Young actually relied on Continental's misrepresentations.

10      28.     Dong Young's reliance was justifiable.

11      29.     Continental's conduct was a substantial factor in causing damage to Dong Young.

12      30.     As a result of Continental's knowing and false representations, and Dong

13     Young's justifiable reliance thereon, Dong Young has suffered damages, for which it is entitled

14     to full recovery, including, without limitation, loss of revenue, plus other compensatory and

15     consequential damages.  The full amount and extent of Dong Young's damages will be proven at

16     trial.

17      31.     Continental has committed actual fraud in violation of California Civil Code §

18     1572, *et seq.*, and/or other applicable statutory and common law.

19      32.     Continental is liable to Dong Young for all damages resulting from Continental's

20     fraud.

21      33.     Continental is guilty of oppression, fraud, and/or malice, and Continental's

22     intentional misrepresentations, deceit, and concealment of material facts were done with a willful

23     and knowing disregard of the rights and interests of Dong Young, and with the intent to deprive

24     Dong Young of property or otherwise to intentionally injure Dong Young, so as to justify an

25     award of exemplary and punitive damages pursuant to California Civil Code § 3294 and/or other

26     applicable law.

27

28

## FOURTH CAUSE OF ACTION

### (Quantum Meruit/Quasi-Contract)

34.    Dong Young repleads and incorporates herein by this reference the allegations set forth in each of the above paragraphs of this Counterclaim as though fully set forth herein.

35.    Dong Young rendered certain services for Continental at the request of Continental.

36.    Continental knew about and consented to the services that Dong Young rendered.

37.    Dong Young expected to receive payment for the services rendered.

38.    Under the circumstances, it was reasonable for Dong Young to expect payment for the services rendered.

39.    Continental has failed and/or refused to render payment to Dong Young for the services rendered.

40.    Dong Young is entitled to recover the reasonable value of the services rendered and/or other relief from Continental under the doctrine of quantum meruit and/or quasi-contract.

### FIFTH CAUSE OF ACTION

### (Promissory Estoppel)

41.    Dong Young repleads and incorporates herein by this reference the allegations set forth in each of the above paragraphs of this Counterclaim as though fully set forth herein.

42.    Continental made clear and unambiguous promises that it should reasonably have realized would cause Dong Young to act and/or to forbear to its detriment, including, without limitation, promises to provide prompt payment to Dong Young for services rendered and products supplied.

43.    Continental's promises actually induced Dong Young to act and to forbear to its detriment.

44.    Dong Young's reliance on Continental's promises was both reasonable and foreseeable.

45.    Dong Young suffered injury as a result of said reliance.

46.    Continental's breach of its promises to Dong Young directly and proximately

1    caused injury to Dong Young.

2        47.    Injustice can be avoided only by enforcement of Continental's promises.

3        48.    Dong Young is entitled to recover the fair value of its services and/or other relief

4    from Continental under the doctrine of promissory estoppel.

5                          **SIXTH CAUSE OF ACTION**

6                        **(Unjust Enrichment and Constructive Trust)**

7        49.    Dong Young repleads and incorporates herein by this reference the allegations set

8    forth in each of the above paragraphs of this Counterclaim as though fully set forth herein.

9        50.    Dong Young conferred benefits on Continental.

10       51.    Continental had an appreciation and/or knowledge of the benefits that Dong

11   Young provided.

12       52.    Continental has inequitably retained the benefits without payment to Dong

13   Young.

14       53.    Dong Young is entitled to recover the amount of the benefits that Continenal

15   realized and retained and/or other relief from Continental under the doctrine of unjust

16   enrichment.

17                        **SEVENTH CAUSE OF ACTION**

18   **(Intentional Interference with Prospective Economic Advantage and Punitive Damages)**

19       54.    Dong Young repleads and incorporates herein by this reference the allegations set

20   forth in each of the above paragraphs of this Counterclaim as though fully set forth herein.

21       55.    Dong Young had certain economic relationships with a probability of future

22   economic benefits.

23       56.    Continental knew about Dong Young's economic relationships.

24       57.    Continental engaged in conduct that was substantially certain to interfere with

25   Dong Young's relationships.

26       58.    Continental's conduct was independently unlawful.

