1

JEFFREY M. RATINOFF (SBN 197241)
Email: jratinoff@mintz.com

2

KARINEH KHACHATOURIAN (SBN 202634)
Email: kkhachatourian@mintz.com

3

MINTZ LEVIN COHN FERRIS GLOVSKY
AND POPEO P.C.

4

1400 Page Mill Road

5

Palo Alto, CA  94304-1124
Telephone: (650) 251-7700

6

Facsimile:  (650) 251-7739

7

Attorneys for Plaintiff,

8

CONTINENTAL D.I.A. DIAMOND PRODUCTS, INC.

9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| CONTINENTAL D.I.A. DIAMOND PRODUCTS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DONG YOUNG DIAMOND INDUSTRIAL CO., LTD., a South Korean company, DONGSOO LEE, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV 08-2136 SI<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIMS OF DONG YOUNG DIAMOND INDUSTRIAL CO., LTD. AND DONGSOO LEE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        August 29, 2008<br>Time:        9:00 a.m.<br>Place:       Courtroom 10<br>Judge:       Honorable Susan Illston<br><br>Complaint Filed:     April 24, 2008<br>Trial Date:          None Set |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE THAT, on August 29, 2008 at 9:00 a.m., or as soon thereafter as

3    the matter may be heard in Courtroom 10 of the above entitled court, located at 450 Golden Gate

4    Avenue, 17th Floor, San Francisco, California, Plaintiff and Counter-Defendant CONTINENTAL

5    D.I.A. DIAMOND PRODUCTS, INC. ("Continental"), will move for an order pursuant to Federal

6    Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"),  and applicable case law dismissing Defendants

7    and Counterclaimants DONG YOUNG DIAMOND INDUSTRIAL CO., LTD. ("Dong Young") and

8    DONGSOO LEE ("Lee") (collectively "Defendants") Second through Fourteenth Causes of Action

9    in its Counterclaim asserted against Continental with prejudice.

10    This motion is made on the grounds that: (1) Defendants' Second through Fourteenth Causes

11    of Action fail to adequately state a claim and comply with the pleading requirements of Federal Rule

12    of Civil Procedure 8 ("Rule 8") and applicable case law; (2) Defendants' Third and Fourteenth

13    Causes of Action fails to meet Federal Rule of Civil Procedure 9(b)'s ("Rule 9(b)") heightened

14    pleading standards; and (3) Defendants' Eleventh Cause of Action fails to meet Rule 9(g)'s

15    heightened pleading standards for asserting claims that seek special damages.

16    This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and

17    Authorities below, Defendants' Counterclaim filed in this action (Docket No. 18), along with the

18    papers, records, and pleadings on file herein and on such other and further matters as may be

19    presented at the hearing on this motion.

20

21    Dated: July 23, 2008            Respectfully submitted,

22                                    MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

23

24                                    */s/ Jeffrey M. Ratinoff*
                                      _____
25                                    By:  JEFFREY M. RATINOFF

26                                    Attorneys for Plaintiff,
                                      Continental D.I.A. Diamond Products, Inc.
27

28

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   STATEMENT OF ISSUES TO BE DECIDED ................................................... 1

III.  FACTUAL AND PROCEDURAL BACKGROUND........................................... 2

IV.   LEGAL DISCUSSION...................................................................................... 4

    A.    Applicable Legal Standards. ................................................................... 4

    B.    The Court Should Dismiss Defendants' Second Cause Of Action For Breach Of The Covenant of Good Faith and Fair Dealing Because It Is Duplicative Of Their First Cause of Action For Breach Of Contract. ............................ 5

    C.    Defendants' Third Cause Of Action For Fraud Fails To Meet Rule 9(b)'s Heightened Pleading Requirements. .......................................................... 6

    D.    Defendants' Fourth Cause of Action for Quantum Meruit Is Improper Due To Their Election To Sue On The Theory Of Breach Of Contract. ............ 7

    E.    Defendants' Fifth Cause Of Action For Promissory Estoppel Fails To Meet Rule 8's Pleading Requirements. ............................................................... 7

    F.    Defendants Cannot Maintain A Separate Cause of Action For Constructive Trust/Unjust Enrichment As Alleged In Their Sixth Cause of Action. ....... 8

    G.    Defendants' Seventh Cause Of Action Fails To Sufficiently Plead A Claim For Intentional Interference With Prospective Economic Advantage. ....... 10

        1.    There Is No Conduct Alleged In The Counterclaim That Establishes Jurisdiction Or Standing In The United States For Continental's Alleged Intentional Interference with Defendants' Business In South Korea. ............................................................................................... 10

        2.    Defendants Fail To State An IIPEA Claim On The Facts Alleged ............... 10

            a.    Defendants Cannot Maintain An IIPEA Claim For Continental Allegedly Establishing A Separate Competing Entity And Subsequently Ceasing Business Relations with Dong Young. ................................................................................. 11

            b.    GM Diamond's Purported Hiring Several Of Dong Young's "Key" Employees Cannot Support An IIPEA Claim. ........................ 12

    H.    Defendants' Eighth Cause Of Action for Negligent Interference With Prospective Economic Advantage Fails To State A Claim. ....................... 14

    I.    Defendants Fail To Adequately Plead A Claim For Accounting In Their Ninth Cause Of Action............................................................................. 15

J.   Defendants' Tenth Cause Of Action For "Business Defamation" Fails To Adequately Plead A Claim For Libel Or Slander Under California Law.................. 16

K.   Defendants' Eleventh Cause Of Action Fails To State A Claim For Trade Libel. ......................................................................................... 17

L.   Defendants' Twelfth Cause Of Action For Unfair Trade Practices Fails As A Matter Of Law Because It Wholly Depends On The Foregoing Claims That Are Subject To Dismissal. ......................................................... 18

M.   Defendants' Thirteenth Cause Of Action For Conversion/Trover Fails As A Matter Of Law Because It Is Based On A Mere Breach of Contract. ........................ 19

N.   Defendants' Fourteenth Cause Of Action For Constructive Fraud Fails To Meet Rule 9(b)'s Stringent Pleading Standards.......................................... 19

V.   CONCLUSION……………………………………………...………………….………………....20

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*AccuImage Diagnostics Corp. v. Terarecon, Inc.,*
260 F.Supp.2d 941 (N.D.Cal. 2003) ................................................................ passim

*Arikat v. JP Morgan Chase & Co.,*
430 F.Supp.2d 1013 (N.D.Cal. 2006) ..........................................................6

*Azadpour v. Sun Microsystems, Inc.,*
2007 WL 2141079 (N.D.Cal. July 23, 2007)..............................................20

*In re Bailey,*
197 F.3d 997 (9th Cir. 1999) ......................................................................19

*Barrier Specialty Roofing & Coatings, Inc. v. ICI Paints North America, Inc.,*
2008 WL 1994947 (E.D.Cal. May 06, 2008) ..............................................15

*Bell Atlantic Corp. v. Twombly,*
__ U.S.__, 127 S. Ct. 1955, 167 L.Ed. 929 (2007)............................... passim

*Bradley v. Google, Inc.,*
2006 WL 3798134 (N.D.Cal. Dec 22, 2006)..............................................11

*Churchill Village, L.L.C. v. General Elec. Co.,*
169 F.Supp.2d 1119 (N.D.Cal. 2000) ........................................................18

*City of Oakland v. Comcast Corp.,*
2007 WL 518868 (N.D.Cal. Feb. 14, 2007) ...............................................9

*City Solutions, Inc. v. Clear Channel Comms., Inc.,*
365 F.3d 835 (9th Cir. 2004) ......................................................................6

*De La Cruz v. Tormey,*
582 F.2d 45 (9th Cir. 1978) ........................................................................4

*Desaigoudar v. Meyercord,*
223 F.3d 1020 (9th Cir. 2000) ....................................................................4

*Eldorado Stone, LLC v. Renaissance Stone, Inc.,*
2005 WL 5517731 (S.D.Cal. Aug. 10, 2005) .............................................17

*First Advantage Background Services Corp. v. Private Eyes, Inc.,*
2008 WL 618921 (N.D.Cal. March 5, 2008)...............................................17

*Flores v. Emerich & Fike,*
2008 WL 2489900 (E.D.Cal. Jun 18, 2008) ...............................................8

*General American Life Ins. Co. v. Rana,*
769 F.Supp. 1121 (N.D.Cal. 1991) .............................................................19

*Honolulu Joint Apprenticeship and Training Committee of United Ass'n Local Union No. 675 v. Foster,*

- iii -

332 F.3d 1234 (9th Cir.2003) .................................................................................................9

*Hsu v. OZ Optics Ltd.*,
211 F.R.D. 615 (N.D.Cal. 2002) ...............................................................................12, 14

*Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*,
12 F.Supp.2d 1035 (C.D.Cal.1998) .........................................................................17

*Jones v. ThyssenKrupp Elevator Corp.*,
2006 WL 680553 (N.D. Cal. Mar. 14, 2006) ...........................................................16

*Lamke v. Sunstate Equip. Co., LLC.*,
387 F.Supp.2d 1044 (N.D.Cal.2004) ........................................................................5

*McCoy v. Scantlin*,
2004 WL 5502111 (C.D.Cal. Jun 01, 2004) .............................................................8

*Moore v. Kayport Package Express, Inc.*,
885 F.2d 531 (9th Cir. 1989) ....................................................................................4

*NL Industries, Inc. v. Kaplan*,
792 F.2d 896 (9th Cir.1986) .....................................................................................4

*New York v. Fremont General Corp.*,
523 F.3d 902 (9th Cir. 2008) ...................................................................................19

*Optinrealbig.com, LLC v. Ironport Sys., Inc.*,
323 F.Supp.2d 1037 (N.D.Cal. 2004) ......................................................................17

*Pardi v. Kaiser Found. Hosps.*,
389 F.3d 840 (9th Cir. 2004) ...................................................................................11

*Patriot Scientific Corp. v. Korodi*,
504 F.Supp.2d 952 (S.D.Cal. 2007) ..........................................................................8

*Semegen v. Weidner*,
780 F.2d 727 (9th Cir. 1985) .................................................................................4, 6

*Sousanis v. Northwest Airlines, Inc.*,
2000 WL 34015861 (N.D.Cal. Mar. 3, 2000) .........................................................10

*Standfacts Credit Services, Inc. v. Experian Information Solutions, Inc.*,
405 F.Supp.2d 1141 (C.D.Cal. 2005) ......................................................................18

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) ....................................................................................5

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) ...........................................................................4, 5, 6

*Western Mining Counsel v. Watt*,
643 F.2d 618 (9th Cir. 191) .......................................................................................4

# STATE CASES

*Alder v. Drudis*,
   30 Cal.2d 372 (1947) ...........................................................................................................7

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*,
   7 Cal.4th 503 (1994) ........................................................................................................19

*B.C. Richter Contracting Co. v. Continental Casualty Co.*,
   230 Cal.App.2d 491 (1964) ..............................................................................................7

*Bionghi v. Metropolitan Water Dist. of So. Calif.*,
   70 Cal.App.4th 1358 (1999) .............................................................................................5

