JEFFREY M. RATINOFF (SBN197241)
Email: jratinoff@mintz.com
KARINEH KHACHATOURIAN (SBN 202634)
Email: kkhachatourian@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY
AND POPEO P.C.
1400 Page Mill Road
Palo Alto, CA  94304-1124
Telephone: (650) 251-7700
Facsimile:  (650) 251-7739

Attorneys for Plaintiff,
CONTINENTAL D.I.A. DIAMOND PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTINENTAL D.I.A. DIAMOND PRODUCTS, INC., a California corporation,<br><br>                              Plaintiff,<br><br>     vs.<br><br>DONG YOUNG DIAMOND INDUSTRIAL CO., LTD., a South Korean company, DONGSOO LEE, an individual, and DOES 1-10, inclusive,<br><br>                              Defendants. | Case No. CV 08-2136 SI<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF THE DEFENDANTS' ANSWER, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:         August 29, 2008<br>Time:        9:00 a.m.<br>Place:       Courtroom 10<br>Judge:      Honorable Susan Illston<br><br>Complaint Filed:   April 24, 2008<br>Trial Date:            None Set |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on August 29, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 10 of the above entitled court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California, Plaintiff and Counter Defendant CONTINENTAL D.I.A. DIAMOND PRODUCTS, INC. ("Continental"), will and hereby does move the Court for an Order striking Defendants and Counterclaimants DONG YOUNG DIAMOND INDUSTRIAL CO., LTD. ("Dong Young") and DONGSOO LEE ("Lee") (collectively "Defendants") Second, Sixth, Fifteenth, Twenty-Fourth and Twenty-Fifth Affirmative Defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure ("FRCP"), applicable statutory authority and case law.

This motion is based on the failure of Defendants' Answer to meet the pleading requirements set forth by the Federal Rules. Specifically, Defendants' Second, Sixth, Fifteenth, Twenty-Fourth and Twenty-Fifth Affirmative Defenses fail to meet the most basic pleading requirements of Rule 8 and Rule 9(b) of the Federal Rules of Civil Procedure. In the alternative, Continental moves for an order pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, applicable statutory authority and case law for a more definite statement.

This motion is based upon this Notice of Motion and Motion, the arguments set forth in the brief below, the Complaint filed in this action, Defendants' Answer and Counterclaims filed in this action (Docket No. 8), any reply memorandum and supporting documents, along with the papers, records, and pleadings on file herein and such other and further matters as may be presented at the hearing on this motion.

Dated: July 23, 2008

Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

*/s/ Jeffrey M. Ratinoff*
By: JEFFREY M. RATINOFF
Attorneys for Plaintiff,
Continental D.I.A. Diamond Products, Inc.

- 1 -
PLAINTIFF'S NTC OF MTN AND MTN TO STRIKE PORTIONS OF DEFENDANTS' ANSWER OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT; MPA ISO; CASE NO.: CV 08-2136 SI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Continental D.I.A. Diamond Products, Inc. ("Continental" or "Plaintiff") files this motion to strike, or in the alternative, motion for a more definitive statement to clarify the pleadings and in some instances, strike various affirmative defenses that simply do not meet the minimum pleading standards.  Continental filed its Complaint on April 24, 2008 alleging Breach of Contract, Trademark Infringement, False Designation of Origin, False Advertising, and Unfair Competition. (Docket No. 1.)  On April 30, 2008, Continental effected served its Complaint.  (Docket Nos. 10 and 11.)  Defendants did not respond, resulting in the clerk's notice of default.  (Docket No. 13.)  After default was taken, Defendants sought to set aside default and agreed to pay Continental's attorneys fees.  (Docket No. 14.)  On June 26, 2008 Defendants filed their "Answer, Affirmative Defenses and Counterclaims" to Continental's Complaint pursuant to stipulation.  (Docket No. 18.)  On July 9, 2008, the Parties entered into an extension of time for Continental to respond, making Continental's motion timely.  (Docket No. 20.)  For the reasons set forth below, Continental respectfully requests that Defendants' Second, Sixth, Fifteenth, Twenty-Fourth and Twenty-Fifth Affirmative Defenses or in the alternative, to provide additional information.

## II.   STATEMENT OF ISSUES TO BE DECIDED

1. Whether Defendants' Second and Sixth Affirmative Defenses allege fraud with sufficient particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure ("FRCP");

2. Whether Defendants' Twenty-Fifth Affirmative Defense gives Continental "fair notice" of Defendants' alleged "additional defenses" under Rule 8(a) of the FRCP;

3. Whether Defendants' Twenty-Fourth Affirmative Defense is immaterial since no trade secret claim has been asserted;

4. Whether Defendants have alleged facts sufficient to maintain their Second Affirmative Defense, Estoppel; and

5. If Defendants' allegations are found to be insufficient, whether Defendants should be permitted to amend their Answer and Counterclaims.

/ / /

## III. ARGUMENT

### A. APPLICABLE LEGAL STANDARD

Continental's Motion to Strike may and should be considered by the Court. A motion to strike is appropriate to attack portions of pleadings that cannot be addressed by a motion to dismiss.

