Marc M. Gorelnik  (Calif. Bar No. 166833)
Email: mmgorelnik@townsend.com
**TOWNSEND and TOWNSEND and CREW LLP**
Two Embarcadero Center, 8th Floor
San Francisco, CA  94111-3834
Telephone: 415-576-0200
Facsimile: 415-576-0300


Alfred C. Frawley, Esq. (*pro hac vice*) (Maine Bar No. 2547)
Email: afrawley@preti.com
William D. Hagedorn, Esq. (*pro hac vice*) (Calif. Bar No. 199322)
Email: whagedorn@preti.com
**PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP**
One City Center, P.O. Box 9546
Portland, Maine 04112-9546
Telephone: (207) 791-3000
Facsimile: (207) 791-3111

Attorneys for Defendant/Counterclaim Plaintiff
DONG YOUNG DIAMOND INDUSTRIAL CO., LTD,
AND DONGSOO LEE.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTINENTAL D.I.A. DIAMOND PRODUCTS, INC., a California corporation,<br><br>        Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>DONG YOUNG DIAMOND INDUSTRIAL CO., LTD, a South Korean company, DONGSOO LEE, an individual, and DOES 1-10, inclusive,<br><br>        Defendant/Counterclaim Plaintiff. | Case No. 08-cv-2136-SI<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS OF DONG YOUNG DIAMOND INDUSTRIAL CO., LTD. AND DONGSOO LEE**<br><br>Date:  August 29, 2008<br>Time:  9:00 a.m.<br>Location:  Courtroom 10, 19th Floor |

1

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS
Case No. 08-cv-2136-SI

**TABLE OF CONTENTS**

**Page**

I.   LEGAL STANDARD ................................................................................................2

II.  ARGUMENT .............................................................................................................3

   A.   Dong Young Has Adequately Alleged a Separate Cause of Action for Continental's Breach of the Covenant of Good Faith and Fair Dealing. ...................3
   B.   Dong Young Has Adequately Alleged a Claim for Fraud Under California Law. ........................................................................................................4
   C.   Dong Young Has Adequately Alleged a Separate Cause of Action for Quantum Meruit. ........................................................................................................5
   D.   Dong Young Has Adequately Alleged a Claim of Promissory Estoppel. .................6
   E.   Dong Young Has Adequately Alleged a Separate Cause of Action for Constructive Trust/Unjust Enrichment. ....................................................................6
   F.   Dong Young Has Adequately Pled a Claim for Intentional Interference with Prospective Economic Advantage. ..........................................................................9
   G.   Dong Young Has Adequately Pled a Claim for Negligent Interference with Prospective Economic Advantage. ................................................................10
   H.   Dong Young Has Adequately Pled a Claim for Accounting. .................................12
   I.   Dong Young Has Adequately Pled a Claim for Commercial Defamation .............12
   J.   Dong Young Has Adequately Pled a Claim for Trade Libel. .................................13
   K.   Dong Young Has Adequately Pled a Cause of Action for Unfair Competition ......13
   L.   Dong Young Has Adequately Pled a Claim for Conversion ..................................14
   M.  Dong Young Has Adequately Pled a Claim for Constructive Fraud. .....................15

III. CONCLUSION .......................................................................................................16