27       59.    Continental disrupted Dong Young's relationships.

28       60.    Dong Young suffered actual injury as a direct and proximate result of

1  Continental's intentional interference with Dong Young's prospective economic advantage.

2      61.     Continental is liable to Dong Young for intentionally interfering with Dong

3  Young's prospective economic advantage, and Dong Young is entitled to full recovery from

4  Continental with respect thereto.

5      62.     Continental is guilty of oppression, fraud, and/or malice, and an award to Dong

6  Young of exemplary and punitive damages is justified pursuant to California Civil Code § 3294

7  and/or other applicable law.

8                            **EIGHTH CAUSE OF ACTION**

9                  **(Negligent Interference with Economic Advantage)**

10     63.     Dong Young repleads and incorporates herein by this reference the allegations set

11  forth in each of the above paragraphs of this Counterclaim as though fully set forth herein.

12     64.     Dong Young had economic relationships with a probability of future economic

13  benefits.

14     65.     Continental knew about Dong Young's economic relationships.

15     66.     Continental knew or should have known that a failure to act with due care would

16  disrupt Dong Young's relationships.

17     67.     Continental's conduct was independently wrongful.

18     68.     Continental disrupted Dong Young's relationships.

19     69.     Dong Young suffered actual injury as a direct and proximate result of

20  Continental's negligent interference with Dong Young's prospective economic advantage.

21     70.     Continental is liable to Dong Young for negligently interfering with Dong

22  Young's prospective economic advantage, and Dong Young is entitled to full recovery from

23  Continental with respect thereto.

24                            **NINTH CAUSE OF ACTION**

25                                  **(Accounting)**

26     71.     Dong Young repleads and incorporates herein by this reference the allegations set

27  forth in each of the above paragraphs of this Counterclaim as though fully set forth herein.

28     72.     At times relevant hereto, there has been a relationship between Continental and

Dong Young and/or other circumstances that require an accounting in equity of all goods received by Continental and all amounts due to Dong Young.

73.    An unknown balance is due from Continental to Dong Young that cannot be ascertained without an accounting, the means of which are within the knowledge of Continental.

74.    Dong Young is entitled to a full and complete accounting from Continental.

## TENTH CAUSE OF ACTION

### (Commercial Defamation)

75.    Dong Young repleads and incorporates herein by this reference the allegations set forth in each of the above paragraphs of this Counterclaim as though fully set forth herein.

76.    Upon information and belief, Continental communicated derogatory and false statements concerning Dong Young's reputation to certain third parties.

77.    Upon information and belief, the third parties understood the communication to be both derogatory and about Dong Young.

78.    Continental cannot claim privilege.

79.    Dong Young suffered harm as a direct and proximate cause of Continental's commercial defamation.

80.    Continental is liable to Dong Young for commercial defamation, and Dong Young is entitled to full recovery with respect thereto.

## ELEVENTH CAUSE OF ACTION

### (Trade Libel)

81.    Dong Young repleads and incorporates herein by this reference the allegations set forth in each of the above paragraphs of this Counterclaim as though fully set forth herein.

82.    Upon information and belief, Continental published and communicated to certain third parties statements that disparaged Dong Young's services.

83.    Upon information and belief, Continental's statements were reasonably understood to be statements of fact of and concerning Dong Young's services.

84.    Continental's statements were false.

85.    Continental published the statements with malice.

86.     Continental's statements were not otherwise privileged.

87.     The publication of Continental's statements directly and proximately caused Dong Young to suffer financial loss.

88.     Continental is liable to Dong Young for trade libel, and Dong Young is entitled to full recovery with respect thereto.

## TWELFTH CAUSE OF ACTION

### (Unfair Competition [California Business & Professions Code § 17200, *et seq.*])

89.     Dong Young repleads and incorporates herein by this reference the allegations set forth in each of the above paragraphs of this Counterclaim as though fully set forth herein.

90.     At times relevant hereto, Continental engaged in business acts or practices that were unlawful, fraudulent, and/or unfair, in violation of California Business and Professions Code § 17200, *et seq.*, and/or other applicable statutory or common law.