*Blank v. Kirwan*,
   39 Cal.3d 311 (1985) ......................................................................................................11

*Careau & Co. v. Security Pacific Business Credit, Inc.*,
   222 Cal.App.3d 1371 (1990) ............................................................................................5

*Communist Party v. 522 Valencia, Inc.*,
   35 Cal.App.4th 980 (1995) ...............................................................................................9

*ComputerXpress, Inc. v. Jackson*,
   93 Cal.App.4th 993 (2001) .............................................................................................17

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.*,
   11 Cal.4th 376 (1995) ............................................................................................. passim

*Farmers Ins. Exch. v. Zerin*,
   53 Cal.App. 4th 445 (1997) ............................................................................................19

*Gemini Aluminum Corp. v. California Custom Shapes, Inc.*,
   95 Cal.App.4th 1249 (2002) ...........................................................................................11

*Hedging Concepts, Inc. v. First Alliance Mortgage Co.*,
   41 Cal.App.4th 1410 (1996) .............................................................................................7

*House v. Piercy*,
   181 Cal. 247 (1919) ..........................................................................................................7

*J'Aire Corp. v. Gregory*,
   24 Cal.3d 799 (1979) ................................................................................................14, 15

*JRS Products, Inc. v. Matsushita Elec. Corp. of America*,
   115 Cal.App.4th 168 (2004) ...........................................................................................12

*Kahn v. Bower*,
   232 Cal.App.3d 1599 (1991) ..........................................................................................16

*Kasparian v. County of Los Angeles*,
   38 Cal.App.4th 242 (1995) .............................................................................................11

*Khoury v. Maly's of California, Inc.*,
   14 Cal.App.4th 612 (1993) ........................................................................................12, 18

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal.4th 1134 (2003) ...............................................................10, 11, 18

*Lange v. TIG Ins. Co.*,
  68 Cal.App.4th 1179 (1998) ...............................................................14, 15

*In re Marriage of Buford*,
  155 Cal.App.3d 74 (1984) ...............................................................9

*In re Marriage of Fabian*,
  41 Cal.3d 147 (1986) ...............................................................9

*McBride v. Boughton*,
  123 Cal.App.4th 379 (2004) ...............................................................7

*McKell v. Washington Mut., Inc.*,
  142 Cal.App.4th 1457 (2006) ...............................................................9

*Melaleuca, Inc. v. Clark*,
  66 Cal.App.4th 1344 (1998) ...............................................................17

*Nat'l Med. Transp. Network v. Deloitte & Touche*,
  62 Cal.App.4th 412 (1998) ...............................................................15

*Oliver v. Campbell*,
  43 Cal.2d 298 (1954) ...............................................................7

*Pacific Gas & Electric Co. v. Bear Stearns & Co.*,
  50 Cal. 3d 1118 (1990) ...............................................................10

*Perdue v. Crocker National Bank*,
  38 Cal.3d 913 (1985) ...............................................................18

*Reeves v. Hanlon*,
  33 Cal.4th 1140 (2004) ...............................................................13

*Settimo Assocs. v. Environ Systems, Inc.*,
  14 Cal. App. 4th 842 (1993) ...............................................................12

*Smith v. City and County of San Francisco*,
  225 Cal.App.3d 38 (1990) ...............................................................8

*Smith v. Maldonado*,
  72 Cal.App.4th 637 (1999) ...............................................................16

*Sole Energy Co. v. Petrominerals Corp.*,
  128 Cal.App.4th 212 (2005) ...............................................................13

*St. James Church of Christ Holiness v. Superior Court*,
  135 Cal.App.2d 352 (1955) ...............................................................16

*Stansfield v. Starkey*,
  220 Cal.App.3d 59 (1990) ...............................................................8

*Stevenson Real State Servs., Inc. v. CB Richard Ellis Real Estate*,
    138 Cal.App.4th 1215 (2006) ..........................................................................18

*Toscano v. Greene Music*,
    124 Cal.App.4th 685 (2004) ..............................................................................8

*Vogel v. Felice*,
    127 Cal.App.4th 1006 (2005) ...........................................................................16

*Younan v. Equifax Inc.*,
    111 Cal.App.3d 498 (1980) ..............................................................................20

*Youst v. Longo*,
    43 Cal.3d 64 (1987) ..........................................................................................13

## FEDERAL RULES

Federal Rule of Civil Procedure 8 ................................................................... passim

Federal Rules of Civil Procedure 9 .................................................................. passim

## STATE STATUTES

Cal. Bus. & Prof. Code § 17200 .......................................................................3, 18

Cal. Civ. Code §§ 45-46 ........................................................................................16

Cal. Civil Code § 1573............................................................................................19

## SECONDARY AUTHORITY

5 Witkin, Cal. Proc. 4th (2007 supp.) Plead, § 776, p. 29 .....................................15

PL.'S NTC OF MTN AND MTN TO DISMISS DEFS.' COUNTERCLAIMS; MPA ISO;   CASE NO.: CV 08-2136 SI

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Continental filed suit against Dong Young and Lee for passing off Continental's products as their own, in clear breach of the parties' manufacturing and licensing agreement and in violation of the provisions of the Lanham Act and California's Unfair Competition Laws.  Defendants failed to timely answer the Complaint and the Clerk entered default against them.  Shortly thereafter, Defendants sought and obtained a stipulation relieving them from default and for additional time to respond to the Complaint.

Unbeknownst to Continental, Defendants would use this extra time to draft and file a frivolous Counterclaim asserting a laundry list of fourteen causes of action against Continental, including breach of contract, intentional and negligent interference with prospective economic advantage, fraud, defamation, trade libel, constructive trust, conversion and unfair competition. Defendants' Counterclaim offers only eight paragraphs of factual support of these claims and then simply pleads the bare legal elements for each and every one of its fourteen causes of action.  The only decipherable cause of action in the Counterclaim is a potential claim for breach of contract for the sale of goods.  However, none of the other thirteen causes of action meet the pleading requirements of Rule 8 as articulated by the Supreme Court of the United States in *Bell Atlantic Corp. v. Twombly*, __ U.S.__, 127 S. Ct. 1955, 1964-65, 167 L.Ed. 929 (2007).  With respect to their fraud and trade libel claims, none are alleged with the level of specificity required by Rule 9.

Granting Defendants leave to amend with respect to many, if not all, of their counterclaims would be futile as they are either redundant or simply not cognizable causes of action under California law.  Given these glaring defects and the apparent lack of any factual basis to assert such claims, the Court should grant Continental's motion to dismiss in its entirety with prejudice where appropriate.  If the Court is inclined to provide Defendants leave to amend on any causes of action, however, it should be with specific instructions that Defendants not only comply with the pleading standards under Rules 8 and 9, but also with the requirements of Rule 11.

### II.     STATEMENT OF ISSUES TO BE DECIDED

1.     Whether Defendants' Second through Fourteenth Causes of Action adequately state a

- 1 -

1    claim and comply with the pleading requirements of Rule 8 and applicable case law;

2         2.    Whether Defendants' Third and Fourteenth Causes of Action meet Rule 9(b)'s

3    heightened pleading standards for fraud claims; and

4         3.    Whether Defendants' Eleventh Cause of Action fails to meet Rule 9(g)'s heightened

5    pleading standards for special damages.

6              III.    FACTUAL AND PROCEDURAL BACKGROUND

7         Dong Young is a South Korean company manufacturing professional diamond-containing

8    tools such as core drills, saws, grinding wheels and polishing wheels used to process stone, marble

9    and concrete.  Docket No. 18 ("Counterclaim").  *Id.* at ¶ 1.  Lee is a citizen of South Korean and is

10   the owner and president of Dong Young.[1]  Continental is a California Corporation that purchased

11   and resold various bits and cutting blades manufactured by Dong Young under Continental's

12   "TERMINATOR" trademark in the U.S. Market.  *Id.* at ¶ 3.

13        On April 28, 2008, Continental filed a complaint against Dong Young and Lee for the breach

14   of a manufacturing and licensing agreement, trademark infringement, false advertising and false

15   designation of origin under the Lanham Act, as well as unfair competition under California law ("the

16   Complaint").  *See generally* Docket No. 1.

17        Defendants failed to timely answer the Complaint and the Clerk entered default against them.

18   Docket Nos. 12-13.  Shortly thereafter, Defendants sought and obtained a stipulation from

19   Continental relieving them from default and for additional time to answer the Complaint.  Docket

20   No. 14.  On June 26, 2008, Defendants filed their Answer, Affirmative Defenses, and Counterclaims

21   against Continental.  Docket No. 18.

22        The Counterclaim alleges that starting in 1997, Continental began purchasing various

23   products, including drill bits and cutting blades, manufactured by Dong Young.  Counterclaim, ¶ 3.

24   In accordance to the parties' agreement, Continental was required to pay in full for the products

25   within 60 days of delivery.  *Id.*  For the next ten years, until about September of 2007, Continental

26   paid such invoices within 60 days of delivery.  *Id.* at ¶¶ 3-4.  Sometime thereafter, Continental

27

28   [1] There are no such facts alleged in the Counterclaim concerning DongSoo Lee.  However,
     Defendants admit these facts in their answer to the Complaint.  *See* Answer at ¶ 3.

1    allegedly failed to pay for approximately $393,515.80 worth of bits and cutting blades delivered by

2    Dong Young between July and September 2007. *Id*. at ¶¶ 4-5. Further, Continental allegedly

3    refused to pay for the amounts due and owing. *Id*. at ¶ 5

4        In addition, Defendants allege that Continental established a separate company, GM

5    Diamond, in South Korea. *Id*. at ¶ 6. GM Diamond initially manufactured grinding and polishing

6    wheels and therefore did not compete with Dong Young. *Id*. at ¶ 7. However, in October 2007, GM

7    Diamond allegedly established a branch office that started manufacturing products, such as cutting

8    tools, that were similar to those manufactured by Dong Young. *Id.* After establishing that branch

9    office, GM Diamond purportedly hired several of Dong Young's "key" employees. *Id.* On

10   information and belief, Defendants allege that GM Diamond and Continental induced these

11   employees to work for GM Diamond in an effort to directly compete with Dong Young. *Id*. at ¶ 8.

12   After GM Diamond hired these employees, Continental purported to ceased all business relations

13   with Dong Young. *Id.*

14       Based on these limited facts, Dong Young asserts the following causes of action against

15   Continental: (1) Breach of Contract; (2) Breach of the Implied Covenant of Good Faith and Fair

16   Dealing; (3) Fraud; (4) Quantum Meruit/Quasi Contract; (5) Promissory Estoppel; (6) Unjust

17   Enrichment and Constructive Trust; (7) Intentional Interference with Prospective Economic

18   Advantage; (8) Negligent Interference with Economic Advantage; (9) Accounting; (10) Commercial

19   Defamation; (11) Trade Libel; (12) Unfair Competition under Cal. Bus. & Prof. Code § 17200 et

20   seq.; (13) Conversion/Trover; and (14) Constructive Fraud.[2] Since Defendants fail to allege any

21   additional facts and merely recite the legal elements for each of these causes of action, as discussed

22   below, all but the counterclaim for breach of contract fail as a matter of law.