Specifically, FRCP 12(f) states as follows:

> upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Pursuant to Rule 12(f), a defendant may challenge an improper claim or insufficient defense to avoid the expenditure of time and money that arises from litigating spurious issues by dispensing with these issues before trial. 2 W. Schwarzer *et al., California Practice Guide: Federal Civil Procedure Before Trial* ¶ 9:378 (Rutter Group 2008); *see also Bureerong v. Uvawas*, 922 F.Supp. 1450, 1478-1479 (C.D.Cal. 1996).

Where the motion may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken. *See Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). Striking certain of Defendants' Affirmative Defenses that have no basis in law will certainly further this general policy.

### B. The Court Should Strike Defendants' Fifteenth Affirmative Defense Because They Fail to Plead Fraud with Specificity

Defendants' Fifteenth Affirmative Defense does not meet Rule 9(b)'s heightened pleading standard for allegations of fraud. Specifically, this rule provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity;" F.R.Civ.P. 9(b); s*ee also Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-1023 (9th Cir. 2000) (fraud claims must be pled "with a high degree of meticulousness"). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud… so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985); *accord Vess v. Ciba-Geigy Corp.*

- 2 -

*USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  Allegations that are vague and conclusory are insufficient to satisfy the particularity required by Rule 9(b).  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).  The "plaintiff must set forth more than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106.

Here,  Defendants' allege that "Continental's claims are barred on the grounds of fraud." (Docket No. 18 at 9:6.)  Defendants make no further allegation concerning this defense.  , Defendants fail to specify the most basic facts to support a fraud allegation, such as 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106; *accord Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (allegations of fraud must include "an account of the time, place, and the specific content of the false representations as well as the identities of the parties to the misrepresentations").  Accordingly, the Court should strike this affirmative defense.

### C. Defendants' Unclean Hands Defense Should Also Be Stricken.

Defendants' unclean hands defense should also be stricken to the extent it is based on fraud. Defendants Sixth Affirmative Defense alleges that " Continental's claims are barred by the doctrine of unclean hands."  (Docket No. 18 at 8:23.)  If Defendants' basis to support this defense is fraud, which is not clear, it must be plead with specificity under Rule 9(b).  Since Defendants offer no facts that would establish the basis for its unclean hands defense, it must be stricken.

### D. No Showing Of Estoppel Has Been Made Nor Has Estoppel Been Properly Plead To Justify Alphaville's Sixth Defense.

In its Second Affirmative Defense, Defendants state that "Continental's claims are barred by the doctrine of estoppel."  (Docket No. 18 at 8:18.)  A party asserting an estoppel defense must be able to show it acted without knowledge of the matter asserted.  *See Brother Records, Inc. v. Jardine*, 318 F.3d 900, 910 (9th Cir. 2003).  Defendants have neither shown nor properly plead estoppel to justify its Second Affirmative Defense.  Since no facts have been alleged to support an estoppel defense, Defendants' Second Affirmative Defense should be stricken.

### E. Defendants' Preemption Defense Is Immaterial and Should Be Stricken.

Defendants' allege that "Continental's unfair competition claim is preempted by the

- 3 -

California Uniform Trade Secrets Act and/or other law." (Docket No. 18 at p. 9:23-24.) Since Continental has not plead a Trade Secrets Claim, Defendants Twenty Fourth Affirmative Defense should be stricken as it is clearly immaterial to the causes of action at issue in the lawsuit. (*See generally* Docket No. 1.)

### F.   Defendants' Twenty-Fifth Affirmative Defense Should Be Stricken For Failure To Give Continental FAIR Notice.

Defendants' Twenty-Fifth Affirmative Defense merely alleges that "Defendants reserve the right … to file any additional affirmative defenses…" (Docket No. 18 at 9:25-27.) This vague allegation does not meet even the liberal requirements for "notice pleading" of the FRCP because it could include nearly any and every potential defense to the claims asserted by Continental. *See Bell Atlantic Corp. v. Twombly*, __ U.S.__, 127 S. Ct. 1955, 1964-65, 167 L.Ed. 929 (2007). This blanket, "catchall" defense does not give Continental "fair notice" of any potential defenses or counterclaims that Defendants "intends to rely upon." *Id.*

Moreover, Defendants' attempt to "reserve[] its right to amend this Answer" is directly contrary to the FRCP. *See* FRCP 15(a) ("A party may amend the party's pleading once as a matter of course at any time *before* a responsive pleading is served.… Otherwise a party may amend its pleading *only by leave of court* or *by written consent* of the adverse party.") (emphasis added). While the Federal Rules state that "leave [to amend] shall be freely given when justice so requires," Defendants do not hold a "right to amend," and thus cannot reserve a "right" it is not entitled to. *Id.*

Since the "catchall" affirmative defense does not provide Continental with "fair notice" of Defendants' allegations, and Defendants cannot reserve a right to amend its affirmative defenses and/or counterclaims, this Court should strike Defendants' Twenty-Fifth Affirmative Defense.