i

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Baas v. Dollar Tree Stores, Inc.*,
  2007 U.S. Dist. LEXIS 65979, 5-6 (N.D. Cal. Aug. 29, 2007) ........................................... 5, 17
*Balistreri v. Pacifica Police Dep't.*,
  901 F.2d 696 (9th Cir. 1990) .................................................................................................. 3
*Ball v. Johanns*,
  2008 U.S. Dist. LEXIS 9609 (E.D. Cal. Jan. 29, 2008) ....................................................... 8, 9
*Bell Atl. Corp. v. Twombly*,
  127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ............................................................................. 3
*Beth Israel Medical Center v. Horizon Blue Cross and
  Blue Shield of New Jersey, Inc.*,
  448 F.3d 573 (2d Cir. 2006) .................................................................................................... 8
*Careau v. Sec. Pac. Bus. Credit, Inc.*,
  222 Cal. App. 3d 1371 (1990) ................................................................................................. 4
*City and County of San Francisco v. Cambridge Integrated Servs, Group, Inc.*,
  2007 U.S. Dist. LEXIS 51376 (N.D. Cal. July 2, 2007) .................................................. 14, 17
*Civic Western Corp. v. Zila Industries, Inc.*,
  66 Cal. App. 3d 1 (1977) ....................................................................................................... 14
*Concha v. London*,
  62 F.3d 1493 (9th Cir. 1995), *cert. denied*, 517 U.S. 1183, 116 S. Ct. 1710, 134 L. Ed. 2d 772
  (1996) ....................................................................................................................................... 2
*CRST Van Expedited, Inc. v. Werner Enters.*,
  479 F.3d 1099 (9th Cir. 2007) .............................................................................................. 16
*Des Granges v. Crall*,
  27 Cal. App. 313 (1915) ........................................................................................................ 14
*DeSoto v. Yellow Freight Sys., Inc.*,
  957 F.2d 655 (9th Cir. 1992) .................................................................................................. 3
*Diamond Multimedia Systems, Inc. v. Superior Court*,
  19 Cal. 4th 1036 (1999) ......................................................................................................... 11
*Dillon v. Legg*,
  68 Cal.2d 728 (1968) ............................................................................................................. 13
*DSU Aviation, LLC v. PCMT Aviation, LLC*,
  2007 U.S. Dist. LEXIS 86835 (N.D. Cal. Nov. 14, 2007) ........................................... 9, 13, 17
*Erlich v. Menezes*,
  21 Cal. 4th 543, 981 P.2d 978 (1999) .............................................................................. 14, 17
*Foman v. Davis*,
  371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) .............................................................. 3
*Grudt v. City of Los Angeles*,
  2 Cal. 3d 575, 86 Cal. Rptr. 465 P.2d 825 (1970) .................................................................. 6
*HCC Life Ins. Co. v. Managed Benefit Adm'rs LLC*,
  2008 U.S. Dist. LEXIS 46445 (E.D. Cal. June 11, 2008) ...................................................... 3
*Hedging Concepts v. First Alliance Mortgage Co.*,
  41 Cal. App. 4th 1410 (1996) ................................................................................................. 6
*In re Blewett*,
  14 B.R. 840 (9th Cir. 1981) .................................................................................................. 10
*In re Pomona Valley Med. Group*,
  476 F.3d 665 (9th Cir. 2007) ................................................................................................ 16
*In re Wal-Mart Wage and Hour Employment Practices Litigation*,
  490 F. Supp. 2d 1091 (D.Nev. 2007) ...................................................................................... 8

ii

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS
Case No. 08-cv-2136-SI

*J'Aire Corp. v. Gregory*,
   24 Cal. 3d 799 (Cal. 1979) .................................................................................................. 13
*Kajima/Ray Wilson v. Los Angeles County Metro. Transp. Auth.*,
   1 P.3d 63 (Cal. 2000) ........................................................................................................... 7
*Maloney v. Scottsdale Ins. Co.*,
   256 Fed. Appx. 29 (9th Cir. Cal. 2007) ............................................................................... 6
*McBride v. Boughton*,
   123 Cal. App. 4th 379, 20 Cal. Rptr. 3d 115 (Ct. App. 2004) .......................................... 9, 10
*McCalden v. California Library Ass'n*,
   955 F.2d 1214 (9th Cir. Cal. 1992) .................................................................................. 6, 8
*McKesson HBOC, Inc. v. New York State Common Retirement Fund, Inc.*,
   339 F.3d 1087 (9th Cir. 2003) ............................................................................................. 8
*Mendiondo v. Centinela Hosp. Med. Ctr.*,
   521 F.3d 1097 (9th Cir. Cal. 2008) ..................................................................................... 3
*Molsbergen v. United States*,
   757 F.2d 1016 (9th Cir.), *cert. dismissed*, 473 U.S. 934, 87 L. Ed. 2d 706, 106 S. Ct. 30 (1985)
   ........................................................................................................................................ 7, 8
*Neubronner v. Milken*,
   6 F.3d 666 (9th Cir. 1993) ............................................................................................. 5, 17
*Nordberg v. Trilegiant Corp.*,
   445 F. Supp. 2d 1082 (N.D. Cal. April 4, 2006) .................................................................. 9
*Prudential Ins. Co. of Am. v. Black*,
   2000 U.S. App. LEXIS 3618 (9th Cir. Cal. Mar. 3, 2000) ................................................ 18
*Qwest Comm. Corp. v. Herkles, LLC*,
   2008 U.S. LEXIS 22154 (E.D. Cal.) ....................................................................... 9, 10, 12
*Saunders v. Cariss*,
   224 Cal. App. 3d 905, 274 Cal. Rptr. 186 (4th Dist. 1990) ................................................ 9
*Sousanis v. Nothwest Airlines, Inc.*,
   2000 WL 34015861 (N.D.Cal. Mar. 3, 2000) .............................................................. 10, 11
*Terry v. Terry*,
   273 S.E. 2d 674 (N.C. 1981) ............................................................................................. 17
*Tyler v. Children's Home Soc'y*,
   29 Cal. App. 4th 511, 35 Cal. Rptr. 2d 291 (Cal. Ct. App. 1994) ..................................... 18
*United States v. Redwood City*,
   640 F.2d 963 (9th Cir. 1981) .............................................................................................. 2
*Vahidallah v. San Diego Hous. Comm'n*,
   2008 U.S. Dist. LEXIS 57113 (S.D. Cal. July 28, 2008) ................................................... 2
*Valdez v. J.D. Diffenbaugh Co.*,
   51 Cal. App. 3d 494, 505 (1975) ....................................................................................... 13