91.     Continental is liable to Dong Young for unfair competition, and Dong Young is entitled to full recovery with respect thereto, including, without limitation, the following remedies: (A) restitution of money lost through unfair competition; (B) injunctive relief; (C) additional preventative relief; and/or (D) declaratory relief.

## THIRTEENTH CAUSE OF ACTION

### (Conversion/Trover)

92.     Dong Young repleads and incorporates herein by this reference the allegations set forth in each of the above paragraphs of this Counterclaim as though fully set forth herein.

93.     Dong Young has ownership rights in, and/or rights to possession of, certain tangible or intangible property, including, without limitation, payments due to Dong Young from Continental.

94.     Continental has converted Dong Young's property by wrongful acts and/or wrongful disposition of Dong Young's property rights.

95.     As a direct and proximate cause of Continental's conversion, Dong Young has suffered damages for which it is entitled to full recovery from Continental.

96.     Continental is liable to Dong Young for conversion.

1

## FOURTEENTH CAUSE OF ACTION

2

### (Constructive Fraud [California Civil Code § 1573, *et seq.*])

3    97.    Dong Young repleads and incorporates herein by this reference the allegations set

4   forth in each of the above paragraphs of this Counterclaim as though fully set forth herein.

5    98.    Continental has committed breaches of duty by means of which, without actual or

6   fraudulent intent, Continental gained advantage by misleading Dong Young to its prejudice.

7    99.    In addition or in the alternative, Continental has committed acts and/or omissions

8   that the law specially declares to be fraudulent, without respect to actual fraud.

9    100.    Continental has committed constructive fraud in violation of California Civil

10   Code § 1573, *et seq.*, and/or other applicable statutory or common law.

11    101.    Continental is liable to Dong Young for all damages and other available relief as a

12   result of Continental's constructive fraud.

13

## RELIEF REQUESTED

14    WHEREFORE, Dong Young respectfully requests that the Court to award it relief

15   including, without limitation, the following:

16    A.    All actual, consequential, and incidental damages resulting from Continental's

17   breach of contract;

18    B.    All compensatory, incidental, and consequential damages proximately caused by

19   Continental's tortious conduct;

20    C.    Costs and attorney fees, including, without limitation, an award of costs and

21   attorney fees pursuant to California Civil Code §§ 1021 and 1021.5, and/or other applicable legal

22   authority;

23    D.    Preliminary and permanent injunctive relief;

24    E.    Statutory damages and penalties;

25    F.    An award of exemplary and punitive damages for Continental's tortious conduct

26   involving oppression, fraud, and/or actual or implied malice pursuant to California Civil Code

27   § 3294 and/or other applicable law; and

28

08-cv-2136-SI

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF
DONG YOUNG DIAMOND INDUSTRIAL CO., LTD. AND DONGSOO LEE**                    **Page 20**

1

        G.      An award of such other relief as the Court deems just and proper.

2

3

DATED:   June 26, 2008

                   By:   /s/

4

5

              Marc M. Gorelnik, Esq.
              TOWNSEND and TOWNSEND and CREW LLP

6

              Alfred C. Frawley, Esq. (*pro hac vice*)

7

              William D. Hagedorn, Esq.
              PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP

8

              Attorneys for Defendants/Counterclaim Plaintiffs

9

              DONG YOUNG DIAMOND INDUSTRIAL CO., LTD,
              AND DONGSOO LEE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## JURY TRIAL DEMAND

2      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants and

3  Counterclaim Plaintiffs DONG YOUNG DIAMOND INDUSTRIAL CO., LTD, AND

4  DONGSOO LEE demand a trial by jury on all issues triable of right by a jury.

5

6  DATED:   June 26, 2008

                                           By:   /s/

7

8
                                 Marc M. Gorelnik, Esq.
                                 TOWNSEND and TOWNSEND and CREW LLP

9
                                 Alfred C. Frawley, Esq. (*pro hac vice*)
10
                                 William D. Hagedorn, Esq.
                                 PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP

11
                                 Attorneys for Defendants/Counterclaim Plaintiffs
12
                                 DONG YOUNG DIAMOND INDUSTRIAL CO., LTD,
                                 AND DONGSOO LEE

13

14

15

16

17

18

19  61411931 v1

20

21

22

23

24

25

26

27

28