23   / / /

24   / / /

25

26   [2] Although it appears from the facts alleged that only Dong Young may have standing to assert the causes of action in the Counterclaim, none of the causes of action specify which of the Defendants

27   have such standing or were otherwise harmed. Thus, should any of their causes of action survive the legal challenges identified below, Defendants should be required to provide a more definitive

28   statement as to which Defendants have standing. For the purposes of this Motion, however, Continental will presume that both Defendants are asserting them.

IV.    LEGAL DISCUSSION

**A.    Applicable Legal Standards.**

Rule 12(b)(6) provides that a party may move to dismiss an action for failure to state a claim upon which relief can be granted. On a motion to dismiss, the allegations of the complaint must be accepted as true. *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986). However, the court need not accept as true the conclusory allegations, legal characterizations, unreasonable inferences or unwarranted deductions of fact alleged in the operative complaint. *Western Mining Counsel v. Watt*, 643 F.2d 618, 624 (9th Cir. 191). Dismissal under Rule 12(b)(6) is appropriate where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).

In addition, Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") requires that a complaint or counterclaim contain "a short and plain statement of the claim showing that the pleader is entitled to relief…." F.R.Civ.P. (8)(a)(2). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65. Thus, dismissal is also appropriate when the complaint does not – at a minimum – "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* at 1964.

Finally, granting a motion to dismiss a claim for fraud or mistake is proper where the allegations underlying that claim fail to meet Rule 9(b)'s heightened pleading requirements. In all averments of fraud, the circumstances constituting fraud must be stated "with particularity." Fed. R. Civ. P. 9(b); *see also Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-1023 (9th Cir. 2000) (fraud claims must be pled "with a high degree of meticulousness"). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud… so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985); *accord Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Allegations that are vague and conclusory are insufficient to satisfy the particularity required by Rule 9(b). *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). The Ninth Circuit mandates that allegations of fraud

1   specifically include "an account of the time, place, and the specific content of the false

2   representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG*

3   *LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *accord Vess*, 317 F.3d at 1106 ("[a]verments of fraud must

4   be accompanied by 'the who, what, when, where, and how' of the misconduct charged.") (citation

5   omitted). The "plaintiff must set forth more than the neutral facts necessary to identify the

6   transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is

7   false." *Vess*, 317 F.3d at 1106.

8   **B.     The Court Should Dismiss Defendants' Second Cause Of Action For Breach Of The
           Covenant Of Good Faith And Fair Dealing Because It Is Duplicative Of Their First**

9          **Cause Of Action For Breach Of Contract.**

10          In conjunction with their First Cause of Action for Breach of Contract, Defendants allege a

11  separate cause of action for the alleged breach of the covenant of good faith and fair dealing.

12  Counterclaim, ¶¶ 3-5, 9-23. However, the later claim is duplicative of the breach of contract claim

13  and therefore subject to dismissal.

14          Under California law, where the allegations in support of a claim for breach of the covenant

15  of good faith and fair dealing "do not go beyond the statement of a mere contract breach and, relying

16  on the same alleged acts, simply seek the same damages or other relief already claimed in a

17  companion contract cause of action, they may be disregarded as superfluous as no additional claim is

18  actually stated." *Careau & Co. v. Security Pacific Business Credit, Inc.,* 222 Cal.App.3d 1371, 1395

19  (1990); *see also Bionghi v. Metropolitan Water Dist. of So. Calif.,* 70 Cal.App.4th 1358, 1370

20  (1999); *Lamke v. Sunstate Equip. Co., LLC.,* 387 F.Supp.2d 1044, 1047 (N.D.Cal.2004). Here,

21  Defendants' claim breach of the covenant of good faith and fair dealing can only be viewed as

22  duplicative of their claim for breach of contract. Both causes of action rely upon the same facts.

23  *Compare* Counterclaim at ¶¶ 3-5, 9-14 *and* 3-5, 15-23. Dong Young's claim for damages and the

24  relief sought with respect to the first and second causes of action are also identical. *Compare id.* at

25  ¶¶ 4, 9, 13 *and* ¶¶ 4, 15, 22. The claim and supporting allegations also do not seek anything beyond

26  ordinary contract damages. *Id.* Consequently, this Court should dismiss Defendants' claim for

27  breach of the implied covenant as duplicative of their breach of contract claim. *Lamke*, 387

28  F.Supp.2d at 1047 (N.D.Cal.2004) (dismissing a breach of covenant of good faith and fair dealing

- 5 -

1  under Rule 12(f) as duplicative of a similarly pled claim for breach of contract).

2  **C.    Defendants' Third Cause Of Action For Fraud Fails To Meet Rule 9(b)'s Heightened**
3        **Pleading Requirements.**

4        Defendants' third cause of action for fraud is also subject to dismissal.  To establish claim of

5  fraud under California law, a plaintiff must specifically plead the following elements: (1) a fraud or

6  misrepresentation, i.e., false representation, concealment, or nondisclosure; (2) knowledge of falsity

7  or scienter; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting

8  damage.  *Arikat v. JP Morgan Chase & Co.*, 430 F.Supp.2d 1013, (N.D.Cal. 2006).  Under

9  California law, a complete causal relationship between the alleged fraud and damages is required.

10 *City Solutions, Inc. v. Clear Channel Comms., Inc.*, 365 F.3d 835, 840 (9th Cir. 2004).

11       Defendants' allegations in support of this claim are woefully deficient as they merely consist

12 of a formulaic recitation of the elements for a generic fraud claim.  *See Twombly*, 127 S.Ct. at 1964.

13 In particular, Defendants fail to identify critical facts such as the specific misrepresentation and how

14 it was allegedly false.  *See* Counterclaim, ¶¶ 1-8, 24-32.  Defendants also fail to allege specific facts

15 establishing their justifiable reliance on the unidentified fraudulent statement and any damages

16 suffered as a direct and proximate result of such reliance.  *See id.*

17       Further, Defendants' fraud claim does not meet the requirements of Rule 9(b) because it fails

18 to provide Continental with enough specific information to defend against the fraud charged.  *See*

19 *Vess*, 317 F.3d at 1105; *accord Semegen*, 780 F.2d at 731.  Here, Defendants fail to identify the type

20 of fraud (i.e. misrepresentation of fact, promissory fraud, etc.) that Continental committed and fail to

21 assert *any* facts to support *any* such theory.  *See* Counterclaim, ¶¶ 1-8, 24-32.  Since Defendants do

22 not specifically identify the misrepresentation, it can hardly be said that they have met Rule 9(b)'s

23 requirement of pleading with particularity what is false or misleading about a statement, and why it

24 is false.  *See Vess*, 317 F.3d at 1106.  Defendants also fail to allege the who, what, when, where, and

25 how of the misconduct charged as required by the Ninth Circuit.  *See id.*  The glaring lack of any

26 factual support in light of a well established heightened pleading requirement of Rule 9(b) suggests

27 that Defendants' fraud claim is frivolous and was asserted merely to harass Continental.

28 Accordingly, the Court should dismiss their fraud claim with prejudice.

1    **D.    Defendants' Fourth Cause of Action for Quantum Meruit Is Improper Due To Their**
2    **Election To Sue On The Theory Of Breach Of Contract.**

3    Defendants' Fourth Cause of Action seeks to recover on the theory of quantum meruit/quasi-

4    contract.[3]  It is well established in California that an action in quantum meruit is generally limited to

5    cases in which the breach occurs after ***partial*** performance and the party seeking recovery does not

6    thereafter complete performance.  *Oliver v. Campbell*, 43 Cal.2d 298, 306 (1954) (if a plaintiff has

7    fully performed a contract, damages for breach is often the only available remedy).  Generally,

8    "[w]here [a party's] performance is not prevented, the injured party may elect instead to affirm the

9    contract and complete performance.  If such is his election, his exclusive remedy is an action for

10   damages."  *B.C. Richter Contracting Co. v. Continental Cas. Co.*, 230 Cal.App.2d 491, 500 (1964)

11   (citing *House v. Piercy*, 181 Cal. 247, 251 (1919));  *accord Alder v. Drudis*, 30 Cal.2d 372, 383-84

12   (1947) (damages for breach of contract and restitution are alternative remedies and an election to

13   pursue one is a bar to invoking the other); *see also Hedging Concepts, Inc. v. First Alliance*

14   *Mortgage Co.*, 41 Cal.App.4th 1410, 1419 (1996) (quantum meruit recovery rests upon equitable

15   theory that a contract to pay for services rendered should be implied by law for reasons of justice).

16   Since Defendants have elected to sue on the theory of breach of contract for an alleged

17   failure to pay for goods delivered, they cannot seek to recover on a theory of quasi-contract.  *See id.*

18   In addition, there are no allegations of Defendants' part-performance.  To the contrary, it appears

19   that Defendants have completed delivery of the goods for which they allege payment is due.  Thus,

20   there is no basis for such an election in the first place.  *See Oliver*, 43 Cal.2d at 306.  Accordingly,

21   the Court should dismiss Defendants' claim for quantum meruit with prejudice.

22   **E.    Defendants' Fifth Cause Of Action For Promissory Estoppel Fails To Meet Rule 8's**
23   **Pleading Requirements.**

24   Defendants attempt to assert a claim for promissory estoppel in their Fifth Cause of Action.

25   The elements of promissory estoppel are: (1) a clear promise, (2) reliance, (3) substantial detriment,

26   ---
[3] California courts use the terms "quantum meruit" and "quasi-contract" interchangeably as they both
27   constitute the equitable remedy of restitution.  *McBride v. Boughton*, 123 Cal.App.4th 379, 388 fn 6
(2004). ("'Quasi-contract'" is simply another way of describing the basis for the equitable remedy of
28   restitution when an unjust enrichment has occurred.  Often called quantum meruit, it applies
'[w]here one obtains a benefit which he may not justly retain ....'") (internal citation omitted).

1    and (4) damages "measured by the extent of the obligation assumed and not performed." *Toscano v.*

2    *Greene Music*, 124 Cal.App.4th 685, 692 (2004).  In their Counterclaim, Defendants do not plead

3    more than these bare legal elements thereby depriving Continental of fair notice regarding the

4    grounds upon which the claim rests.

5    "The party claiming estoppel ***must specifically plead all facts*** relied on to establish its

6    elements." *Smith v. City and County of San Francisco*, 225 Cal.App.3d 38, 48 (1990) (dismissing

7    claim for promissory estoppel because plaintiffs merely asserted a conclusory allegation that they

8    reasonably and justifiably relied on defendant's promises and plead no facts demonstrating such

9    reliance) (emphasis added).  That party must also plead the "essential element" of detrimental

10   reliance.  *Id.*  However, where the plaintiff alleges that its performance was requested at the time

11   defendant made its promise and that performance was bargained for, promissory estoppel doctrine is

12   inapplicable.  *Patriot Scientific Corp. v. Korodi*, 504 F.Supp.2d 952, 967-68 (S.D.Cal. 2007) .