### G.   In the Alternative, This Court Should Grant Plaintiff's Motion for a More Definite Statement.

Under Rules 12(e), "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement." F.R.Civ.P. 12(e). In general, leave to amend will be denied if it is clear that amendment would be futile and "that the deficiencies of the complaint could not be

- 4 -

cured by amendment." *Advanced Cardiovasculaw Sys., Inc.v. Medtronic, Inc.* 1996 U.S. Dist. LEXIS 11696 at *8 (N.D. Cal. 1996) (quoting *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987)).

In the instant case, Defendants' Second, Sixth, Fifteenth, Twenty-Fourth and Twenty-Fifth Affirmative Defenses, are so vague and ambiguous that Plaintiff cannot reasonably be required to frame a responsive pleading.  For example, as discussed above, because the Defendants do not allege ***any*** facts to support their fraud or unclean hands defenses with particularity, Plaintiff does not have fair notice of what Defendants' defenses are in order to frame a reply.

Similarly, as discussed above, Plaintiff cannot reasonably be expected to respond to Defendants' "catchall" affirmative defense because it potentially is so broad that it could cover nearly any and every defense to litigation imaginable.  Moreover, Plaintiff has no way of knowing at this time what defenses and or counterclaims will later "become appropriate" once discovery proceeds.  Thus, Plaintiff is unable to respond.

Further, amendment of Defendants' Second, Sixth, Fifteenth, Twenty-Fourth and Twenty-Fifth Affirmative Defenses would be futile, as it is clear that Defendants do not yet know what affirmative defenses or counterclaims they will later allege after discovery proceeds.  In addition, amendment of Defendants' attempt to reserve a "right to amend" would be futile because amendment may only be made by leave of court or by written consent of the adverse party. *See* F.R.Civ.P. 15(a).  Thus, because amendment would be futile, this Court should not allow Defendants to amend its affirmative defenses, but should strike it from the Answer.

## IV. CONCLUSION

Based on the foregoing, Plaintiff Continental respectfully requests that the Court strike Defendants' Second, Sixth, Fifteenth, Twenty-Fourth and Twenty-Fifth Affirmative Defenses, or in the alternative, compel Defendants to provide a more definite statement.

Dated: July 23, 2008

Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

*/s/ Jeffrey M. Ratinoff*
By:  JEFFREY M. RATINOFF

Attorneys for Plaintiff,
Continental D.I.A. Diamond Products, Inc.

4376827v.3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTINENTAL D.I.A. DIAMOND PRODUCTS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DONG YOUNG DIAMOND INDUSTRIAL CO., LTD., a South Korean company, DONGSOO LEE, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV 08-2136 SI<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE PORTIONS OF THE DEFENDANTS' ANSWER, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**<br><br>Date:   August 29, 2008<br>Time:   9:00 a.m.<br>Place:  Courtroom 10<br>Judge:  Honorable Susan Illston<br><br>Complaint filed: April 24, 2008<br>Trial Date:      None Set |

This matter came on for hearing on August 29, 2008, in Courtroom 10, of the above-entitled court on Plaintiff and Counter Defendant Continental D.I.A. Diamond Products, Inc.'s ("Continental") Rule 12(f) Motion to Strike Portions of the Defendants DONG YOUNG DIAMOND INDUSTRIAL CO., LTD.'s ("Dong Young") and DONGSOO LEE's ("Lee") (collectively "Defendants") Second, Sixth, Fifteenth, Twenty-First, Twenty-Fourth and Twenty-Fifth Affirmative Defenses in its Answer ("Motion to Strike").

The Court, having considered Continental's Motion to Strike, the opposing and responsive papers, and good cause appearing therefore,

/ / /

1  IT IS HEREBY ORDERED that:

2  Continental's Motion to Strike is GRANTED because Defendants failed to plead their

3 Second, Sixth, Fifteenth, Twenty-Fourth and Twenty-Fifth Affirmative Defenses in their Answer

4 with the specificity required by Rules 8 and 9 of the Federal Rules of Civil Procedure and applicable

5 case law.

6  ACCORDINGLY, IT IS HEREBY ORDERED that:

7  1.  Defendants' Second Affirmative Defense at page 8, line 18 is hereby stricken;

8  2.  Defendants' Sixth Affirmative Defense at page 8, line 23 is hereby stricken;

9  3.  Defendants' Fifteenth Affirmative Defense at page 9, line 6, is hereby stricken;

10  4.  Defendants' Twenty-Fourth Affirmative Defense at page 9, lines 23-24 is hereby

11 stricken; and

12  5.  Defendants' Twenty-Fifth Affirmative Defense at page 9, line 25-27 is hereby

13 stricken.

14  IT IS SO ORDERED.

15

16 Dated: _____

17

18  HONORABLE SUSAN ILLSTON
    UNITED STATES DISTRICT COURT JUDGE

19

20

21

22

23

24

25

26

27  4378398v.2

28

- 2 -
[PROPOSED] ORDER GRANTING PL.'S MOT. TO STRIKE PORTIONS OF DEFS.'
ANSWER AND COUNTERCLAIMS;                              CASE NO.: CV 08-2136 SI