**Statutes**
Cal. Bus. & Prof. Code §§ 17200 ................................................................................................ 14

**Other Authorities**
Prosser, Law of Torts (3d ed. 1964) pp. 332-333) ...................................................................... 11

**Rules**
Fed. R. Civ. P. 15(a) ...................................................................................................................... 3
Fed. R. Civ. P. 8(a) ........................................................................................................................ 2
Fed. R. Civ. P. 8(e)(2) ............................................................................................................... 5, 7

Defendant/Counterclaim Plaintiffs Dong Young Diamond Industrial Co., Ltd and Dongsoo Lee (collectively "Dong Young") respectfully submit this Opposition to Plaintiff's Motion to Dismiss the Second through Fourteenth Causes of Action set forth in Dong Young's Counterclaim, dated June 26, 2008. Dong Young's Counterclaim sets forth detailed allegations, not only of Continental's breach of the parties' contract, but also of a concerted effort by Continental to interfere with Dong Young's business by starting a competing business in the same geographic area and to fraudulently induce Dong Young's employees to leave their employment.

Dong Young has alleged facts sufficient to satisfy its pleading requirements for each of its counterclaims, not just a formulaic recitation of the elements as claimed. Accordingly, Continental's Motion to Dismiss should be denied in its entirety. To the extent the Court determines that any of Dong Young's counterclaims are not sufficiently pled, however, Dong Young respectfully requests that it be granted leave to amend.

**I.     LEGAL STANDARD**

Rule 12(b)(6) dismissal is proper only in "extraordinary" cases. *Vahidallah v. San Diego Hous. Comm'n*, 2008 U.S. Dist. LEXIS 57113 (S.D. Cal. July 28, 2008) (citing *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981)). In evaluating a 12(b)(6) motion, the court must accept the complaint's allegations as true and construe them in the light most favorable to Plaintiff. *See, e.g.*, *Concha v. London*, 62 F.3d 1493, 1500 (9th Cir. 1995), *cert. denied*, 517 U.S. 1183, 116 S. Ct. 1710, 134 L. Ed. 2d 772 (1996). The complaint need not contain detailed factual allegations, but it must provide more than "a formulaic recitation of the elements of a cause of action." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. Cal. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)). Under Fed. R. Civ. P. 8(a), the plaintiff must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 1964 (internal citation and quotation marks omitted). Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a

2

cognizable legal theory or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

In the event a court grants a motion to dismiss any claim, the court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, … undue prejudice to the opposing party by virtue of … the amendment, [or] futility of the amendment…." *HCC Life Ins. Co. v. Managed Benefit Adm'rs LLC*, 2008 U.S. Dist. LEXIS 46445 (E.D. Cal. June 11, 2008) (quoting Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).  Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## II. ARGUMENT

### A. Dong Young Has Adequately Alleged a Separate Cause of Action for Continental's Breach of the Covenant of Good Faith and Fair Dealing.

Despite Continental's claim to the contrary, Dong Young has adequately alleged a claim for breach of covenant of good faith and fair dealing.  To establish a claim for breach of the covenant of good faith and fair dealing, a party "must show that the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." *Careau v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1394 (1990).  Further, "[j]ust what conduct will meet these criteria must be determined on a case by case basis and will depend on the contractual purposes and reasonably justified expectations of the parties." *Id.*

Dong Young's counterclaim satisfies this test.  Specifically, Dong Young alleges that Continental formed GM Diamond, a directly competitive company, which then hired away several of Dong Young's key employees.  Counterclaims, at ¶¶ 6 – 8.  These acts frustrate the

3

purpose of the contract, which was for Dong Young to supply Continental with cutting tools. Dong Young's reasonable expectations were to supply Continental with these tools and for Continental to pay for the tools. These expectations were deliberately frustrated by Continental, which formed a competing company and then induced Dong Young's employees to come work for that competing company. At the very least, Continental did not act in good faith with respect to the purpose of the contract with Dong Young. It may easily be inferred from Dong Young's allegations that Continental's actions were designed to get out of its relationship with Dong Young. Accordingly, Continental's Motion to Dismiss Dong Young's second cause of action should be denied.

### B. Dong Young Has Adequately Alleged a Claim for Fraud Under California Law.

Dong Young's allegations satisfy the pleading requirements for establishing a claim of fraud. While Rule 9(b) requires fraud to be pled with some level of particularity, Continental erroneously suggests that Dong Young must identify the "type of fraud" that Continental committed. Moreover, the requirements of Rule 9(b) "may be relaxed with respect to matters within the opposing party's knowledge. In such situations, plaintiffs can not be expected to have personal knowledge of the relevant facts." *Baas v. Dollar Tree Stores, Inc.*, 2007 U.S. Dist. LEXIS 65979, 5-6 (N.D. Cal. Aug. 29, 2007) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). Certainly, at least a portion of the information supporting Dong Young's claim is within the exclusive control of Continental. Regardless of the standard applied, however, Dong Young has sufficiently pled a claim for fraud.