13   Here, Defendants fail to allege facts that show that either of them changed their position in

14   any way based on a ***clear*** promise and instead rely upon the conclusory allegation that they

15   reasonably and justifiably relied on Continental's alleged "promises."  Counterclaim, ¶¶ 41-48.  Due

16   to the lack of specificity, this claim is subject to dismissal.  Since the Counterclaim does allege that

17   there was a bargained for agreement and consideration given, amendment would be futile and the

18   dismissal of this claim should be with prejudice.  *See* Counterclaim, ¶¶ 3-6, 41-48.

19
**F.    Defendants Cannot Maintain A Separate Cause of Action For Constructive**
20   **Trust/Unjust Enrichment As Alleged In Their Sixth Cause of Action.**

21   Defendants' Sixth Cause of Action for Constructive Trust/Unjust Enrichment fails as a

22   matter of law.  Constructive trust is a remedy, not a cause of action.  *Stansfield v. Starkey*, 220

23   Cal.App.3d 59, 76 (1990); *accord McCoy v. Scantlin*, 2004 WL 5502111, *4 (C.D.Cal. Jun 01,

24   2004); *Flores v. Emerich & Fike,* 2008 WL 2489900, *39 (E.D.Cal. Jun 18, 2008).  Thus, to the

25   extent Defendants seek to maintain an independent cause of action for a constructive trust, no such

26   affirmative claim against Continental is available to them.  *Id.*

27   To the extent that Defendants seek to assert constructive trust as an equitable remedy, they

28   must still adequately plead it.  In that regard, a constructive trust, "may only be imposed where the

- 8 -

following three conditions are satisfied: (1) the existence of a res (property or some interest in property); (2) the *right* of a complaining party to that res; and (3) some *wrongful* acquisition or detention of the res by another party who is not entitled to it." *Communist Party v. 522 Valencia, Inc.*, 35 Cal.App.4th 980, 990 (1995) (italics in original).  Absent from the Counterclaim are allegations specifically identifying the property belonging to Defendants that Continental allegedly possesses.  *In re Marriage of Buford*, 155 Cal.App.3d 74, 79 (1984) (plaintiff must plead specifically identifiable trust property), *disapproved on other grounds in In re Marriage of Fabian* 41 Cal.3d 147, 451 (1986); *accord Flores,* 2008 WL 2489900, *40 (constructive trust requires money or property identified as belonging in good conscience to the plaintiff that can clearly be traced to particular funds or property in the defendant's possession).

Likewise, there are insufficient allegations of wrongdoing that would justify the imposition of a constructive trust.  As discussed above, the preceding allegations of fraud and/or other wrongful acts fail as a matter of law.  *See 522 Valencia*, 35 Cal.App.4th at 990 ("constructive trust *cannot exist* unless there is evidence that property has been wrongfully acquired or detained by a person not entitled to its possession") (emphasis in original).  Assuming arguendo that Defendants sufficiently alleged a breach of contract claim, the fact that they are seeking general monetary damages for the sale of goods is insufficient to invoke a constructive trust.  *See Honolulu Joint Apprenticeship and Training Committee of United Ass'n Local Union No. 675 v. Foster*, 332 F.3d 1234, 1237-38 (9th Cir.2003) (a constructive trust is unavailable "where the plaintiff seeks to impose general personal liability as a remedy for the defendant's monetary obligations"); *accord Flores,* 2008 WL 2489900, *40.  Thus, Defendants cannot seek to impose a constructive trust as a remedy against Continental.

Finally, to the extent this cause of action seeks recovery for unjust enrichment, there is also no such cause of action under California law.  *McKell v. Washington Mut., Inc.,* 142 Cal.App.4th 1457, 1490 (2006); *accord City of Oakland v. Comcast Corp.*, 2007 WL 518868, *4 (N.D.Cal. Feb. 14, 2007).  "Rather, unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust."  *Id.*  However, as discussed above, Defendants cannot recover on a theory of quasi-contract and fail to allege grounds justifying the remedy of a constructive trust.  Accordingly, Defendants' attempt to style their Sixth Cause of Action as a claim for or remedy of

1    unjust enrichment must also fail as a matter of law.

2    **G.    Defendants' Seventh Cause Of Action Fails To Sufficiently Plead A Claim For**
     **Intentional Interference With Prospective Economic Advantage.**

3

4            **1.    There Is No Conduct Alleged In The Counterclaim That Establishes**
                     **Jurisdiction Or Standing In The United States For Continental's Alleged**
                     **Intentional Interference with Defendants' Business In South Korea.**

5

6            Defendants' Seventh Cause of Action sounds in intentional interference with prospective

7    economic advantage ("IIPEA").  However, Defendants fail to allege facts sufficient to establish that

8    *Continental* interfered with any economic relationships within this Court's jurisdiction or that

9    violates California law.  None of the acts of alleged interference occurred in California, let alone the

10   United States.  *See* Counterclaim, ¶¶ 6-8.  Instead, Defendants allege that a separate company,

11   located in South Korea, hired Dong Young's South Korean employees.  By their own allegations, it

12   appears that GM Diamond existed as a separate company in South Korea long before the alleged

13   wrongdoing.  Even if there was some connection between this alleged conduct and Continental, the

14   dispute over employees that reside and work in South Korea should be left to South Korea's law and

15   courts.  *See Sousanis v. Northwest Airlines, Inc.*, 2000 WL 34015861 *7 (N.D.Cal. Mar. 3, 2000)

16   (recognizing the presumption that the California Legislature did not intend California statutes to

17   have force or operation beyond the boundaries of the state).  Notwithstanding these jurisdictional

18   and standing issues, Dong Young's IIPEA claim fails on the substantive grounds identified below.

19           **2.    Defendants Fail To State An IIPEA Claim On The Facts Alleged.**

20           To state an IIPEA claim, Defendants must allege facts to show: (1) an economic relationship

21   between Defendants and a third party with the probability of future economic benefit to Defendants;

22   (2) Continental's knowledge of the relationship(s); (3) intentional acts by Continental designed to

23   disrupt the relationship(s); (4) actual disruption of the relationship(s); and (5) economic harm to

24   Defendants proximately caused by the acts of Continental.  *See Pacific Gas & Electric Co. v. Bear*

25   *Stearns & Co.*, 50 Cal. 3d 1118, 1126 fn 2 (1990).  To establish this claim, Defendants must also

26   allege an intentional act that is "independently wrongful," i.e., "wrongful by some measure beyond

27   the fact of the interference itself."  *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal.4th 376,

28   392-393 (1995); *accord Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1153-1154

1   (2003).  In other words, the act must be proscribed by some constitutional, statutory, regulatory,

2   common law, or other determinable standard that is the equivalent of unlawful or tortious conduct,

3   rather than merely a product of an improper, but lawful, purpose or motive.  *Korea Supply*, 29

4   Cal.4th at 1159 & fn. 11.  Although it is unclear whether Defendants are claiming that Continental's

5   alleged expansion of GM Diamond competed with Dong Young, or that GM Diamond's hiring of

6   Dong Young's employees constitute the alleged independent wrongful acts, neither can support an

7   IIPEA claim as alleged in the Counterclaim.  *See* Counterclaim, ¶¶ 6-8, 54-62.

8                         a.      **Defendants Cannot Maintain An IIPEA Claim For Continental
                                 Allegedly Establishing A Separate Competing Entity And
9                                Subsequently Ceasing Business Relations with Dong Young.**

10          In order to sufficiently plead an IIPEA claim, Defendants must identify the specific economic

11  relationships that Continental allegedly disrupted and facts sufficient to establish the probability of

12  future economic benefit to plaintiff.  *See Blank v. Kirwan*, 39 Cal.3d 311, 330-31 (1985); *Pardi v.*

13  *Kaiser Found. Hosps.,* 389 F.3d 840, 852-853 (9th Cir. 2004).  Other than Continental, Defendants

14  fail to identify a single "economic relationship" with which Continental allegedly interfered by

15  expanding GM Diamond's ability to compete with Dong Young and subsequently terminating its

16  business relationship with Dong Young.  *See* Counterclaim ¶¶ 6-8, 54-62.  Thus, presumably that is

17  the only relationship at issue.  However, an IIPEA claim "cannot be brought against a party to the

18  relationship which has allegedly been disrupted."  *Bradley v. Google, Inc.*, 2006 WL 3798134

19  (N.D.Cal. Dec 22, 2006); *accord Kasparian v. County of Los Angeles*, 38 Cal.App.4th 242, (1995).

20  Consequently, to the extent that Defendants' IIPEA claim rests on the disruption of their relationship

21  with Continental, it fails as a matter of law.

22          Even if Defendants could identify a third party economic relationship that was allegedly

23  disrupted, the fact that Continental expanded GM Diamond to compete with Dong Young in-and-of-

24  itself cannot constitute an "independent wrong" sufficient to support an IIPEA claim.  *See Korea*

25  *Supply*, 29 Cal.4th at 1158-59 ("tort of [IIPEA] is not intended to punish individuals or commercial

26  entities for their choice of commercial relationships or their pursuit of commercial objectives, unless

27  their interference amounts to independently actionable conduct"); *see also Della Penna.*, 11 Cal.4th

28  at 390-93; *Gemini Aluminum Corp. v. California Custom Shapes, Inc.*, 95 Cal.App.4th 1249, 1256-

59 (2002).  Since Defendants have the burden of pleading and proving that Continental's conduct went beyond the normal bounds of competition and has failed to plead such facts, the portion of its IIPEA claim that relies upon GM Diamond's expansion into the same commercial space fails as a matter of law.

Likewise, Continental's alleged termination of its contract (rightfully or wrongfully) after expanding GM Diamond to compete with Dong Young and any resulting impact on its business also cannot constitute an independent wrong.  *See, e.g.*, *Hsu v. OZ Optics Ltd.*, 211 F.R.D. 615, 621 (N.D.Cal. 2002) (finding that defendant's refusal to perform under a contract and allegation that this refusal had an adverse impact on plaintiffs' business expectancies was not independently wrongful); *JRS Products, Inc. v. Matsushita Elec. Corp. of America*, 115 Cal.App.4th 168, 180-83 (2004) ("contracting party's unjustified failure or refusal to perform is a breach of contract, and cannot be transmuted into tort liability by claiming that the breach detrimentally affected the promisee's business") (citation omitted); *see also AccuImage Diagnostics Corp. v. Terarecon, Inc.*, 260 F.Supp.2d 941, 956-958 (N.D.Cal. 2003).  Where the defendant's alleged misconduct merely amounts to a breach of contract, the effect on the plaintiff's customers and the damage to appellant's business are merely consequences of breach of contract.  *Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 618 (1993); *accord JRS Products*, 115 Cal.App.4th at 180-83; *AccuImage*, 260 F.Supp.2d at 956-958.  As such, Defendants' remedy for Continental's termination of the parties' business relationship and failure to pay lies in a claim for breach of contract.  *See id.*

### b.     GM Diamond's Purported Hiring Several Of Dong Young's "Key" Employees Cannot Support An IIPEA Claim.

The only other possible basis for Defendants' IIPEA claim alleged in the Counterclaim is GM Diamond's alleged hiring of Dong Young's "key" employees.  *See* Counterclaim ¶¶ 6-8, 54-62. The sparse allegations concerning the hiring of such employees also fail to support Defendants' IIPEA claim for at least three reasons.