Dong Young has alleged that Continental agreed to pay Dong Young for the Products supplied from July to September 2007, but then refused to pay and instead ceased all business relations with Dong Young in the fall of 2007, Counterclaim, at ¶¶ 3 - 5, while at the same time inducing Dong Young's employees (who are specifically identified by name) to leave Dong Young to work for a direct competitor that was established by Continental. *Id.* at ¶¶ 6 -8. While

4

Dong Young anticipates that discovery will provide additional support for its claim, the allegations set forth in the Counterclaim adequately plead the elements of fraud.

Viewed as a whole, Dong Young's allegations portray a concerted effort on the part of Continental to fraudulently induce Dong Young to rely on Continental's agreement that Dong Young would continue to supply Continental with cutting tools and that Continental would continue to pay for those tools. Continental's knowledge of the falsity of these representations may be inferred from its effort to induce Dong Young's employees to leave Dong Young and to establish a directly competitive business in Korea. As Dong Young alleges, "Continental knowingly made false and misleading statements of material fact, concealed materials facts, and/or made promises without the intent to perform the promises." Counterclaims, at ¶ 25.

### C. Dong Young Has Adequately Alleged a Separate Cause of Action for Quantum Meruit.

Quantum meruit is "an equitable theory which supplies, by implication and in furtherance of equity, implicitly missing contractual terms." *Hedging Concepts v. First Alliance Mortgage Co.*, 41 Cal. App. 4th 1410, 1419 (1996). While Continental does not appear to dispute that a valid contract existed between the parties, the complete terms of that contract have not been alleged in either the Complaint or the Counterclaims. Quantum meruit may be pled to supply missing contractual terms relating to compensation, or other matters, if discovery reveals that any such terms are missing.

Moreover, California law permits plaintiffs to plead alternative, inconsistent causes of action in the same complaint. *See Maloney v. Scottsdale Ins. Co.*, 256 Fed. Appx. 29, 33 (9th Cir. Cal. 2007) (citing *Grudt v. City of Los Angeles*, 2 Cal. 3d 575, 86 Cal. Rptr. 465, 468 P.2d 825, 830 (1970)). Federal Rule of Civil Procedure 8(e)(2) explicitly provides, in relevant part, that "[a] party may . . . state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds." Fed. R. Civ. P. 8(e)(2). The Ninth Circuit has further held that "in light of the liberal pleading policy embodied in Rule 8(e)(2) . . . a pleading should not be construed as an admission against another alternative or

5

inconsistent pleading in the same case." *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. Cal. 1992) (citing *Molsbergen v. United States*, 757 F.2d 1016 at 1019 (9th Cir.), *cert. dismissed*, 473 U.S. 934, 87 L. Ed. 2d 706, 106 S. Ct. 30 (1985)). Because Dong Young is permitted to plead quantum meruit as an alternative claim, Continental's motion to dismiss the fourth cause of action claim should be denied.

### D. Dong Young Has Adequately Alleged a Claim of Promissory Estoppel.

There is no question that Dong Young has properly alleged a claim for promissory estoppel. Dong Young specifically alleges that "Continental made clear and unambiguous promises that it should reasonably have realized would cause Dong Young to act and/or forbear to its detriment, including, without limitation, promises to provide prompt payment to Dong Young for services rendered and products supplied." Counterclaims, at ¶ 42. Dong Young also alleges an agreement between the parties that Dong Young would supply cutting tools to Continental in accordance with orders placed by Continental and Continental would pay for the tools within 60 days of delivery. *Id.* at ¶ 3.

These specific allegations of detrimental reliance are plainly sufficient to plead the reliance element of promissory estoppel. *See, e.g.*, *Kajima/Ray Wilson v. Los Angeles County Metro. Transp. Auth.*, 1 P.3d 63 (Cal. 2000) (collecting cases in which an "action . . . of a definite and substantial character on the part of the promisee" had been induced). In light of the parties' agreement, Continental's "orders" for cutting tools constitute clear promises; Dong Young relied on those promises to its detriment by manufacturing and supplying those tools. Dong Young was damaged at least in the amount that is was due for the Products. Given Continental's promise and Dong Young's reliance, Continental is estopped from contending that it does not owe the amounts due for the products.