First, Defendants fail to allege specific facts demonstrating ***Continental's*** knowledge of the existence of those unidentified relationships.  *See Settimo Assocs. v. Environ Systems, Inc.*, 14 Cal. App. 4th 842, 845 (1993) (recognizing that the plaintiff must sufficiently allege knowledge of the

1    existence of the economic relationship).  Instead, Defendants make a vague and conclusory

2    statement of such knowledge and do not specifically allege whether GM Diamond (or even

3    Continental) had the requisite knowledge.  Defendants also fail to sufficiently plead why or how the

4    alleged relationships with the named employees constitute a probable future economic benefit or

5    advantage to them.  Merely repeating the legal elements of an IIPEA claim is not sufficient to state

6    such a claim.  *AccuImage*, 260 F.Supp.2d at 956-57; *see also Twombly*, 127 S. Ct. at 1964-65;

7         Second, Defendants fail to sufficiently allege an independent wrong with respect to GM

8    Diamond's alleged hiring of Dong Young's employees.  The act of hiring away a competitor's

9    employees does not in-and-of-itself constitute an independent wrong or even an act of interference.

10   *Reeves v. Hanlon*, 33 Cal.4th 1140, 1149-51 (2004) ("[w]here no unlawful methods are used, public

11   policy generally supports a competitor's right to offer more pay or better terms to another's

12   employee, so long as the employee is free to leave").  Since Defendants merely allege that GM

13   Diamond hired some of Dong Youngs' employees, Defendants' IIPEA claim is subject to dismissal

14   for failure to allege an independently wrongful act.

15        Finally, in order sufficiently plead an IIPEA claim, Defendants must establish that they

16   suffered economic harm and an alleged causal connection between the alleged acts of interference

17   and such harm.  *See Della Penna*, 11 Cal.4th at 409 fn 10 (recovery for damages for interference

18   prospective economic advantage is limited to the lost expectancy); *Youst v. Longo* 43 Cal.3d 64, 71,

19   fn 6 (1987) (damages for interference with prospective economic advantage are "economic harm to

20   the plaintiff proximately caused by the acts of the defendant"); *accord Sole Energy Co. v.*

21   *Petrominerals Corp.*, 128 Cal.App.4th 212, 232-33 (2005).  The Counterclaim, however, is devoid

22   of facts that show that Defendants suffer monetary damages in the form of lost sales, lost customers

23   or otherwise as a direct and proximate result of GM Diamond's hiring of Dong Young's employees.

24   Instead, Dong Young merely alleges that it "suffered actual injury as a direct and proximate result of

25   Continental's inference with Dong Young's prospective economic advantage."  Counterclaim, ¶¶ 60-

26   61.  Such a bare conclusory allegation warrants dismissal of its IIPEA claim.  *See Twombly*, 127 S.

27   Ct. at 1964-65; *AccuImage*, 260 F.Supp.2d at 956-57.

28   / / /

**H.    Defendants' Eighth Cause Of Action for Negligent Interference With Prospective Economic Advantage Fails To State A Claim.**

Defendants attempt to plead a claim for negligent interference with prospective economic advantage in their Eight Cause of Action.  The elements of a claim for negligent interference are the same as a claim for IIPEA except that Defendants must demonstrate negligence rather than intent and also sufficiently allege that Continental owed them a duty of care.  *See J'Aire Corp. v. Gregory,* 24 Cal.3d 799, 803-804 (1979); *accord AccuImage*, 260 F.Supp.2d at 957.

As pled in the Counterclaim, Defendants' negligent interference claim is virtually identical to their IIPEA claim with the exception of substituting the word "negligent" for "intentional" and adding the bare allegation that "Continental knew or should that a failure to act with due care would disrupt Dong Young's relationships."  *Compare* Counterclaim, ¶¶ 6-8, 54-62 *and* ¶¶ 6-8, 63-70.  As a result, Defendants' claim for negligent interference suffers from the same fatal defects.

For example, because Defendants rely on the same alleged acts of interference to support both of its claims, it fails to sufficiently allege an independent wrong apart from the alleged acts of interference.  *See Hsu*, 211 F.R.D. at 621 (the "independent wrongfulness" pleading requirement announced in *Della Penna* applies in the context of negligent interference claims and a failure to sufficiently plead this element warrants dismissal); *accord Lange v. TIG Ins. Co.*, 68 Cal.App.4th 1179, 1187 (1998).  Likewise, there are no factual allegations concerning any damages proximately caused by the alleged negligent acts of interference.  Consequently, Dong Young's negligent interference claim must suffer the same fate of dismissal as its IIPEA claim.  *See AccuImage*, 260 F.Supp.2d at 957-58.

In addition to such common defects, Defendants' negligent interference claim fails to sufficiently allege that Continental owed a duty of care to Defendants.  The six factors that must be applied to determine whether such a duty exists are: (1) the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to the plaintiff; (3) the degree of certainty that the plaintiff suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury suffered; (5) the moral blame attached to the defendant's conduct; and (6) the policy of preventing future harm.  *J'aire*, 24 Cal. 3d at 804-805.  Absent from the Counterclaim, however, are factual allegations establishing that Continental owed Defendants an independent duty of care, or

that the risk of harm alleged was foreseeable and the nexus between Continental's alleged conduct and Defendants' injury (which they fail to even identify) is closely connected to that conduct.

Amendment appears futile because Defendants cannot recover on a theory for negligent inference based on Continental's termination of its business relationship with Dong Young or a failure to pay under contract. *See Barrier Specialty Roofing & Coatings, Inc. v. ICI Paints North America, Inc.*, 2008 WL 1994947 *8 (E.D.Cal. May 06, 2008) (recognizing under California law that "[t]here is simply no justification for extending potential tort liability under the six-factor test to commercial parties that have negotiated their own contractual obligations"); *accord Accuimage*, 260 F.Supp.2d at 949, 957-58 (recognizing that California law precludes recovery on a tort theory of economic loss resulting from the breach of a contract to which plaintiff and defendant are parties); *see also Lange*, 68 Cal.App.4th at 1187-88 (exercising a contractual right of termination cannot form the bases for an interference claim); *Nat'l Med. Transp. Network v. Deloitte & Touche*, 62 Cal.App.4th 412, 439 (1998). GM Diamond's entry into competition with Dong Young also cannot form the basis for a negligent interference claim since there is no general duty of care owed between competitors. *See Accuimage*, 260 F.Supp.2d at 957-58.

Finally, Defendants cannot rely upon GM Diamond's hiring of Dong Young's employees as a basis for a negligent interference claim because such acts as alleged were seemingly intentional. *See Accuimage*, 260 F.Supp.2d at 957-58 (absence of allegations of negligent conduct warranted the dismissal of negligent interference claim). Accordingly, the Court should dismiss Defendants' negligent interference with prospective economic advantage claim with prejudice.

## I.     Defendants Fail To Adequately Plead A Claim For Accounting In Their Ninth Cause Of Action.

A claim for accounting may be brought to compel the defendant to account to the plaintiff for money or property ***only*** where: (1) a fiduciary relationship exists between the parties, or (2) though no fiduciary relationship exists, the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable. 5 Witkin, Cal. Proc. 4th (2007 supp.) Plead, § 776, p. 29. A claim for accounting will not lie where it appears from the complaint that none is necessary, i.e., where the plaintiff alleges his right to recover a sum certain or a sum that can be made certain by

calculation, or there is an adequate remedy at law. *St. James Church of Christ Holiness v. Superior Court*, 135 Cal.App.2d 352, 359 (1955). In their Counterclaim, Defendants do not plead facts sufficient to establish the existence of a fiduciary relationship or that an accounting is necessary. Rather, Defendants provide sufficient information to calculate a sum certain ($393,515.80) that Continental allegedly owes Dong Young and seek to recover that amount at law through their breach of contract claim. *See* Counterclaim, ¶¶ 3-5, 9-14. Thus, the Court should dismiss Defendants' accounting claim with prejudice.

**J.    Defendants' Tenth Cause Of Action For "Business Defamation" Fails To Adequately Plead A Claim For Libel Or Slander Under California Law.**

It is unclear in what legal basis Defendants' tenth cause of action for "business defamation" purports to be grounded. Presumably, Defendants are attempting to establish a libel or slander claim. Under California law, libel is "a false and unprivileged publication ..." and slander is "a false and unprivileged publication, orally uttered." Cal. Civ. Code §§ 45-46. To state a claim for either libel or slander, a plaintiff must establish "the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Smith v. Maldonado*, 72 Cal.App.4th 637, 645 (1999); Cal. Civ. Code §§ 45-46. Publication means "communication to a third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made." *Id.* Defendants' Counterclaim fails to sufficiently allege a claim for relief under either legal theory.

A claim for defamation must specifically identify, if not plead verbatim, the words constituting the allegedly defamatory statement. *Kahn v. Bower*, 232 Cal.App.3d 1599, 1612 fn 5 (1991); *Vogel v. Felice*, 127 Cal.App.4th 1006, 1017, fn 3 (2005); *Jones v. ThyssenKrupp Elevator Corp.*, 2006 WL 680553 at *5 (N.D. Cal. Mar. 14, 2006). "The standard for pleading defamation is more stringent than that applicable to most other substantive claims because of the historically unfavored nature of this type of action." *Jones*, 2006 WL 680553 at *5. Thus, a plaintiff must also identify the publisher or speaker of the defamatory communications, the recipients, the timing, and the context in which they were made. *Id.*

Here, Defendants fail to set forth the actual words constituting the alleged "derogatory and

1    false statement", the speaker or publisher, the manner in which the words were communicated, when

2    the alleged statement was made, or the setting in which the communication took place.  *See*

3    Counterclaim, ¶¶ 3-8, 75-80.  Defendants do not even plead whether these statements were oral or

4    written.  *See id.*  Also missing from Defendants' Counterclaim are allegations which establish that

5    either one of them was defamed and suffered damages as a direct result of the unidentified

6    defamatory statement.  Accordingly, the Court should dismiss Defendants' defamation claim.

7    **K.       Defendants' Eleventh Cause Of Action Fails To State A Claim For Trade Libel.**

8            Defendants' style their Eleventh Cause of Action as trade libel.  To prevail in a claim for

9    trade libel, a plaintiff must demonstrate that the defendant: (1) made a statement that disparages the

10   quality of the plaintiff's product; (2) that the offending statement was couched as fact, not opinion;

11   (3) that the statement was false; (4) that the statement was made with malice; and (5) that the

12   statement resulted in monetary loss.  *Optinrealbig.com, LLC v. Ironport Sys., Inc.,* 323 F.Supp.2d

13   1037, 1048 (N.D.Cal. 2004); *see also ComputerXpress, Inc. v. Jackson*, 93 Cal.App.4th 993, 1010

14   (2001); *Melaleuca, Inc. v. Clark*, 66 Cal.App.4th 1344, 1360 (1998).