### E. Dong Young Has Adequately Alleged a Separate Cause of Action for Constructive Trust/Unjust Enrichment.

Continental suggests that this cause of action should be dismissed because California law does not allow recovery of unjust enrichment when a party pleads breach of an enforceable

6

contract.  Dong Young submits, however, that its unjust enrichment claim is properly pleaded as an alternative to its claim for breach of contract.  "The doctrine of unjust enrichment is recognized where there is no enforceable agreement between the parties on the subject matter at issue or where no adequate legal remedy exists."  *Ball v. Johanns*, 2008 U.S. Dist. LEXIS 9609, at *6 (E.D. Cal. Jan. 29, 2008) (citing *McKesson HBOC, Inc. v. New York State Common Retirement Fund, Inc.*, 339 F.3d 1087, 1090 (9th Cir. 2003); *Beth Israel Medical Center v. Horizon Blue Cross and Blue Shield of New Jersey, Inc.*, 448 F.3d 573 (2d Cir. 2006)).

Here, Dong Young has pled that a contract existed between the parties.  However, as noted above, pursuant to Federal Rule of Civil Procedure 8(e)(2), the plaintiff may plead alternative, and even inconsistent, theories.  Id. at *9 (*In re Wal-Mart Wage and Hour Employment Practices Litigation*, 490 F. Supp. 2d 1091, 1117 (D.Nev. 2007)).  Moreover, the liberal policy reflected in Rule 8(e)(2) instructs courts not to construe a pleading "as an admission against another alternative or inconsistent pleading in the same case."  *Id.* (quoting *McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990) (quoting *Molsbergen v. United States*, 757 F.2d 1016, 1019 (9th Cir. 1985)).  Thus, Dong Young's claim for unjust enrichment should not be barred because it simultaneously states a claim for breach of contract.  If the Court determines, for instance, that the terms of the parties' agreement did not govern the conduct in dispute in the counterclaim, then the unjust enrichment claim is proper.  *Ball v. Johanns*, 2008 U.S. Dist. LEXIS 9609, at *10 (E.D. Cal. Jan. 29, 2008).

Dong Young further recognizes that some California courts have indicated that unjust enrichment "is not a cause of action . . ., or even a remedy, but rather a general principle, underlying various legal doctrines and remedies."  *McBride v. Boughton*, 123 Cal. App. 4th 379, 387, 20 Cal. Rptr. 3d 115 (Ct. App. 2004).  This Court has recognized, however, that "courts finding that California does not allow an 'unjust enrichment' cause of action have made essentially semantic arguments--focusing on the interrelationship between the legal doctrine of unjust enrichment and the legal remedy of restitution."  *DSU Aviation, LLC v. PCMT Aviation,*

7

*LLC*, 2007 U.S. Dist. LEXIS 86835 (N.D. Cal. Nov. 14, 2007) (quoting *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1100 (N.D. Cal. April 4, 2006)).

Even if the Court accepts Continental's argument that there is no cause of action for unjust enrichment under California law, this Court should "ignore [e]rroneous or confusing labels. . .if the complaint pleads facts which would entitle the plaintiff to relief." *Qwest Comm. Corp. v. Herkles, LLC*, 2008 U.S. LEXIS 22154, at *34 (E.D. Cal.) (quoting *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (1st Dist. 2004) (quoting *Saunders v. Cariss*, 224 Cal. App. 3d 905, 908, 274 Cal. Rptr. 186 (4th Dist. 1990)).  The court in *McBride* looked "to the actual gravamen of [the] complaint to determine what cause of action, if any, [was] stated, or could have [been] stated if given leave to amend.  In accordance with this principle, [the court] construed [the] purported cause of action for unjust enrichment as an attempt to plead a cause of action giving rise to a right to restitution." *Id*., at *34-35 (quoting *McBride*, 123 Cal. App. 4th at 387-388).  "A pleading, according to the liberal concepts of Rule 8, is to be judged by its substance rather than by its form or label." *In re Blewett*, 14 B.R. 840, 842 (9th Cir. 1981).

To the extent the Court considers this claim to be a cause of action seeking restitution, there exist "several potential bases for a cause of action seeking restitution.  For example, restitution may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason." *Qwest Communs. Corp. v. Herakles, LLC*, 2008 U.S. Dist. LEXIS 22154, at * 35-36 (quoting *McBride*, 123 Cal. App. 4th at 388).  "Alternatively, restitution may be awarded where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct.  In such cases, the plaintiff may choose not to sue in tort, but instead to seek restitution on a quasi-contract theory." *Id.*, at *36.

Because the terms of the parties' agreement have not been fully defined, and because Dong Young is permitted to plead alternative claims, Dong Young's counterclaim for unjust enrichment should not be dismissed.

8

### F. Dong Young Has Adequately Pled a Claim for Intentional Interference with Prospective Economic Advantage.

In *Sousanis v. Nothwest Airlines, Inc.*, 2000 WL 34015861, at *7 (N.D.Cal. Mar. 3, 2000), which is cited by Continental, the plaintiff attempted to bootstrap California statutory law into events that transpired on a tarmac at Detroit International Airport. The Court noted that "California statutes are usually not construed as regulating occurrences outside the state unless a contrary intention is clearly expressed or reasonably can be inferred from the language or purpose of the statute." *Sousanis*, 2000 WL 34015861, at *7 (citing *Diamond Multimedia Systems, Inc. v. Superior Court*, 19 Cal. 4th 1036, 1058-59 (1999)). Because Dong Young's claim for intentional interference with prospective economic advantage is based in common law, however, and not on California statute, *Sousanis* is inapplicable.