15           To recover damages for an alleged trade libel, the plaintiff must specifically plead and prove

16   special damages "in the form of pecuniary loss" as required by Federal Rule of Civil Procedure 9(g).

17   *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F.Supp.2d 1035, 1047

18   (C.D.Cal.1998) (citation and internal quotes omitted).  Thus, "[a] bare allegation of the amount of

19   pecuniary loss is insufficient for the pleading of a trade libel claim." *Id.*   Finally, a plaintiff must

20   plead and prove a direct causal connection between the alleged defamatory statements and a specific

21   pecuniary loss of business.  *See First Advantage Background Services Corp. v. Private Eyes, Inc.*,

22   2008 WL 618921 (N.D.Cal. March 5, 2008); *accord Isuzu Motors*, 12 F.Supp.2d at 1047; *Eldorado*

23   *Stone, LLC v. Renaissance Stone, Inc.*, 2005 WL 5517731, *4 (S.D.Cal. Aug. 10, 2005);

24           Here, Defendants fail to set forth the actual words constituting the alleged "statements that

25   disparaged Dong Young's service", the services that are at issue, how they allegedly disparaged

26   those services, the speaker or publisher, the manner in which the they were communicated, the

27   recipients of the alleged statements, when the alleged statements were made, or the setting or context

28   in which the communication took place.  *See* Counterclaim, ¶¶ 3-8, 81-88.  Also absent from the

- 17 -

1  Counterclaim are allegations which establish that it suffered any special damages as a direct result of

2  the unidentified trade libel.  *See id.*  The Court should therefore dismiss this trade libel claim.

3  **L.**    **Defendants' Twelfth Cause Of Action For Unfair Trade Practices Fails As A Matter Of Law Because It Wholly Depends On The Foregoing Claims That Are Subject To Dismissal.**

4

5        In their Twelfth Cause of Action, Defendants allege that Continental engaged in unfair

6  business practices in violation of California's Unfair Competition Law promulgated in Cal. Bus. &

7  Prof. Code §§ 17200 et seq ("UCL").  Counterclaim, ¶¶ 89-91.  Instead of setting forth separate

8  allegations to support this claim, Defendants assert the bare legal elements for a UCL claim and

9  incorporate by reference the allegations supporting the proceeding tort claims.  *Id.*  As a result,

10  Defendants' UCL fails to state facts sufficient to constitute a cause of action against Continental.

11  *See Khoury*, 14 Cal. App.4th 612, 618-19 (1993) (plaintiff alleging a UCL claim "must state with

12  reasonable particularity the facts supporting the statutory elements of the violation"); *see also*

13  *Perdue v. Crocker National Bank*, 38 Cal.3d 913, 929 (1985).

14        Even if any of Defendants' proceeding claims survive this motion, the incorporation of those

15  claims and their bare allegations by reference still will not save Defendants' UCL claim.  California

16  courts do not allow competitors to transform ordinary contract and tort claims into UCL claims.  *See*

17  *Stevenson Real State Servs., Inc. v. CB Richard Ellis Real Estate*, 138 Cal.App.4th 1215, 1224-25

18  (2006); *accord Korea Supply*, 29 Cal.4th at 1150.  As alleged, there is nothing in the Counterclaim

19  that would suggest Continental committed more than a breach a contract, and certainly nothing

20  arising to the level of unfair, unlawful or fraudulent business practices.

21        Finally, the only alleged acts in the Counterclaim that could arguably form the basis of an

22  UCL claim - GM Diamond's alleged hiring of Dong Young employees - occurred outside California.

23  It is well established that the UCL does not apply to conduct occurring outside of California that

24  injures non-residents.  *Churchill Village, L.L.C. v. General Elec. Co.*, 169 F.Supp.2d 1119 (N.D.Cal.

25  2000); *Standfacts Credit Services, Inc. v. Experian Information Solutions, Inc.*, 405 F.Supp.2d 1141

26  (C.D.Cal. 2005).  Because it appears that the alleged acts of unfair competition occurred in South

27  Korea and seemingly injured a South Korean entity and citizen, the Court should dismiss

28  Defendants' UCL claim with prejudice.

**M.     Defendants' Thirteenth Cause Of Action For Conversion/Trover Fails As A Matter Of Law Because It Is Based On A Mere Breach of Contract.**

Defendants' Thirteenth Cause of Action purports to assert a claim for conversion under California law.  Counterclaim, ¶¶ 92-96.  Defendants' claim suffers from the same defect as most of its other claims – a lack of any discernable factual allegations that meet the notice pleading requirements of Rule 8.  In this case, there are no factual allegations that amount to a conversion.

A claim for conversion requires allegations of: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act inconsistent with the property rights of the plaintiff; and (3) damages.  *New York v. Fremont General Corp.*, 523 F.3d 902, 914 (9th Cir. 2008).  A plaintiff seeking to recover on a conversion claim "must also prove that it did not consent to the defendant's exercise of dominion."  *Id.*

From the barren allegations in the Counterclaim, it appears that Defendants are asserting a conversion claim based on the same facts as their breach of contract claim.  However, "a mere contractual right of payment, without more, does not entitle the obligee to the immediate possession necessary to establish a cause of action for the tort of conversion."  *In re Bailey*, 197 F.3d 997, 100 (9th Cir. 1999); *accord Farmers Ins. Exch. v. Zerin*, 53 Cal.App. 4th 445, 452 (1997).  Since Defendants simply allege that Continental owed payment within 60 days of delivery of goods for sale and has failed to pay, Defendants' remedy to obtain payment lies in contract, not in the tort of conversion.  *See Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 515 (1994) ("[c]onduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law").   Accordingly, the Court should dismiss the Thirteenth Cause of Action with prejudice.

**N.     Defendants' Fourteen Cause Of Action For Constructive Fraud Fails To Meet Rule 9(b)'s Stringent Pleading Standards.**

For its fourteenth and final cause of action, Defendants assert a claim for constructive fraud under California law.  The elements of a cause of action for constructive fraud are: (1) a fiduciary relationship; (2) nondisclosure; (3) intent to deceive; and (4) reliance and resulting injury.  Cal. Civil Code § 1573; *see General American Life Ins. Co. v. Rana*, 769 F.Supp. 1121, 1126 (N.D.Cal. 1991).  Federal courts that have addressed whether a constructive fraud claim is adequately pled have

- 19 -

1  applied Rule 9(b)'s heightened pleading standards.  *See, e.g, Azadpour v. Sun Microsystems, Inc.*,

2  2007 WL 2141079, *3-4 (N.D.Cal. July 23, 2007).

3         In their Counterclaim, Defendants fail to allege facts sufficient to establish any of these

4  elements for constructive fraud, and thus fail to meet the requirements of Rules 8 and 9(b).  *See*

5  Counterclaim, ¶¶ 97-101.  For example, there are no factual allegations establishing that a fiduciary

6  relationship existed between the parties.  *Id.*  A failure to do so is fatal to this claim.  *See Younan v.*

7  *Equifax Inc.*, 111 Cal.App.3d 498, 516-17 (1980) (dismissing constructive fraud claim for failure to

8  allege facts establishing a fiduciary relationship between plaintiff and defendant).  Similarly,

9  Defendants fail to identify an alleged nondisclosure, or assert any facts regarding any reliance on

10  such nondisclosure and any alleged damages suffered by either one of them as a result of such

11  reliance.  Consequently, their constructive fraud claim is not well taken and should be dismissed

12  with prejudice.

## V.     CONCLUSION

13         For the foregoing reasons, Continental respectfully requests that the Court dismiss

15  Defendants' Second through Fourteenth Causes of Action with prejudice.

16  Dated: July 23, 2008              Respectfully submitted,

17                                     MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

19                                      /s/ Jeffrey M. Ratinoff
                                       _____
                                       By:  JEFFREY M. RATINOFF

20                                     Attorneys for Plaintiff,
21                                     Continental D.I.A. Diamond Products, Inc.

1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10  | CONTINENTAL D.I.A. DIAMOND | Case No. CV 08-2136 SI |

CONTINENTAL D.I.A. DIAMOND
PRODUCTS, INC., a California corporation,

                            Plaintiff,

        vs.

DONG YOUNG DIAMOND INDUSTRIAL
CO., LTD., a South Korean company,
DONGSOO LEE, an individual, and DOES 1-
10, inclusive,

                            Defendants.

Case No. CV 08-2136 SI

**[PROPOSED] ORDER GRANTING
PLAINTIFF'S MOTION TO DISMISS
COUNTERCLAIMS OF DEFENDANTS DONG
YOUNG DIAMOND INDUSTRIAL CO., LTD.
AND DONGSOO LEE**

Date:         August 29, 2008
Time:         9:00 a.m.
Place:        Courtroom 10
Judge:        Honorable Susan Illston

Complaint Filed:     April 24, 2008
Trial Date:          None Set

        This matter came on for hearing on August 29, 2007, in Courtroom 10, of the above-entitled

court on Plaintiff Continental D.I.A. Diamond Products, Inc.'s ("Continental") Motion to Dismiss

Counterclaims of Defendants Dong Young Diamond Industrial Co., Ltd. ("Dong Young") and

DongSoo Lee ("Lee") (collectively "Defendants") filed pursuant to F.R.Civ.P. 8, F.R.Civ.P. 9 and

F.R.Civ.P. 12(b)(6).

        The Court, having considered all papers filed in favor of and in opposition to Plaintiff's

Motion to Dismiss, and good cause appearing therefore, the Court HEREBY GRANTS the Motion

to Dismiss as follows:

        1.         Defendants' Second Cause of Action for Breach of the Covenant of Good Faith and

1   Fair Dealing is DISMISSED WITH PREJUDICE as being duplicative of their First Cause of Action

2   for Breach of Contract.  *See Lamke v. Sunstate Equip. Co., LLC.*, 387 F.Supp.2d 1044, 1047

3   (N.D.Cal.2004); *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal.App.3d 1371, 1395

4   (1990); *Bionghi v. Metropolitan Water Dist. of So. Calif.*, 70 Cal.App.4th 1358, 1370 (1999).

5          2.      Defendants' Third Cause of Action for Fraud is DISMISSED WITH PREJUDICE for

6   Defendants' complete failure to meet Rule 9(b)'s heightened pleading requirements.  The Ninth

7   Circuit mandates that allegations of fraud specifically include "an account of the time, place, and the

8   specific content of the false representations as well as the identities of the parties to the

9   misrepresentations."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *accord Vess v. Ciba-*

10  *Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) ("[a]verments of fraud must be accompanied

11  by 'the who, what, when, where, and how' of the misconduct charged.") (citation omitted).

12  Defendants appear to not have made a good faith to plead facts sufficient to establish a claim for

13  fraud under California law and therefore the Court is not inclined to allow them leave to amend.