Moreover, Dong Young's allegations have a direct nexus to the jurisdiction. Dong Young has alleged that Continental, which is a California corporation, "established" GM Diamond." Counterclaim, at ¶ 6. It may be inferred that Continental controls GM Diamond, thereby bringing that entity within the Court's jurisdiction. Further, Dong Young has alleged that "Continental *and* GM Diamond induced" Dong Young's employees (who were specifically identified) to leave Dong Young to work for a directly competitive company at a time when Continental was contractually obligated to purchase cutting tools from Dong Young. Counterclaim, at ¶¶ 6 – 8 (emphasis added).

Additionally, Continental's argument that Dong Young does not allege a specific economic relationship with which Continental interfered misses the mark. Simply because Dong Young has not identified a company or relationship by name ought not preclude Dong Young from proceeding on the claim. By Continental's establishment of GM Diamond, it is manifest that Continental is well established within, or at least knowledgeable of, the Korean diamond tool industry. It stands to reason, therefore, that Continental and GM Diamond are well aware of the companies in this industry with whom Dong Young has actual or potential economic relationships. GM has created a commercial competitor to Dong Young. Moreover, certain details of Continental's alleged communications and interference with these companies may be

9

within the exclusive control of the Continental. As such, Dong Young's clear claim should be allowed to proceed so that it has the opportunity to further support its claim through discovery.

Claims for tortuous interference with contract do not require pleading that a defendant's conduct was independently wrongful because "intentionally interfering with a contract is a wrong in and of itself." *Qwest Communications Corp. v. Herakles, LLC*, 2008 U.S. Dist. LEXIS 22154. Nevertheless, Dong Young's counterclaims do sufficiently allege independent wrongful acts. Dong Young expected that it would supply Continental with cutting tools and that Continental would pay for them. These expectations were deliberately frustrated by Continental, which formed a competing company and then hired away Dong Young's employees to work for that competing company. Counterclaims, at ¶¶ 6 – 8. At the very least, Continental did not act in good faith with respect to the purpose of the contract with Dong Young. These alleged acts rise to the level of an independent wrong, as it can easily be inferred that Continental's actions were designed to subvert its relationship with Dong Young, and to harm Dong Young in the process.

Dong Young has alleged that Continental's conduct disrupted Dong Young's economic relationships and thereby caused Dong Young to suffer injury. The total effect on Dong Young's customers and the damage to Dong Young's business is not fully known, and will be further developed through discovery. Accordingly, Continental's motion to dismiss should be denied. If the Court is inclined to grant Continental's motion with respect to this claim, however, Dong Young respectfully seeks leave to amend its claim.

**G.    Dong Young Has Adequately Pled a Claim for Negligent Interference with Prospective Economic Advantage.**

Dong Young's counterclaim for negligent interference with prospective economic advantage should not be dismissed for the same reasons that its claim for intentional interference with prospective economic advantage should survive. Moreover, Continental's claim that Dong Young fails to allege that Continental owed a duty of care to Dong Young does not justify the dismissal of Dong Young's claim.

10

1    A duty of care may arise through statute or by contract. *J'Aire Corp. v. Gregory*, 24 Cal. 3d 799, 804-805 (Cal. 1979). Alternatively, a duty may be premised upon the general character of the activity in which the defendant engaged, the relationship between the parties or even the interdependent nature of human society. *Id.* (citing *Valdez v. J.D. Diffenbaugh Co.*, 51 Cal. App. 3d 494, 505 (1975)). Whether a duty is owed is simply a shorthand way of phrasing what is "'the essential question -- whether the plaintiff's interests are entitled to legal protection against the defendant's conduct.'" *Id.* (*Dillon v. Legg,* 68 Cal.2d 728, 734 (1968) (quoting Prosser, Law of Torts (3d ed. 1964) pp. 332-333).

Based on the Counterclaim's allegations, a duty was owed by Continental to Dong Young in the present case. The parties entered into a contract for Dong Young to supply Continental with diamond cutting tools in exchange for Continental's agreement to pay for the products within 60 days of receipt. Counterclaims, at ¶3. Given the parties' relationship and course of dealings, it was foreseeable that Continental's alleged interference with Dong Young's business relationships, through its establishment of a competing business and its alleged interference with Dong Young's employees, would lead to direct and significant harm to Dong Young's business.