14         3.      Defendants' Fourth Cause of Action for Quantum Meruit is DISMISSED WITH

15  PREJUDICE due to their election to sue on the theory of breach of contract and the fact that it

16  appears that Defendants allege that they completed performance under contract.  *See Oliver v.*

17  *Campbell*, 43 Cal.2d 298, 306 (1954) (if a plaintiff has fully performed a contract, damages for

18  breach is often the only available remedy).  *B.C. Richter Contracting Co. v. Continental Casualty*

19  *Co.*, 230 Cal.App.2d 491, 500 (1964) ("[w]here [a party's] performance is not prevented, the injured

20  party may elect instead to affirm the contract and complete performance.  If such is his election, his

21  exclusive remedy is an action for damages") (citing *House v. Piercy*, 181 Cal. 247, 251 (1919));

22  *accord Alder v. Drudis*, 30 Cal.2d 372, 383-84 (1947); *see also Hedging Concepts, Inc. v. First*

23  *Alliance Mortgage Co.*, 41 Cal.App.4th 1410, 1419 (1996).

24         4.      Defendants' Fifth Cause Of Action For Promissory Estoppel is DISMISSED WITH

25  PREJUDICE.   Defendants do not plead more than the bare legal elements for such a claim, thereby

26  depriving Continental of fair notice of what the grounds upon which the claim rests.  *See Smith v.*

27  *City and County of San Francisco*, 225 Cal.App.3d 38, 48 (1990) (dismissing claim for promissory

28  estoppel because plaintiffs merely asserted a conclusory allegation that they reasonably and

- 2 -

1   justifiably relied on defendant's promises and plead no facts demonstrating such reliance). Since the

2   Counterclaim does allege that there was a bargained for agreement and consideration given,

3   amendment would be futile. *See Patriot Scientific Corp. v. Korodi*, 504 F.Supp.2d 952, 967-68

4   (S.D.Cal. 2007) (where the plaintiff alleges that its performance was requested at time defendant

5   made its promise and that performance was bargained for, promissory estoppel doctrine is

6   inapplicable).

7        5.    Defendants' Sixth Cause of Action is DISMISSED WITH PREJUDICE because they

8   cannot maintain a separate claim for constructive trust/unjust enrichment. *See Stansfield v. Starkey*,

9   220 Cal.App.3d 59, 76 (1990) (constructive trust is a remedy, not a cause of action); *accord McCoy*

10  *v. Scantlin*, 2004 WL 5502111, *4 (C.D.Cal. Jun 01, 2004); *Flores v. Emerich & Fike*, 2008 WL

11  2489900, *39 (E.D.Cal. Jun 18, 2008). Defendants also fail to plead facts sufficient to assert

12  constructive trust as an equitable remedy. *See In re Marriage of Buford*, 155 Cal.App.3d 74, 79

13  (1984) (a plaintiff must plead specifically identifiable trust property), *disapproved on other grounds*

14  *in In re Marriage of Fabian,* 41 Cal.3d 147, 451 (1986); *accord Flores*, 2008 WL 2489900, *40

15  (constructive trust requires money or property identified as belonging in good conscience to the

16  plaintiff that can clearly be traced to particular funds or property in the defendant's possession).

17        Likewise, there are insufficient allegations of wrongdoing that would justify the imposition

18  of a constructive trust. As discussed above, the preceding allegations of fraud and/or other wrongful

19  acts fail as a matter of law. *See 522 Valencia*, 35 Cal.App.4th at 990 ("constructive trust cannot

20  exist unless there is evidence that property has been wrongfully acquired or detained by a person not

21  entitled to its possession") (emphasis in original). The fact that Defendant are seeking general

22  monetary damages for the sale of goods is insufficient to invoke a constructive trust. *See Honolulu*

23  *Joint Apprenticeship and Training Committee of United Ass'n Local Union No. 675 v. Foster*, 332

24  F.3d 1234, 1237-38 (9th Cir.2003) (a constructive trust is unavailable "where the plaintiff seeks to

25  impose general personal liability as a remedy for the defendant's monetary obligations"); *accord*

26  *Flores*, 2008 WL 2489900, *40.

27        Finally, to the extent this cause of action seeks recovery for unjust enrichment, there is no

28  such cause of action under California law. *McKell v. Washington Mut., Inc.*,142 Cal.App.4th 1457,

- 3 -

1490 (2006); *accord City of Oakland v. Comcast Corp.*, 2007 WL 518868, *4 (N.D.Cal. Feb. 14, 2007). "Rather, unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust." *Id*. However, Defendants cannot recover on a theory of quasi-contract and fail to allege grounds justifying the remedy of a constructive trust.

6.    Defendants' Seventh Cause of Action for Intentional Interference with Prospective Economic Advantage is DISMISSED WITH PREJUDICE on the grounds that Defendants fail to make any good faith effort to sufficiently plead a claim. As an initial matter, there is no conduct alleged in the Counterclaim that establishes jurisdiction or standing in California or the United States for Continental's alleged interference with Defendants' business in South Korea. *See Sousanis v. Northwest Airlines, Inc.*, 2000 WL 34015861 *7 (N.D.Cal. Mar. 3, 2000) (recognizing the presumption that the California Legislature did not intend California statutes to have force or operation beyond the boundaries of the state).

Although it is unclear whether Defendants are claiming that Continental's alleged expansion of GM Diamond to compete with Dong Young or that company's hiring of Dong Young's employees constitute the alleged independent wrongful acts, neither can support an IIPEA claim as alleged in the Counterclaim. *See* Counterclaim, ¶¶ 6-8, 54-62. First, an IIPEA claim "cannot be brought against a party to the relationship which has allegedly been disrupted." *Bradley v. Google, Inc.*, 2006 WL 3798134 (N.D.Cal. Dec 22, 2006); *accord Kasparian v. County of Los Angeles*, 38 Cal.App.4th 242, (1995).

Second, even assuming that Defendants could identify a third party economic relationship that was allegedly disrupted, the fact that Continental expanded GM Diamond to compete with Dong Young in-and-of-itself cannot constitute an "independent wrong" sufficient to support an IIPEA claim. *See Korea Supply Co. v. Lockheed Martin Corp*., 29 Cal.4th 1134, 1158-59 (2003) ("tort of intentional interference with prospective economic advantage is not intended to punish individuals or commercial entities for their choice of commercial relationships or their pursuit of commercial objectives, unless their interference amounts to independently actionable conduct"); *accord Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal.4th 376, 390-393 (1995); *Gemini Aluminum Corp. v. California Custom Shapes, Inc.*, 95 Cal.App.4th 1249, (2002).

- 4 -

1    Continental's alleged termination of its contract (rightfully or wrongfully) after expanding

2    GM Diamond to compete with Dong Young and any resulting impact on its business also cannot

3    constitute an independent wrong.  *See, e.g., Hsu v. OZ Optics Ltd.*, 211 F.R.D. 615, 621 (N.D.Cal.

4    2002) (finding that defendant's refusal to perform under a contract and allegation that this refusal had

5    an adverse impact on plaintiffs' business expectancies was not independently wrongful); *JRS*

6    *Products, Inc. v. Matsushita Elec. Corp. of America*, 115 Cal.App.4th 168, 180-83 (2004)

7    ("contracting party's unjustified failure or refusal to perform is a breach of contract, and cannot be

8    transmuted into tort liability by claiming that the breach detrimentally affected the promisee's

9    business") (citation omitted); *see also AccuImage Diagnostics Corp. v. Terarecon, Inc.*, 260

10   F.Supp.2d 941, 956-958 (N.D.Cal. 2003).  Where the defendant's alleged misconduct merely

11   amounts to a breach of contract, the effect on the plaintiff's customers and the damage to appellant's

12   business are merely consequences of breach of contract.  *Khoury v. Maly's of California, Inc.*, 14

13   Cal.App.4th 612, 618 (1993); *accord JRS Products*, 115 Cal.App.4th at 180-83; *AccuImage*, 260

14   F.Supp.2d at 956-958.  As such, Defendants' remedy for Continental's termination of the parties'

15   business relationship and failure to pay lies in a claim for breach of contract.  *See id.*

16   Finally, the only other possible basis for Defendants' IIPEA claim alleged in the

17   Counterclaim is GM Diamond's alleged hiring of Dong Young's "key" employees.  *See*

18   Counterclaim, ¶¶ 6-8, 54-62.  The sparse allegations concerning the hiring of such employees also

19   fail to support Defendants' IIPEA claim because the act of hiring away a competitor's employees

20   does not in-and-of-itself constitute an independent wrong or even an act of interference.  *Reeves v.*

21   *Hanlon*, 33 Cal.4th 1140, 1149-51 (2004) ("[w]here no unlawful methods are used, public policy

22   generally supports a competitor's right to offer more pay or better terms to another's employee, so

23   long as the employee is free to leave").  Defendants also fail to establish that they suffered economic

24   harm and an alleged causal connection between the alleged acts of interference and such harm.  *See*

25   *Della Penna*, 11 Cal.4th at 409 fn 10 (recovery for damages for interference prospective economic

26   advantage is limited to the lost expectancy); *Youst v. Longo*, 43 Cal.3d 64, 71, fn 6 (1987) (damages

27   for interference with prospective economic advantage are "economic harm to the plaintiff

28   proximately caused by the acts of the defendant"); *accord Sole Energy Co. v. Petrominerals Corp.*,

1    128 Cal.App.4th 212, 232-33 (2005).

2    　　　7.　　Defendants' Eighth Cause Of Action for Negligent Interference With Prospective

3    Economic Advantage IS DISMISSED WITH PREJUDICE.  The elements of a claim for negligent

4    interference are the same as a claim for IIPEA except that Defendants must demonstrate negligence

5    rather than intent and also sufficiently allege that Continental owed them a duty of care.  *See J'Aire*

6    *Corp. v. Gregory*, 24 Cal.3d 799, 803-804 (1979); *accord AccuImage*, 260 F.Supp.2d at 957.  As

7    pled in the Counterclaim, Defendants' negligent interference claim is virtually identical to their

8    IIPEA claim with the exception of substituting the word "negligent" for "intentional" and adding

9    bare allegation that "Continental knew or should that a failure to act with due care would disrupt

10    Dong Young's relationships."  *Compare* Counterclaim, ¶¶ 6-8, 54-62 *and* ¶¶ 6-8, 63-70.  As a result,

11    Defendants' claim for negligent interference suffers from the same fatal defects.  *See Hsu*, 211

12    F.R.D. at 621 (the "independent wrongfulness" pleading requirement announced in Della Penna

13    applies in the context of negligent interference claims and a failure to sufficiently plead this element

14    warrants dismissal); *accord Lange v. TIG Ins. Co*., 68 Cal.App.4th 1179, 1187 (1998).  Likewise,

15    there are no factual allegations concerning any damages proximately caused by the alleged negligent

16    acts of interference.  Consequently, Dong Young's negligent interference claim must suffer the same

17    fate of dismissal as its IIPEA claim.  *See AccuImage*, 260 F.Supp.2d at 957-58.