Finally, Continental's suggestion that Dong Young may not plead contract claims together with tort claims when the claims arise out of the same facts lacks merit. At the very least, Dong Young's intentional and negligent interference with prospective economic advantage claims and its contract claims can be asserted in the alternative. Moreover, as this Court has ruled, the question of whether California law provides tort remedies for causes of action that sound in contract is "far from settled." *DSU Aviation, LLC v. PCMT Aviation, LLC*, 2007 U.S. Dist. LEXIS 86835, 19-20 (N.D. Cal. Nov. 14, 2007). As noted in *City and County of San Francisco v. Cambridge Integrated Servs, Group, Inc.*, (*Erlich v. Menezes*, 21 Cal. 4th 543, 981 P.2d 978 (1999)at least one court has "acknowledged . . . that the same wrongful act may at times constitute both a breach of contract and a tort." 2007 U.S. Dist. LEXIS 51376 (N.D. Cal. July 2, 2007) (*Erlich v. Menezes*, 21 Cal. 4th 543, 981 P.2d 978 (1999)).

11

**H.    Dong Young Has Adequately Pled a Claim for Accounting.**

Where a sum certain cannot be calculated, accounts are considered "complicated" such that a claim for accounting is warranted. *See, e.g., Civic Western Corp. v. Zila Industries, Inc.*, 66 Cal. App. 3d 1, 14 (1977) (noting that an action for accounting was proper because, *inter alia*, "it was impossible to calculate a sum certain which constituted a final determination of accounts"). Dong Young has alleged a total value of $393,515.80, for the Products supplied to Continental from July through September, 2007. To the extent that Continental disputes this amount, or alleges that some lesser amount is due to Dong Young, Dong Young submits that an accounting is necessary to determine the balance that Continental alleges is owed.

Accordingly, Dong Young's claim for accounting should not be dismissed.

**I.    Dong Young Has Adequately Pled a Claim for Commercial Defamation**

Under California law, the words constituting a defamatory statement "must be set out [such that] the defendant may have notice of the particular charge which he is required to answer." *Des Granges v. Crall*, 27 Cal. App. 313, 315 (1915). Dong Young has alleged, upon information and belief, that "Continental communicated derogatory and false statements concerning Dong Young's reputation to certain third parties," and that the third parties understood the communication to be both derogatory and about Dong Young. Counterclaim, at ¶ 76. While Dong Young submits that it has properly alleged a claim for commercial defamation or slander, it notes that many of the facts that it anticipates will support its claim are within the exclusive control of Continental or third parties. As such, Dong Young anticipates that additional information in support of its claim will be developed through discovery.

Dong Young therefore requests that the Court deny Continental's Motion to Dismiss with respect to Dong Young's Tenth Cause of Action. At a minimum, if the Court is inclined to grant Continental's motion with respect to this claim, Dong Young respectfully seeks leave to amend its counterclaim.

**J.    Dong Young Has Adequately Pled a Claim for Trade Libel.**

As with Dong Young's counterclaim for commercial defamation, Dong Young submits that it has properly alleged a claim for trade libel. It again notes, however, that many of the facts that it anticipates will support its claim for trade libel are within the exclusive control of Continental or third parties. As such, Dong Young anticipates that additional information in support of its claim will be developed through discovery.

Dong Young therefore requests that the Court deny Continental's Motion to Dismiss with respect to Dong Young's Eleventh Cause of Action. At a minimum, if the Court is inclined to grant Continental's motion with respect to this claim, Dong Young respectfully seeks leave to amend its counterclaim.

**K.    Dong Young Has Adequately Pled a Cause of Action for Unfair Competition**

Contrary to Continental's suggestion, Dong Young does not simply incorporate the allegations in its proceeding claims to support its claim of unfair competition. Rather, it also references and incorporates each of the background allegations set forth in paragraphs 1 through 8 of its Counterclaim. It is clear from these allegations that Dong Young has alleged more than a breach of contract. As set forth above, Dong Young's allegations portray a concerted effort on the part of Continental to fraudulently induce Dong Young to continue to supply Continental with diamond cutting tools while at the same time Continental established a directly competitive business in Korea and sought to induce Dong Young's employees to leave. Counterclaims, at ¶¶ 3-8.

Moreover, as discussed, GM Diamond's hiring of Dong Young employees did not occur solely outside of California. Dong Young's allegations have a direct nexus to the jurisdiction. Dong Young has alleged that Continental, which is a California corporation, "established" GM Diamond." *Id.*, at ¶ 6. Continental's control of GM Diamond, brings that entity within the Court's jurisdiction.

Continental also ignores California and federal authority interpreting the Unfair Competition Law to permit common law violations to be the predicate for the "unlawful" prong

13

of Unfair Competition Law violations. *See CRST Van Expedited, Inc. v. Werner Enters.*, 479 F.3d 1099, 1107 (9th Cir. 2007) ("We conclude that CRST adequately alleged a violation by Werner of the Unfair Competition Law by alleging Werner engaged in an 'unlawful' business practice, to wit, intentional interference with existing contracts of employment.") *See also In re Pomona Valley Med. Group*, 476 F.3d 665, 674 (9th Cir. 2007) ("California's unfair competition statute prohibits any unfair competition, which means 'any unlawful, unfair or fraudulent business act or practice.'") (citing Cal. Bus. & Prof. Code §§ 17200, et seq.).