18    　　　In addition to such common defects, Defendants' negligent interference claim also fails to

19    sufficiently allege that Continental owed a duty of care to Defendants.  *See J'aire*, 24 Cal.3d at 804-

20    805.  Amendment appears futile because Defendants cannot recover on a theory for negligent

21    inference based on Continental's termination of its business relationship with Dong Young or a

22    failure to pay under contract.  *See Barrier Specialty Roofing & Coatings, Inc. v. ICI Paints North*

23    *America, Inc.*, 2008 WL 1994947 *8 (E.D.Cal. May 06, 2008) (recognizing under California law

24    that "[t]here is simply no justification for extending potential tort liability under the six-factor test to

25    commercial parties that have negotiated their own contractual obligations"); *accord Accuimage*, 260

26    F.Supp.2d at 949, 957-58 (recognizing that California law precludes recovery on a tort theory of

27    economic loss resulting from the breach of a contract to which plaintiff and defendant are parties);

28    *see also Lange*, 68 Cal.App.4th at 1187-88 (exercising a contractual right of termination cannot form

- 6 -

1  the bases for an interference claim); *Nat'l Med. Transp. Network v. Deloitte & Touche*, 62

2  Cal.App.4th 412, 439 (1998).  GM Diamond's entry into competition with Dong Young also cannot

3  form the bases for a negligent interference claim since there is no general duty of care owed between

4  competitors.  *See Accuimage*, 260 F.Supp.2d at 957-58.  Finally, Defendants cannot rely upon GM

5  Diamond's hiring of Dong Young's employees as a basis for a negligent interference claim because

6  such acts as alleged were seemingly intentional.  *See Accuimage*, 260 F.Supp.2d at 957-58 (absence

7  of allegations of negligent conduct warranted the dismissal of negligent interference claim).

8      8.    Defendants' Ninth Cause Of Action for Accounting is DISMISSED WITH

9  PREJUDICE.  A claim for accounting may be brought to compel the defendant to account to the

10 plaintiff for money or property only where: (1) a fiduciary relationship exists between the parties, or

11 (2) though no fiduciary relationship exists, the accounts are so complicated that an ordinary legal

12 action demanding a fixed sum is impracticable.  5 Witkin, Cal. Proc. 4th (2007 supp.) Plead, § 776,

13 p. 29.  A claim for accounting will not lie where it appears from the complaint that none is

14 necessary, i.e., where the plaintiff alleges his right to recover a sum certain or a sum that can be

15 made certain by calculation, or there is an adequate remedy at law.  *St. James Church of Christ*

16 *Holiness v. Superior Court*, 135 Cal.App.2d 352, 359 (1955).  Defendants do not plead facts

17 sufficient to establish the existence of a fiduciary relationship between either of them and

18 Continental or that an accounting is necessary.  Rather, Defendants provide sufficient information to

19 calculate a sum certain ($393,515.80) that Continental allegedly owes Dong Young and seek such to

20 recover that amount at law through their breach of contract claim.  *See* Counterclaim, ¶¶ 3-5, 9-14.

21 Thus, granting leave to amend would be futile.

22     9.    Defendants' Tenth Cause Of Action for Business Defamation is DISMISSED WITH

23 PREJUDICE.  Under California law, libel is "a false and unprivileged publication ..." and slander is

24 "a false and unprivileged publication, orally uttered."  Cal. Civ. Code §§ 45-46.  To state a claim for

25 either libel or slander, a plaintiff must establish "the intentional publication of a statement of fact

26 that is false, unprivileged, and has a natural tendency to injure or which causes special damage."

27 *Smith v. Maldonado*, 72 Cal.App.4th 637, 645 (1999); Cal. Civ. Code §§ 45-46.  Publication means

28 "communication to a third person who understands the defamatory meaning of the statement and its

1     application to the person to whom reference is made." *Id*.

2         A claim for defamation must also specifically identify, if not plead verbatim, the words

3 constituting the allegedly defamatory statement. *Kahn v. Bower*, 232 Cal.App.3d 1599, 1612 fn 5

4 (1991); *Vogel v. Felice*, 127 Cal.App.4th 1006, 1017, fn 3 (2005); *Jones v. ThyssenKrupp Elevator*

5 *Corp.*, 2006 WL 680553 at *5 (N.D. Cal. Mar. 14, 2006).  A plaintiff must also identify the

6 publisher or speaker of the defamatory communications, the recipients, the timing, and the context in

7 which they were made.  *Id*.  In their Counterclaim, Defendants make no effort to adequately plead

8 any facts that would establish a claim for libel or slander.

9         10.      Defendants' Eleventh Cause of Action for Trade Libel is DISMISSED WITH

10 PREJUDICE.  To prevail in a claim for trade libel, a plaintiff must demonstrate that the defendant:

11 (1) made a statement that disparages the quality of the plaintiff's product; (2) that the offending

12 statement was couched as fact, not opinion; (3) that the statement was false; (4) that the statement

13 was made with malice; and (5) that the statement resulted in monetary loss.  *Optinrealbig.com, LLC*

14 *v. Ironport Sys., Inc.*, 323 F.Supp.2d 1037, 1048 (N.D.Cal. 2004).  To recover damages for an

15 alleged trade libel, the plaintiff must specifically plead and prove special damages "in the form of

16 pecuniary loss" and a direct causal connection between the alleged defamatory statements and a

17 specific pecuniary loss of business.  *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12

18 F.Supp.2d 1035, 1047 (C.D.Cal.1998) (citation and internal quotes omitted); *accord First Advantage*

19 *Background Services Corp. v. Private Eyes, Inc.*, 2008 WL 618921 (N.D.Cal. March 5, 2008);

20 *Eldorado Stone, LLC v. Renaissance Stone, Inc*., 2005 WL 5517731, *4 (S.D.Cal. Aug. 10, 2005).

21         In their Counterclaim, Defendants fail to set forth the actual words constituting the alleged

22 "statements that disparaged Dong Young's service", the services that are at issue, how they allegedly

23 disparaged those services, the speaker or publisher, the manner in which the they were

24 communicated, the recipients of the alleged statements, when the allege statements were made, or

25 the setting or context in which the communication took place.  *See* Counterclaim, ¶¶ 3-8, 81-88.

26 Also absent from the Counterclaim are allegations which establish that it suffered any special

27 damages as a direct result of the unidentified trade libel.  *See id.*  Thus, Defendants fail to

28 sufficiently allege a claim for trade libel.

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS OF DEFENDANTS DONG
YOUNG DIAMOND INDUSTRIAL CO., LTD. AND DONGSOO LEE; CASE NO.: CV 08-2136 SI

1    11.    Defendants' Twelfth Cause Of Action For Unfair Trade Practices under Cal. Bus. &

2   Prof. Code § 17200 et seq. ("UCL") is DISMISSED WITH PREJUDICE because it wholly depends

3   on the foregoing claims that are subject to dismissal.  *See Khoury*, 14 Cal. App.4th 612, 618-19

4   (1993) (plaintiff alleging a UCL claim "must state with reasonable particularity the facts supporting

5   the statutory elements of the violation"); *see also Perdue v. Crocker National Bank*, 38 Cal.3d 913,

6   929 (1985).  The incorporation of those claims and their bare allegations cannot save Defendants'

7   UCL claim.  California courts do not allow competitors to transform ordinary contract and tort

8   claims into UCL claims.  *See Stevenson Real State Servs., Inc. v. CB Richard Ellis Real Estate*, 138

9   Cal.App.4th 1215, 1224-25 (2006); *accord Korea Supply*, 29 Cal.4th at 1150.  As alleged, there is

10   nothing in the Counterclaim that would suggest that Continental has done more than breach a

11   contract between the parties, and certainly nothing arising to the level of unfair, unlawful or

12   fraudulent business practices.

13    Finally, since the only alleged tortuous conduct in the Counterclaim occurred outside

14   California, as well as the alleged resulting harm, no claim under the UCL exists.  *See Churchill

15   Village, L.L.C. v. General Elec. Co.*, 169 F.Supp.2d 1119 (N.D.Cal. 2000) (the UCL does not apply

16   to conduct occurring outside of California that injures non-residents); *Standfacts Credit Services,

17   Inc. v. Experian Information Solutions, Inc.*, 405 F.Supp.2d 1141 (C.D.Cal. 2005).  Therefore, this

18   claim is dismissed with prejudice.

19    12.    Defendants' Thirteenth Cause Of Action For Conversion/Trover is DISMISSED

20   WITH PREJUDICE.  From the barren allegations in the Counterclaim, it appears that Defendants are

21   asserting a conversion claim based on the same facts as their breach of contract claim.  However, "a

22   mere contractual right of payment, without more, does not entitle the obligee to the immediate

23   possession necessary to establish a cause of action for the tort of conversion."  *In re Bailey*, 197 F.3d

24   997, 100 (9th Cir. 1999); *accord Farmers Ins. Exch. v. Zerin*, 53 Cal.App. 4th 445, 452 (1997).

25   Since Defendants simply allege that Continental owed payment within 60 days of delivery of goods

26   for sale and has refused to pay, Defendants' remedy to obtain payment lies in contract, not in the tort

27   of conversion.  *See Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 515 (1994)

28   ("[c]onduct amounting to a breach of contract becomes tortious only when it also violates a duty

- 9 -

1   independent of the contract arising from principles of tort law"). As a result, it appears that granting

2   Defendants leave to amend would be futile.

3          13.     Defendants' Fourteen Cause Of Action For Constructive Fraud is DISMISSED

4   WITH PREJUDICE. The elements of a cause of action for constructive fraud are: (1) a fiduciary

5   relationship; (2) nondisclosure; (3) intent to deceive; and (4) reliance and resulting injury. Cal. Civil

6   Code § 1573; *see General American Life Ins. Co. v. Rana*, 769 F.Supp. 1121, 1126 (N.D.Cal. 1991).

7   Federal courts that have addressed the sufficiency of a constructive fraud claim have applied Rule

8   9(b)'s heightened pleading standards. *See, e.g, Azadpour v. Sun Microsystems, Inc.*, 2007 WL

9   2141079, *3-4 (N.D.Cal. July 23, 2007). Defendants fail to allege facts sufficient to establish any of

10  these elements for constructive fraud, and thus fail to meet the requirements of Rules 8 and 9(b).

11  See Counterclaim, ¶¶ 97-101. For example, there are no factual allegations establishing that a

12  fiduciary relationship existed between the parties. *Id*. A failure to do so is fatal to this claim. *See*

13  *Younan v. Equifax Inc.*, 111 Cal.App.3d 498, 516-17 (1980) (dismissing constructive fraud claim for

14  failure to allege facts establishing a fiduciary relationship between plaintiff and defendant).

15  Similarly, Defendants fail to identify an alleged nondisclosure, or assert any facts regarding any

16  reliance on such nondisclosure and any alleged damages suffered by either one of them as a result of

17  such reliance. Consequently, their constructive fraud claim is subject to dismissal.

18         **IT IS SO ORDERED.**

19

20

    Date: _____

21                                          _____
                                            The Honorable Susan Illston
22                                          United States District Court Judge

23

24

25

26

27

28  4368261v.3

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS OF DEFENDANTS DONG YOUNG DIAMOND INDUSTRIAL CO., LTD. AND DONGSOO LEE; CASE NO.: CV 08-2136 SI