In sum, Dong Young has adequately pled a counterclaim for unfair competition and Continental's motion to dismiss this cause of action should be denied.

**L.     Dong Young Has Adequately Pled a Claim for Conversion**

Dong Young has unquestionably pled a claim for conversion in satisfaction of Rule 8's requirements. Dong Young specifically alleges that it has ownership rights in payments due to Dong Young from Continental and that Continental has wrongfully converted these funds to Dong Young's detriment.

Further, as noted above, Continental's suggestion that Dong Young may not plead contract claims together with tort claims when the claims arise out of the same facts lacks merit. At the very least, Dong Young is entitled to assert its respective breach of contract and conversion claims in the alternative. Moreover, as this Court has ruled, the question of whether California law provides tort remedies for causes of action that sound in contract is "far from settled." *DSU Aviation, LLC v. PCMT Aviation, LLC*, 2007 U.S. Dist. LEXIS 86835, 19-20 (N.D. Cal. Nov. 14, 2007). As the Court noted in *City and County of San Francisco v. Cambridge Integrated Servs, Group, Inc.*, at least one court has "acknowledged . . . that the same wrongful act may at times constitute both a breach of contract and a tort." 2007 U.S. Dist. LEXIS 51376 (N.D. Cal. July 2, 2007) (*Erlich v. Menezes*, 21 Cal. 4th 543, 981 P.2d 978 (1999)).

Accordingly, Continental's Motion to Dismiss the thirteenth cause of action should be denied.

14

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS
Case No. 08-cv-2136-SI

### M. Dong Young Has Adequately Pled a Claim for Constructive Fraud.

The requirements of Rule 9(b) "may be relaxed with respect to matters within the opposing party's knowledge. In such situations, plaintiffs can not be expected to have personal knowledge of the relevant facts." *Baas*, 2007 U.S. Dist. LEXIS 65979, at *5-6 (*Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)). Moreover, some courts have also relaxed Rule 9(b) standards with respect to allegations of constructive fraud. *See, e.g.*, *Terry v. Terry*, 273 S.E. 2d 674, 678-79 (N.C. 1981) ("A constructive fraud claim requires [] less particularity because it is based on a confidential relationship rather than a specific misrepresentation. The very nature of constructive fraud defies specific and concise allegations and the particularity requirement may be met by alleging facts and circumstances (1) which created the relation of trust and confidence, and (2) [which] led up to and surrounded the consummation of the transaction in which defendant is alleged to have taken advantage of his position of trust to the hurt of plaintiff.")

"Constructive fraud 'arises on a breach of duty by one in a confidential or fiduciary relationship to another which induces justifiable reliance by the latter to his prejudice.'" *Prudential Ins. Co. of Am. v. Black*, 2000 U.S. App. LEXIS 3618 (9th Cir. Cal. Mar. 3, 2000) (quoting *Tyler v. Children's Home Soc'y*, 29 Cal. App. 4th 511, 35 Cal. Rptr. 2d 291, 312 (Cal. Ct. App. 1994)). In this case it may be inferred that over their ten year business relationship and course of dealings, the parties level of trust and confidence rose to the level of a fiduciary or confidential relationship sufficient to allege a claim of constructive fraud.

Dong Young's claim for constructive fraud is adequately pled for the same reasons that its fraud claim is properly pled. Dong Young has alleged that Continental agreed to pay Dong Young for the Products, but then refused to pay and instead ceased all business relations with Dong Young in the fall of 2007, Counterclaim, at ¶ 5, while at the same time inducing Dong Young's employees to leave Dong Young to work for a direct competitor that was established by Dong Young. Id. at ¶¶ 6 - 8. While Dong Young anticipates that discovery will provide additional support for its claim, the allegations set forth in the complaint adequately plead the elements of fraud.

15

## III. CONCLUSION

For the foregoing reasons, Dong Young respectfully requests that the Court deny Continental's Motion to Dismiss, in its entirety. To the extent the Court is inclined to grant Continental's Motion with respect to any counterclaim, however, Dong Young respectfully seeks leave to amend such claim.

DATED:    August 8, 2008

By:    /s/ Marc M. Gorelnik

Marc M. Gorelnik (Calif. Bar No. 166833)
TOWNSEND and TOWNSEND and CREW LLP

Alfred C. Frawley, Esq., (*pro hac vice*) (Maine Bar No. 2547)
William D. Hagedorn, Esq., (*pro hac vice*) (Calif. Bar No. 199322)
PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP

Attorneys for Defendant/Counterclaim Plaintiff
DONG YOUNG DIAMOND INDUSTRIAL CO., LTD, AND DONGSOO LEE

61460072 v1

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS
Case No. 08-cv-2136-SI