1  JEFFREY M. RATINOFF (SBN197241)
   Email: jratinoff@mintz.com
2  KARINEH KHACHATOURIAN (SBN 202634)
   Email: kkhachatourian@mintz.com
3  MINTZ LEVIN COHN FERRIS GLOVSKY
   AND POPEO P.C.
4  1400 Page Mill Road
   Palo Alto, California 94304
5  Telephone: (650) 251-7700
   Facsimile: (650) 251-7739
6

7  Attorneys for Plaintiff/Counterclaim Defendant,
   CONTINENTAL D.I.A. DIAMOND PRODUCTS, INC.
8

9               **UNITED STATES DISTRICT COURT**

10             **NORTHERN DISTRICT OF CALIFORNIA**

11 | CONTINENTAL D.I.A. DIAMOND
   | PRODUCTS, INC., a California corporation,
12 |
   |
13 |                    Plaintiff,
   |
14 |        vs.
   |
15 | DONG YOUNG DIAMOND INDUSTRIAL
   | CO., LTD., a South Korean company,
16 | DONGSOO LEE, an individual, and DOES 1-
   | 10, inclusive,
17 |
   |
18 |
   |                    Defendants.
19 |

Case No. CV 08-2136 SI

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO DISMISS
COUNTERCLAIMS OF DONG YOUNG
DIAMOND INDUSTRIAL CO., LTD.
AND DONGSOO LEE**

Date:         August 29, 2008
Time:         9:00 a.m.
Place:        Courtroom 10, 19th Floor
Judge:        Honorable Susan Illston

Complaint Filed:   April 24, 2008
Trial Date:        None Set

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ...................................................................................................1

II.   ARGUMENT .........................................................................................................1

    A.    Defendants Fail to Allege a Separate Cause of Action for the Breach of the Covenant of Good Faith and Fair Dealing. ....................................................1

    B.    Defendants Fail to Allege a Claim for Fraud Under California Law. ...........................2

    C.    Defendants Fail to Adequately Allege a Separate Cause of Action for Quantum Meruit. ....................................................................................................4

    D.    Defendants Fail to Adequately Allege a Claim of Promissory Estoppel. ....................5

    E.    Defendants Cannot Allege a Separate Cause of Action for Unjust Enrichment. ....................................................................................................6

    F.    Defendants Have Failed to Adequately Plead a Claim for Intentional Interference with Prospective Economic Advantage. ....................................................7

        1.    Defendants Cannot Establish Any Alleged Wrongdoing that Occurred Within the United States or California .................................................................7

        2.    Defendants Have Not Alleged Facts Establishing an IIPEA Claim. .................8

    G.    Defendants Have Failed to Plead a Claim for Negligent Interference with Prospective Economic Advantage. ....................................................................9

    H.    Defendants Have Failed to Plead a Claim for Accounting. .........................................10

    I.    Defendants Have Failed to Plead a Claim for Commercial Defamation and Trade Libel. ....................................................................................................11

    J.    Defendants Have Failed to Plead a Cause of Action for Unfair Competition. ...........12

    K.    Defendants Have Failed to Plead a Claim for Conversion. .........................................14

    L.    Defendants Have Failed to Plead a Claim for Constructive Fraud. ............................14

III.   CONCLUSION .....................................................................................................15

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS OF DONG YOUNG DIAMOND INDUSTRIAL CO., LTD. AND DONGSOO LEE; CASE NO.: CV 08-2136 SI

1

TABLE OF AUTHORITIES

2

Page

3

**FEDERAL CASES**

4

*AccuImage Diagnostics Corp. v. Terarecon, Inc.,*
    260 F.Supp.2d 941 (N.D.Cal. 2003) ...............................................................8, 9, 10

5

6

*American Int'l Violet Blue v. Johnson, No. C 07-05370 SI,*
    2008 WL 941959 (N.D.Cal. Apr. 7, 2008) ................................................................5

7

*Azadpour v. Sun Microsystems, Inc.,*
    2007 WL 2141079 (N.D.Cal. July 23, 2007) ...........................................................15

8

9

*Baas v. Dollar Tree Stores, Inc., No. C 07-03108 JSW,*
    2007 WL 2462150 (N.D.Cal., Aug. 29, 2007) ...........................................................2

10

*In re Bailey,*
    197 F.3d 997 (9th Cir. 1999) ....................................................................................14

11

12

*Barrier Specialty Roofing & Coatings, Inc. v. ICI Paints N. Am., Inc.,*
    2008 WL 1994947 (E.D.Cal. May 06, 2008) ...........................................................10

13

*CRST Van Expedited, Inc. v. Werner Enterprises, Inc..,*
    479 F.3d 1099 (9th Cir. 2007) ..................................................................................13

14

15

*Cedars Sinai Medical Center v. Mid-West Nat. Life Ins. Co.,*
    118 F.Supp.2d 1002 (C.D.Cal. 2000) ........................................................................4

16

*Chabra v. So. Monterey County Mem'l Hosp., Inc.,*
    1994 WL 564566 (N.D.Cal.1994) ............................................................................11

17

18

*Churchill Village, LLC v. General Elec. Co.,*
    169 F.Supp.2d 1119 (N.D.Cal. 2000) ......................................................................13

19

20

*City and County of San Francisco v. Cambridge Integrated Serv. Group, Inc.,*
    2007 WL 1970092 (N.D.Cal. July 2, 2007) .............................................................10

21

*City of Oakland v. Comcast  Corp.,*
    2007 WL 518868 (N.D.Cal. Feb. 14, 2007) ..............................................................6

22

*DSU Aviation, LLC v. PCMT Aviation, LLC,*
    2007 WL 3456564 (N.D.Cal. Nov. 14, 2007) ..........................................................10

23

24

*Eldorado Stone, LLC v. Renaissance Stone, Inc.,*
    2005 WL 5517731 (S.D.Cal. Aug. 10, 2005) ..........................................................12

25

*Epstein v. Wash. Energy Co.,*
    83 F.3d 1136 (9th Cir.1996) ...................................................................................6, 7

26

27

*First Advantage Background Services Corp. v. Private Eyes, Inc.,*
    2007 WL 2572191 (N.D.Cal. Sept. 5, 2007) ...........................................................13

28

- ii -

*First Advantage Background Services Corp. v. Private Eyes, Inc.*,
  --- F.Supp.2d ----, 2008 WL 618921 (N.D.Cal. March 5, 2008) ..................................................12

*Gerlinger v. Amazon.Com, Inc.*,
  311 F.Supp.2d 838 (N.D.Cal. 2004) ..........................................................................................7

*Heffelfinger v. Electronic Data Sys. Corp.*,
  2008 WL 2444690 (C.D.Cal. June 6, 2008) ..............................................................................6

*Hsu v. OZ Optics Ltd.*,
  211 F.R.D. 615 (N.D.Cal.  2002) .........................................................................................9, 10

*Hynix Semiconductor Inc. v. Rambus Inc.*,
  441 F.Supp.2d 1066 (N.D.Cal. 2006) .....................................................................................15

*Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*,
  12 F.Supp.2d 1035 (C.D.Cal.1998) ........................................................................................12

*Jones v. ThyssenKrupp Elevator Corp.*,
  2006  WL 680553 (N.D. Cal. Mar. 14, 2006) ........................................................................11

*Lamke v. Sunstate Equip. Co., LLC*,
  387 F.Supp.2d 1044 (N.D.Cal.2004) .........................................................................................1

*In re Microsoft Corp. Antitrust Litigation*,
  274 F.Supp.2d 747 (D.Md. 2003) ...........................................................................................13

*Neubronner v. Milken*,
  6 F.3d 666 (9th Cir.1993) .........................................................................................................3

*New.Net, Inc. v. Lavasoft*,
  356 F.Supp.2d 1090 (C.D.Cal. 2004) .......................................................................................8

*Optical Coating Laboratory, Inc. v. Applied Vision, Ltd..*,
  1995 WL 150513 (N.D.Cal. Mar. 20, 1995).............................................................................12

*Orlando v. Carolina Casualty Ins. Co.*,
  2007 WL 781598 (E.D. Cal. 2007)............................................................................................3

*Pardi v. Kaiser Found. Hosps.*,
  389 F.3d 840 (9th Cir. 2004) .....................................................................................................8

*Patriot Scientific Corp. v. Korodi*,
  504 F.Supp.2d 952 (S.D.Cal. 2007).......................................................................................6, 15

*In re Pomona Valley Med. Group*,
  476 F.3d 665 (9th Cir. 2007) ...................................................................................................14

*Silicon Knights v. Crystal Dynamics*,
  983 F.Supp. 1303 (N.D. Cal.1997) ...........................................................................................8

*Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*,
  2007 WL 2122638  (N.D.Cal. July 23, 2007)..........................................................................15

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS OF DONG YOUNG
DIAMOND INDUSTRIAL CO., LTD. AND DONGSOO LEE; CASE NO.: CV 08-2136 SI

*Sousanis v. Northwest Airlines, Inc.*,
  2000 WL 34015861 (N.D.Cal. Mar. 3, 2000)......................................................7

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ............................................................................3

*In re Verisign, Inc., Derivative Litigation*,
  531 F.Supp.2d 1173 (N.D.Cal. 2007) .............................................................15

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ...........................................................................3

*Western Mining Counsel v. Watt*,
  643 F.2d 618 (9th Cir. 1981) .....................................................................3, 6, 7

*Zella v. E.W. Scripps Co.*,
  529 F.Supp.2d 1124 (C.D.Cal. 2007) ...............................................................4

**STATE CASES**

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*,
  7 Cal.4th 503 (1994) ..........................................................................................9

*Bionghi v. Metropolitan Water Dist. of So. Calif.*,
  70 Cal.App.4th 1358 (1999) ...............................................................................2

*Blank v. Kirwan*,
  39 Cal.3d 311 (1985) ..........................................................................................8

*California Medical Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc.*,
  94 Cal.App.4th 151 (2001) .................................................................................6

*Careau & Co. v. Security Pacific Business Credit, Inc.*,
  222 Cal.App.3d 1371 (1990) .........................................................................1, 2

*Civic Western Corp. v. Zila Industries, Inc.*,
  66 Cal.App.3d 1 (1977) ....................................................................................11

*Congleton v. National Union Fire Ins. Co.*,
  189 Cal.App.3d 51 (1987) ..................................................................................2

*Farmers Ins. Exch. v. Zerin*,
  53 Cal.App.4th 445 (1997) ...............................................................................14

*Hedging Concepts, Inc. v. First Alliance Mortgage Co.*,
  41  Cal.App.4th 1410 (1996) ..............................................................................4

*JRS Products, Inc. v. Matsushita Elec. Corp. of America*,
  115 Cal.App.4th 168 (2004) .............................................................................10

*Kasparian v. County of Los Angeles*,
  38 Cal.App.4th 242 (1995) .................................................................................9

*Khoury v. Maly's of California, Inc.*,
  14 Cal.App.4th 612 (1993) ...............................................................................10

- iv -

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal.4th 1134 (2003) ...........................................................................................9, 13

*Lance Camper Mfg. Corp. v. Republic Indem. Co.*,
    44 Cal.App.4th 194 (1996) .................................................................................7

*Lazar v. Superior Court*,
    12 Cal.4th 631 (1996) ..........................................................................................3

*McKell v. Washington Mut., Inc.*,
    142 Cal.App.4th 1457 (2006) ........................................................................7, 14

*Oliver v. Campbell*,
    43 Cal.2d 298 (1954) ...........................................................................................4

*Reeves v. Hanlon*,
    33 Cal.4th 1140 (2004) ....................................................................................9, 13

*Settimo Assocs. v. Environ Sys., Inc.*,
    14 Cal.App.4th 842 (1993) ..................................................................................8

*Smith v. City and County of San Francisco*,
    225 Cal.App.3d 38 (1990) ...................................................................................6

*St. James Church of Christ Holiness v. Superior Court*,
    135 Cal.App.2d 352 (1955) ...............................................................................11

*Stevenson Real Estate Services, Inc. v. CB Richard Ellis Real Estate*,
    138 Cal.App.4th 1215 (2006) ...........................................................................13

*Tarmann v. State Farm Mut. Auto. Ins. Co.*,
    2 Cal.App.4th 153 (1991) ....................................................................................4

*Westside Center Associates v. Safeway Stores 23, Inc.*,
    42 Cal.App.4th 507 (1996) ..................................................................................8

*Younan v. Equifax Inc.*,
    111 Cal.App.3d 498 (1980) ...............................................................................15

**SECONDARY AUTHORITY**

*5 Wright and Miller*,
    Fed. Practice and Procedure § 1285 (3d ed. 2004) ............................................5

# I.    INTRODUCTION

Defendants' attempt to justify their woefully deficient Counterclaim is futile.  In their Opposition to Continental's Motion to Dismiss ("Opposition"), Defendants either completely ignore controlling authority cited in Continental's moving papers or ask the Court to make improper inferences as to what their Counterclaim is suppose to allege.  Neither is sufficient to defeat a motion to dismiss.  More importantly, Defendants' Opposition makes clear that they have no legitimate factual or legal basis to assert a laundry list of counterclaims and have no reasonable basis to seek leave to amend them.  Indeed, if the Defendants had any such support, then they surely could have filed an amended counterclaim rather than standing on the current one as drafted and opposing Continental's Motion to Dismiss.  This is exactly what Continental invited Defendants to provide during the parties' Rule 26(f) conference.  This Court should therefore not only grant Continental's motion in its entirely, but also not reward Defendants' recalcitrance by granting them leave to amend their Counterclaim.

# II.    ARGUMENT

### A.    Defendants Fail to Allege a Separate Cause of Action for the Breach of the Covenant of Good Faith and Fair Dealing.

Defendants argue that they have adequately alleged a claim for breach of the covenant of good faith and fair dealing.  However, Defendants completely ignore two fundamental principals under California law.  First, as discussed in Continental's moving papers, Defendants' breach of the covenant of good faith and fair dealing is duplicative of its breach of contract claim.  Their convoluted explanation that Continental frustrated the purpose of a contract for the sale of goods by setting up a competing enterprise and not paying for the last deliveries of goods simply confirms that the alleged acts constituting the breach of the covenant and alleged resulting damages are *the same* as for their breach of contract claim.  *Compare* Opposition at 3:24-4:9; Counterclaim at ¶¶ 3-8, 9-14 *and* ¶¶ 3-8, 15-23.  Thus, it is redundant and must fail as a matter of law.  *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal.App.3d 1371, 1393-95 (1990); *Lamke v. Sunstate Equip. Co.*, LLC, 387 F.Supp.2d 1044, 1047 (N.D.Cal.2004).

Second, where a party alleges a breach of contract, that party cannot assert a <u>separate</u> claim

- 1 -

1   for the breach of the implied covenant of good faith and fair dealing unless it "involves something

2   beyond breach of the contractual duty itself…." *Congleton v. National Union Fire Ins. Co.*, 189

3   Cal.App.3d 51, 59 (1987) (citations internal quotes omitted); *see also Careau*, 222 Cal.App.3d at

4   1395.  This remedy, however, is only available in circumstances involving a special relationship

5   between the contracting parties, such as the relationship between an insured and its insurer.  *Bionghi*

6   *v. Metropolitan Water Dist. of So. Calif.*, 70 Cal.App.4th 1358, 1370 (1999); *Careau*, 222 Cal. App.

7   3d at 1395.   Where the contract is a result of an ordinary arms-length commercial transaction

8   between two parties of equal bargaining strength, breaches of which are adequately remedied by

9   ordinary contract damages, a cause of action for an independent claim for the breach of the

10  covenant of good faith and fair dealing cannot survive.  *Careau*, 222 Cal. App. 3d at 1400-1401.

11       Here, there are no facts alleged in the Counterclaim that meet the specific requirements as to

12  when a party may assert a claim above and beyond a breach of contract.  Instead, it appears that the

13  agreement at issue was negotiated by disinterested parties, who were of equal bargaining position

14  and were involved in an arms length transaction.  Moreover, Defendants fail to allege that they were

15  vulnerable with respect to the harm suffered, as well as show that ordinary contract damages are

16  inadequate.  Taking the allegations in the Counterclaim as true, there is nothing therein to establish

17  that a special relationship existed between Continental and Defendants.  For these additional

18  reasons, this Court should dismiss Defendants' Second Cause of Action with prejudice.

19       **B.       Defendants Fail to Allege a Claim for Fraud Under California Law.**

20       Defendants attempt to save their Third Cause of Action for Fraud by arguing that it is not

21  required to meet the heighten pleading requirements of Rule 9(b) with respect to matters exclusively

22  within Continental's knowledge and of which they cannot expect to have personal knowledge.  In

23  support of this position, Defendants' rely upon *Baas v. Dollar Tree Stores, Inc.*, No. C 07-03108

24  JSW, 2007 WL 2462150 (N.D.Cal., Aug. 29, 2007).  Defendants' reliance is misguided as the

25  plaintiff in *Baas* alleged specific facts as to the who, what where and when of the alleged fraud and

26  specifically identified the information alleged to be exclusively within the knowledge of

27  Defendants.  Here, neither Defendants' Counterclaim, nor their Opposition provides this specific

28  information.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS OF DONG YOUNG
DIAMOND INDUSTRIAL CO., LTD. AND DONGSOO LEE; CASE NO.: CV 08-2136 SI

1    Furthermore, this exception does not nullify Rule 9(b) and Defendants must still state the

2  factual basis for the charges of fraud.  *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.1993) (cited

3  by Defendants).  Thus, Defendants must still identify with particularity the who, what, when, where

4  and circumstances of the alleged fraud where such information is reasonably within their

5  knowledge.[1] *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *accord Vess v. Ciba-*

6  *Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  Although the factual allegations are

7  severely lacking in the Counterclaim, none of this information appears to be within the <u>exclusive</u>

8  knowledge of Continental.

9    Finally, while the Court is required to interpret the pleadings liberally on a motion to

10  dismiss, the Court need not accept as true the conclusory allegations, unreasonable inferences or

11  unwarranted deductions of fact in the operative pleading.  *Western Mining Counsel v. Watt*, 643

12  F.2d 618, 624 (9th Cir. 1981).  Here, even the most liberal interpretation of the allegations in the

13  Counterclaim cannot establish a fraud claim under California law.  For example, Defendants'

14  allegations that Continental establishing a competing company or hiring Dong Young's employees

15  cannot form the basis of a fraud claim because there are no allegations that Continental promised

16  not to compete or hire those employees, and that Defendants justifiably relied upon such promises.

17  *See Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996) (to allege a promissory fraud claim,

18  plaintiff must specifically allege facts that establish: (1) a material promise; (2) knowledge of its

19  falsity; (3) intent to defraud or induce reliance; (4) justifiable reliance; and (5) resulting damage).

20    Likewise, Continental's alleged failure to pay for goods delivered cannot constitute fraud.

21  *See* Counterclaim, ¶¶ 3-8.  Since Defendants allege that parties entered into their contractual

22  arrangement in 1997 and Continental performed under the parties' contract for **next ten years** by

23  making payments within sixty days of delivery and simply failed to make such payments on the last

24

25

---

26  [1] Where it is alleged that a corporation committed fraud, it is insufficient to allege that the corporation or its "agents" committed fraud.  *Orlando v. Carolina Casualty Ins. Co*., 2007 WL
27  781598, *8 (E.D. Cal. 2007).  Rather, "the specific identity of the agent must be alleged for the purposes of Rule 9(b)." *Id*.

28

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS OF DONG YOUNG
DIAMOND INDUSTRIAL CO., LTD. AND DONGSOO LEE; CASE NO.: CV 08-2136 SI

1   few deliveries of goods in 2007, these allegations constitute a mere breach of contract, not fraud.[2]

2   *See Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157 (1991) (to maintain an

3   action for fraud based on a false promise, "one must specifically allege and prove, among other

4   things, that the promisor did not intend to perform at the time he or she made the promise and that it

5   was intended to deceive or induce the promisee to do or not do a particular thing"); *accord Cedars*

6   *Sinai Medical Center v. Mid-West Nat. Life Ins. Co.,* 118 F.Supp.2d 1002, 1013 (C.D.Cal. 2000)

7   (citing same).

8           Since Defendants offer no explanation why they failed to allege with particularity the details

9   of their fraud claim and also fail to enumerate how they could cure the glaring defects in their

10  Counterclaim, it would appear that amendment would be futile.  Accordingly, the Court should

11  dismiss Defendants' Third Cause of Action for Fraud with prejudice.

12          **C.      Defendants Fail to Adequately Allege a Separate Cause of Action for Quantum
                     Meruit.**
13

14          In an attempt to save their Fourth Cause of Action, Defendants argue they are entitled to

15  plead quantum meruit claim in the alternative to their contract claim.  Defendants miss the point.

16  As discussed in Continental's moving papers, Defendants cannot assert a quantum meruit claim

17  because they allege their full performance under the contract at issue and Continental's purported

18  breach thereof, which is simply a failure to pay for goods delivered.  *See Oliver v. Campbell*, 43

19  Cal.2d 298, 306 (1954) (if a plaintiff has fully performed a contract, damages for breach is often the

20  only available remedy).  Thus, while Defendants may arguably be permitted in certain

21  circumstances to plead claims in the alternative, they still must allege sufficient facts establishing

22  the alternative claim or claims.  *See Zella v. E.W. Scripps Co.*, 529 F.Supp.2d 1124, 1132 (C.D.Cal.

23  2007) ("as masters of their Complaint, Plaintiffs must allege the best facts for their case").

24          Defendants' reliance upon *Hedging Concepts, Inc. v. First Alliance Mortgage Co.*, 41

25  _____

26  [2] Defendants argue that their Counterclaim alleges that Continental fraudulent induced Dong Young
    to rely on Continental's agreement that Dong Young would continue to supply Continental with
27  cutting tools and that Continental would continue to pay for those tools.  Opposition at 5:3-10.  No
    such allegations are in the Counterclaim or can be reasonably inferred therein.  Counterclaim, ¶¶ 3-
28  8, 24-33.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS OF DONG YOUNG
DIAMOND INDUSTRIAL CO., LTD. AND DONGSOO LEE; CASE NO.: CV 08-2136 SI

1   Cal.App.4th 1410 (1996) for the proposition that quantum meruit is an equitable theory to supply

2   missing contractual terms is also misplaced.  While Defendants claim they do not allege the all

3   terms of the contract at issue in their Counterclaim, *Hedging* does not stand for the proposition that

4   quantum meruit excuses defective pleadings.[3]  *Id.* at 1419 ("[c]ontractual terms regarding a subject

5   are not implicitly missing when the parties have agreed on express terms regarding that subject.  A

6   quantum meruit analysis cannot supply "missing" terms that are not missing").  Since there are no

7   factual allegations in the Counterclaim that such terms are missing or that a contract was not

8   formed, *Hedging* undermines Defendants' arguments.  *Id.* at 1419 ("it is well settled that there is no

9   equitable basis for an implied-in-law promise to pay reasonable value when the parties have an

10  actual agreement covering compensation").  This case further supports the dismissal of Defendants'

11  quantum meruit claim because they cannot seek to recovery where the contract at issue is not for the

12  payment of services rendered.  *See id.* at 1419 (quantum meruit recovery rests upon equitable theory

13  that a contract to pay for services rendered should be implied by law for reasons of justice).  Thus,

14  since Defendants fail to allege facts upon which a claim for quantum meruit can be based, the Court

15  should dismiss their "alternative" claim.

16      **D.      Defendants Fail to Adequately Allege a Claim of Promissory Estoppel.**

17          Defendants argue they have sufficiently alleged a claim for promissory estoppel because the

18  allege "Continental made clear and unambiguous promises… including, without limitation,

19  promises to provide prompt payments to Dong Young for services rendered and products supplied"

20  and detrimentally relied upon those "promises."  Opposition at 6:8-14.  This can hardly constitute a

21  specific pleading of a promise and justifiable reliance thereon because there is no explanation in the

22  

---

23  [3] To support their argument, Defendants effectively admit that they failed to adequately allege a
    breach of contact claim by suggesting that they did not set forth all of the terms of the agreement at
24  issue of which they presumable have full and complete knowledge.  *See* Opposition at 5:14-17.
    This raises serious concerns that Defendants have omitted facts that may result in the dismissal of
25  their claims or otherwise have not met the requirements of Rule 11.  *See American Int'l Violet Blue
    v. Johnson*, No. C 07-05370 SI, 2008 WL 941959, *7 (N.D.Cal. Apr. 7, 2008) (pleader may assert
26  contradictory statements of fact only when legitimately in doubt about facts in question); 5 Wright
    and Miller, Fed. Practice and Procedure § 1285 (3d ed. 2004)("party should not set forth
27  inconsistent, or alternative, or hypothetical statements in the pleadings unless, after a reasonable
    inquiry, the pleader legitimately is in doubt about the factual background or legal theories
28  supporting the claims or defenses or is otherwise justified in pleading in this fashion ...").

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS OF DONG YOUNG
DIAMOND INDUSTRIAL CO., LTD. AND DONGSOO LEE; CASE NO.: CV 08-2136 SI

1   ***Counterclaim*** as to such reliance to Defendants' detriment with respect to those "promises" as

2   required by California law.  *Smith v. City and County of San Francisco*, 225 Cal.App.3d 38, 48

3   (1990).  While Defendants suggest in their Opposition that this allegation relates to promise pay for

4   the delivery of cutting tools within sixty days of delivery, the Court is not required to speculate on

5   matters not specifically alleged in the Counterclaim.  *See Epstein v. Wash. Energy Co.*, 83 F.3d

6   1136, 1140 (9th Cir.1996) ("[c]onclusory allegations of law and unwarranted inferences are

7   insufficient to defeat a motion to dismiss for failure to state a claim"); *see also Western Mining*, 643

8   F.2d at 624.

9          Defendants also fail to reconcile that the sparse allegations in their Complaint which they

10  argue support their claim, defeats their promissory estoppel claim as a matter of law.  *See*

11  Counterclaim, ¶¶ 3-6, 41-48.  Since the alleged agreement by Continental to pay for goods after

12  delivery is the only "promise" set forth in the Counterclaim and the parties carried out that

13  arrangement for ten years, it cannot support a claim for promissory estoppel.  *See Patriot Scientific*

14  *Corp. v. Korodi*, 504 F.Supp.2d 952, 967-68 (S.D.Cal. 2007).  Because Defendants offer to no other

15  promise on which this claim could be based, amendment appears to be futile and the Court should

16  dismiss this claim with prejudice.

17         **E.    Defendants Cannot Allege a Separate Cause of Action for Unjust Enrichment.**

18         Defendants' Opposition does not address Continental's arguments seeking dismissal of the

19  Sixth Cause of Action to the extent it purports to state a claim for constructive trust and therefore

20  concede that the claim was not adequately plead as either a separate cause of action or a remedy.

21  *Heffelfinger v. Electronic Data Sys. Corp.*, 2008 WL 2444690 *23 (C.D.Cal. June 6, 2008)

22  (recognizing that failure to address substantive issues an opposition constitutes a concession on

23  those issues).

24         To the extent that the Defendants argue that the Sixth Cause of Action states a claim for

25  unjust enrichment, it still fails as a matter of law.  Defendants fail to comprehend that "as a matter

26  of law, a quasi-contract action for unjust enrichment does not lie where, as here, express binding

27  agreements exist and define the parties' rights."  *California Medical Ass'n, Inc. v. Aetna U.S.*

28  *Healthcare of California, Inc.*, 94 Cal.App.4th 151, (2001); *accord City of Oakland v. Comcast*

- 6 -

1  *Corp.*, 2007 WL 518868, *4 (N.D.Cal. Feb. 14, 2007); *Lance Camper Mfg. Corp. v. Republic*

2  *Indem. Co.* 44 Cal.App.4th 194, 203 (1996); *McKell v. Washington Mut., Inc.*, 142 Cal.App.4th

3  1457, 1490 (2006).  In that regard, Defendants cannot rely upon Rule 8(e)(2) to plead its unjust

4  enrichment claim as an alternative to its breach of contract claim based on the same express

5  agreement for the payment of goods delivered because Rule 8(e)(2) "does not alter a substantive

6  right between the parties and accordingly does not allow a plaintiff invoking state law to an unjust

7  enrichment claim while also alleging an express contract."  *Gerlinger v. Amazon.Com, Inc.,* 311

8  F.Supp.2d 838, 856 (N.D.Cal. 2004).  Accordingly, the Court should dismiss Defendants' unjust

9  enrichment claim as improperly pleaded.

**F.     Defendants Have Failed to Adequately Plead a Claim for Intentional Interference with Prospective Economic Advantage.**

**1.     Defendants Cannot Establish Any Alleged Wrongdoing that Occurred Within the United States or California.**

13      Defendants' arguments that there is a nexus between its intentional interference with

14  prospective economic advantage ("IIPEA") claim and this Court's jurisdiction are not persuasive or

15  founded in any allegations set forth in the Complaint.  Defendants first attempt to distinguish

16  *Sousanis v. Northwest Airlines, Inc.*, 2000 WL 34015861 (N.D.Cal. Mar. 3, 2000) on the grounds

17  that holding therein was limited to the extraterritorial application of California's unfair competition

18  law ("UCL") and thus not applicable to common law claims.  Defendants' distinction misconstrues

19  the general proposition that it is presumed that California's law, whether common or statutory, does

20  not to apply to occurrences outside of the state.  Defendants cite no authority to the contrary and

21  likely cannot do so because IIPEA is tort akin to an unfair competition and thus conceptually the

22  same as a UCL claim.

23      Defendants also argue that their allegations establish a direct nexus to California on the

24  grounds that Continental is a California corporation and "established" GM Diamond as a competing

25  company in South Korea.  Opposition at 9:11-19.  It can thus be "inferred" that Continental controls

26  GM Diamond bringing it conduct within the Court's jurisdiction.  *Id.*  As stated above, Defendants

27  are not entitled to unwarranted inferences to defeat a motion to dismiss.  *Epstein*, 83 F.3d at 1140;

28  *Western Mining*, 643 F.2d at 624.  Indeed, the Counterclaim lacks any alter ego allegations that

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS OF DONG YOUNG DIAMOND INDUSTRIAL CO., LTD. AND DONGSOO LEE; CASE NO.: CV 08-2136 SI

1    would establish that Continental Diamond and GM Diamond are one and the same or that there are

2    grounds to pierce the corporate vales of those two entities.

2.    **Defendants Have Not Alleged Facts Establishing an IIPEA Claim.**

4    Defendants also make several arguments that their allegations in the Counterclaim are

5    sufficient to establish an IIPEA claim.  Defendants first argue that their failure to allege a specific

6    relationship with which Continental interfered with does not preclude them from proceeding with

7    their IIPEA claim.  Opposition at 9:19-10:2.  Defendants' position is disingenuous because it

8    ignores controlling authority that holds they must do so at the pleading stage.  *See Blank v. Kirwan*,

9    39 Cal.3d 311, 330-31 (1985); *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 852-853 (9th Cir.

10   2004).   This threshold requirement prevents a plaintiff from seeking to impose tort liability based

11   upon hypothetical relationships not established at the time the allegedly tortious acts were

12   committed.  *Silicon Knights v. Crystal Dynamics*, 983 F.Supp. 1303, 1311-12 (N.D. Cal.1997)

13   (dismissing intentional interference claims, in part, on the ground that allegations that defamatory

14   statements caused potential customers not purchase plaintiff's products was the type of speculative

15   economic relationship disapproved of by California courts); *accord Westside Center Associates v.*

16   *Safeway Stores 23, Inc.*, 42 Cal.App.4th 507, 523-28 (1996).  In relation thereto, Defendants must

17   also allege facts establishing that that it was reasonably probable that economic advantage would

18   have been realized but for defendant's interference.  *See New.Net, Inc. v. Lavasoft*, 356 F.Supp.2d

19   1090, 1114 (C.D.Cal. 2004).  Defendants admittedly do not identify any prospective relationships

20   that they had a reasonable probability of realizing an economic gain and therefore, their IIPEA

21   claim fails as a matter of law.  *AccuImage Diagnostics Corp. v. Terarecon, Inc.*, 260 F.Supp.2d 941,

22   957 (N.D.Cal. 2003).

23   Defendants further argue that Continental knew or should know of Dong Young's economic

24   relationships merely because Continental is in the same industry.  Opposition at 9:22-27.  This

25   argument is also contrary to California law, which requires Defendants to allege specific facts

26   demonstrating **Continental's** knowledge of the existence of those unidentified relationships.

27   *Settimo Assocs. v. Environ Sys., Inc.*, 14 Cal.App.4th 842, 845 (1993).  Contrary to Defendants'

28   Opposition, no such facts are alleged or can even be reasonably inferred from the Counterclaim.

- 8 -

1    Defendants also continue to rely upon Continental's alleged expansion of GM Diamond as a

2 commercial competitor to Dong Young and GM Diamond's hiring of its employees as the basis for

3 their IIPEA claim.  Opposition at 9:22-10:14.  This too ignores the controlling authority cited by

4 Continental in its moving papers that the establishment of a competing enterprise or the hiring of a

5 competitor's employees alone cannot support a claim for IIPEA.  *See, e.g., Korea Supply Co. v.*

6 *Lockheed Martin Corp*., 29 Cal.4th 1134, 1158-1159 (2003); *Reeves v. Hanlon*, 33 Cal.4th 1140,

7 1149-51 (2004).

8    Defendants also mistakenly argue that claims for tortuous interference with contract do not

9 require pleading defendant's conduct was independently wrongful.  Opposition at 10:3-14.

10 Defendants, however, are asserting a claim for intentional interference **with prospective economic**

11 **advantage,** not contract.  Indeed, Defendants <u>cannot</u> assert an interference with contract a claim

12 because the only contract alleged in the Counterclaim is between Defendants and Continental, and it

13 is well established that "the tort cause of action for interference with contract does not lie against a

14 party to the contract."  *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 513-14

15 (1994); *see also Kasparian v. County of Los Angeles*, 38 Cal.App.4th 242, 262 (1995).

16    Finally, Defendants ask the court for leave to amend.  However, since Defendants chose to

17 oppose this Motion and are content with resting on their Counterclaim as plead, as well as offer no

18 explanation as to how they could amend this cause of action, the Court should dismiss their IIPEA

19 claim with prejudice to prevent the further wasting of the resources of Continental and the Court.

20   **G.    Defendants Have Failed to Plead a Claim for Negligent Interference with**
     **Prospective Economic Advantage.**
21

22    Defendants assert, without any supporting legal authority, that their claim for negligent

23 interference with prospective economic advantage should not be dismissed for the same reasons that

24 its IIPEA claim should survive.  Opposition at 10:22-25.  As discussed above, and at length in

25 Continental's moving papers, the fundamental defects of failing to identify the alleged third party

26 economic relationships at issue, Continental's actual knowledge thereof, and the failure to allege a

27 viable independently wrongful act, their negligent interference claim must also fail as a matter of

28 law.  *AccuImage*, 260 F.Supp.2d at 957-58. *Hsu v. OZ Optics Ltd.,* 211 F.R.D. 615, 621 (N.D.Cal.

1  2002).

2       Defendants' argument that they have established the existence of a duty of care owed to

3  Dong Young by Continental is also without merit.  None of the facts alleged in the Counterclaim

4  can establish the existence of such a duty or the breach thereof because Defendants cannot as a

5  matter of law recover based on Continental's termination of its business relationship with Dong

6  Young.  *Barrier Specialty Roofing & Coatings, Inc. v. ICI Paints N. Am., Inc.*, 2008 WL 1994947

7  *8 (E.D.Cal. May 06, 2008); *accord AccuImage*, 260 F.Supp.2d at 949, 957-58.  GM Diamond's

8  entry into competition with Dong Young also cannot form the basis for a negligent interference

9  claim since there is no general duty of care owed between competitors.  *AccuImage*, 260 F.Supp.2d

10  at 957-58.  Likewise, GM Diamond's hiring of Dong Young's employees cannot form the basis for

11  a negligent interference claim because Defendants allege the acts were intentional.  *Id.*

12       Lastly, Defendants' reliance on the general theory of alternative pleading of tort and contract

13  actions is untenable with respect to its interference claims because courts have expressly held that

14  under similar facts alleged by Defendants no tortious interference claim lies.[4]  *See, e.g.*, *Hsu*, 211

15  F.R.D. at 621 (finding that defendant's refusal to perform under a contract and allegation that this

16  refusal had an adverse impact on plaintiffs' business expectancies was not independently wrongful);

17  *JRS Products, Inc. v. Matsushita Elec. Corp. of America*, 115 Cal.App.4th 168, 180-83 (2004)

18  ("contracting party's unjustified failure or refusal to perform is a breach of contract, and cannot be

19  transmuted into tort liability by claiming that the breach detrimentally affected the promisee's

20  business") (citation omitted); *see also AccuImage*, 260 F.Supp.2d at 956-958; *Khoury v. Maly's of*

21  *California, Inc.*, 14 Cal.App.4th 612, 618 (1993).

22       **H.**     **Defendants Have Failed to Plead a Claim for Accounting.**

23       Defendants acknowledge that cause of action for accounting is only appropriate where the

24  _____

25  [4]Defendants' citation to *DSU Aviation, LLC v. PCMT Aviation*, LLC, 2007 WL 3456564 *6
   (N.D.Cal. Nov. 14, 2007) to support this proposition is misleading.  In that case the court examined

26  the propriety of asserting a breach contract claim and an alternative claim for negligent performance
   of a service contract, not a claim negligent inference with prospective economic advantage.

27  Similarly, *City and County of San Francisco v. Cambridge Integrated Serv. Group, Inc.*, 2007 WL
   1970092 *3-5 (N.D.Cal. July 2, 2007) addressed the propriety of asserting claims for breach and

28  negligent performance of a professional service contract and is therefore not applicable.

1 calculations of damages is considered to be complicated. Opposition at 12:2-9. What Defendants

2 fail to reconcile, however, is that their allegations in the Complaint make clear that the amount of

3 money allegedly due and owing, $393,515.80, is not uncertain and the manner in which it was

4 calculated was not complicated or impractical. *See* Counterclaim, ¶¶ 3-5, 9-14. Even the case

5 relied upon by Defendants, *Civic Western Corp. v. Zila Industries, Inc.*, 66 Cal.App.3d 1, 14 (1977),

6 confirms that a claim for accounting will not lie where it appears from a pleading that none is

7 necessary or that there is a sum certain that can be recovered at law.

8        Defendants' speculative argument that because Continental might dispute the amount stated

9 in the Counterclaim or allege that some less amount due is also insufficient to save their accounting

10 claim. Opposition at 12:7-9. Not only does this argument ask the Court to speculate, the

11 proposition is untenable. Taking to its illogical conclusion, every contract action where a plaintiff

12 alleges to breach and a defendant denies it owes some or all of the monies sought would require an

13 accounting. It is also not the law in California. *St. James Church of Christ Holiness v. Superior*

14 *Court*, 135 Cal.App.2d 352, 359 (1955); *accord Civic Western*, 66 Cal.App.3d at 14 (citing same).

15 Accordingly, because the allegations in the Counterclaim undermine Defendants' accounting claim,

16 the Court should dismiss this cause of action with prejudice.

17 **I.     Defendants Have Failed to Plead a Claim for Commercial Defamation and**
**Trade Libel.**

18

19        Defendants do not dispute that California law requires them to specifically identify, if not

20 plead verbatim, the words constituting the allegedly defamatory statements supporting their

21 business defamation and trade libel claims in their Counterclaim. Opposition at 12:12-14.

22 Notwithstanding this tacit admission, they claim alleging on information and belief that Continental

23 made false and derogatory statements concerning Dong Young is sufficient. Defendants'

24 allegations fall well short of what is required to allege a claim for defamation. *Chabra v. So.*

25 *Monterey County Mem'l Hosp., Inc.*, 1994 WL 564566, at * 7 (N.D.Cal.1994) (dismissing

26 defamation claim which alleged, on information and belief, that defendants defamed plaintiff by

27 publishing unidentified false statements about him); *Jones v. ThyssenKrupp Elevator Corp.*, 2006

28 WL 680553 at *5 (N.D. Cal. Mar. 14, 2006) (dismissing defamation claim where plaintiff failed to

1  identify and state the substance of the allegedly defamatory statements).  Likewise, the absence of

2  any allegations concerning the publisher or speaker of the defamatory communications, the

3  recipients, the timing, and the context in which they were made require the dismissal of Defendants'

4  defamation claim as a matter of law.  *Id.*

5       Defendants also fail to address the absence of any allegations of special damages, i.e.

6  pecuniary losses, caused by Continental's alleged disparagement of Dong Young's goods or

7  services as required by Federal Rule of Civil Procedure 9(g).  The failure to specifically allege any

8  monetary losses is fatal to their claim.  *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*,

9  12 F.Supp.2d 1035, 1047 (C.D.Cal.1998); *First Advantage Background Services Corp. v. Private*

10 *Eyes, Inc.*, --- F.Supp.2d ----, 2008 WL 618921 (N.D.Cal. March 5, 2008); *Eldorado Stone, LLC v.*

11 *Renaissance Stone, Inc.*, 2005 WL 5517731, *4 (S.D.Cal. Aug. 10, 2005).

12      Finally, Continental takes exception to Defendants' statement "that many of the facts that it

13 anticipates will support its claim" are outside of its control and that it ***might*** obtain "additional

14 information in support of its claim will be developed through discover."  Opposition at 12:18-25,

15 13:2-10.  Defendants' statement is disingenuous because such information should be in its

16 possession, including information pertaining to its special damages.  *See Isuzu Motors*, 12

17 F.Supp.2d at 1047; *First Advantage*, 2008 WL 618921.  It is also troubling because it constitutes an

18 admission that Defendants have <u>no factual basis</u> to assert a defamation or trade libel claim.   As

19 such, the Court should not indulge Defendants' request for leave to amend these claims and allow

20 them to go on a fishing expedition claims during discovery.  *See Optical Coating Laboratory, Inc.*

21 *v. Applied Vision, Ltd..,*1995 WL 150513, *5 (N.D.Cal. Mar. 20, 1995) (discovery cannot serve as a

22 substitute for an adequate pleading, and cannot be used to launch a fishing expedition that may or

23 may not subsequently substantiate a claim that lacks any basis at the time it is pled).

24      **J.    Defendants Have Failed to Plead a Cause of Action for Unfair Competition.**

25      Defendants state that they do not simply incorporate the allegations concerning their

26 proceeding claims by reference to support their UCL claim.  Opposition at 13:11-20.  Instead, they

27 incorporate their "background allegations," which purport to establish more than a mere breach of

28 contract.  *Id.*  Defendants miss the mark.  To be clear, none of the allegations incorporated by

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS OF DONG YOUNG
DIAMOND INDUSTRIAL CO., LTD. AND DONGSOO LEE; CASE NO.: CV 08-2136 SI

1   reference, whether or not they are subject to dismissal on other grounds, can support a UCL claim.

2   In that regard, California courts have repeatedly rejected attempts by competitors, such as Dong

3   Young, to style common law tort claims as "unfair" business practices.  *See, e.g., Korea Supply*, 29

4   Cal.4th at 1150; *Stevenson Real Estate Services, Inc. v. CB Richard Ellis Real Estate*, 138

5   Cal.App.4th 1215, 1224-25 (2006); *In re Microsoft Corp. Antitrust Litigation*, 274 F.Supp.2d 747

6   (D.Md. 2003); *First Advantage Background Services Corp. v. Private Eyes, Inc.* 2007 WL 2572191

7   (N.D.Cal. Sept. 5, 2007).  Defendants cite no contrary authority which would establish that the acts

8   alleged in the Counterclaim amount to a significant threat or harm to competition.

9         Further, to the extent that Defendants allege fraudulent conduct as a basis for their UCL

10  claim, the allegations in the Counterclaim are insufficient.  In order to succeed on a claim of fraud

11  under the UCL, Defendants must assert that "members of the public are likely to be deceived" by

12  Continental's conduct.  *Churchill Village, LLC v. General Elec. Co.*, 169 F.Supp.2d 1119, 1131

13  (N.D.Cal. 2000); *First Advantage*, 2007 WL 2572191 at *5.  Thus, assuming arguendo Defendants

14  sufficiently allege a fraud claim related to Continental's failure to pay for the delivery of goods,

15  such conduct cannot establish fraudulent conduct for the purposes of a UCL claim.

16        Defendants also argue that GM Diamond's hiring of Dong Young's employees did not occur

17  solely outside of California because Continental established and controls GM Diamond.  This

18  argument is untenable.  Beside the fact that the Counterclaim does not contain sufficient allegations

19  establishing Continental's "control" of GM Diamond, courts have made it clear that "[w]ith respect

20  to the UCL specifically, section 17200 does not support claims by non-California residents where

21  *none of the alleged misconduct or injuries* occurred in California."  *Churchill Village*, 169

22  F.Supp.2d at 1126-27 (emphasis added).  Since there are no allegations of conduct or harm

23  occurring in California, Defendants' UCL claim is unsustainable.

24        Lastly, Defendants claim that Continental ignores authority allowing the UCL to permit

25  common law violations to be the predicate for the "unlawful prong" of the UCL.  Opposition at

26  13:26-14:7.  However, such authority does not save Defendants' UCL claim because they allege no

27  conduct that is either violates a statute or the common law.  *See Korea Supply*, 29 Cal.4th at 1158-

28  1159 (2003); *Reeves v. Hanlon*, 33 Cal.4th at1149-51.  Specifically, Defendants' reliance on *CRST*

1   *Van Expedited, Inc. v. Werner Enterprises, Inc.*. 479 F.3d 1099, 1107 (9th Cir. 2007) is mistaken.

2   Unlike the plaintiff in that case, as discussed above and in Continental's moving papers, Defendants

3   fail to allege acts constituting intentional interference with either a third-party contract or a

4   prospective economic advantage.  Defendants' citation to *In re Pomona Valley Med. Group*, 476

5   F.3d 665, 674 (9th Cir. 2007) is also not instructive as the alleged unlawful conduct in that case

6   bears no resemblance to what Defendants are contending violates the UCL.  Consequently, the

7   Court should dismiss Defendants' UCL claim with prejudice.

8        **K.    Defendants Have Failed to Plead a Claim for Conversion.**

9        Defendants contend that they have sufficiently pled a claim for conversion because their

10  claim in ownership rights to payment due under the terms of the parties' contract.  Defendants'

11  argument is contrary to California law, which makes clear that "a mere contractual right of

12  payment, without more, does not entitle the obligee to the immediate possession necessary to

13  establish a cause of action for the tort of conversion."[5]  *In re Bailey*, 197 F.3d 997, 1000 (9th Cir.

14  1999); *Farmers Ins. Exch. v. Zerin*, 53 Cal.App.4th 445, 452 (1997); *see also McKell v. Washington*

15  *Mut., Inc.*, 142 Cal.App.4th 1457, 1491 (2006) (money cannot be the subject of a conversion unless

16  there is a specific, identifiable sum involved, such as where an agent accepts a sum of money to be

17  paid to another and fails to make the payment).  Since Defendants insist on relying on their breach

18  of contract claim as a basis for their conversion claim, granting them leave to amend would be futile

19  because they cannot legally sustain a conversion claim based on a failure to pay for goods delivered.

20       **L.    Defendants Have Failed to Plead a Claim for Constructive Fraud.**

21       Defendants' claim that they are not required to provide specifically pleads facts in

22  compliance with Rule 9(b) to establish the Continental is not supported by ***California law***.

23  Opposition at 15:2-12.  Indeed, the fact that Defendants ignore federal cases, particularly from this

24  District, that hold the contrary and instead rely upon a non-controlling North Carolina state case to

25

26  _____

    [5] The cases cited by Defendants concerning pleading a claim for conversion as an alternative to the
27  breach of contract remedy are of no assistance in saving their tort claim.  As noted above, both *DSU
    Aviation* and *Cambridge Integrated Serv. Group*, addressed the propriety of asserting claims for
28  breach and negligent performance of services contracts, not conversion.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS OF DONG YOUNG
DIAMOND INDUSTRIAL CO., LTD. AND DONGSOO LEE; CASE NO.: CV 08-2136 SI

1    support this proposition is telling of the weakness of their argument.  *See, e.g.*, *In re Verisign, Inc.,*

2    *Derivative Litigation*, 531 F.Supp.2d 1173, 1218 (N.D.Cal. 2007); *Sonoma Foods, Inc. v. Sonoma*

3    *Cheese Factory, LLC*, 2007 WL 2122638 * (N.D.Cal. July 23, 2007); *Azadpour v. Sun*

4    *Microsystems, Inc.*, 2007 WL 2141079, *3-4 (N.D.Cal. July 23, 2007).  Notably, none of these

5    cases hold that the heightened pleading standards of Rule 9(b) should be relaxed in the context of

6    constructive fraud.

7         Defendants concede that they must establish a fiduciary duty in order to successfully plead a

8    claim for constructive fraud.  Opposition at 15:2-27.  However, even under a "relaxation" of Rule

9    9(b), Defendants' cited "facts" and the unwarranted inference that the 10-year course of dealing

10   between the parties dealing at arms-length creates a fiduciary or confidential relationship are

11   insufficient to sustain a constructive fraud claim.  Opposition 15:13-27.  Under California law,

12   "[r]elationships between buyers and sellers of goods and services are generally incompatible with

13   fiduciary obligations."  *Hynix Semiconductor Inc. v. Rambus Inc.*, 441 F.Supp.2d 1066, 1078

14   (N.D.Cal. 2006); *see also Younan v. Equifax Inc.*, 111 Cal.App.3d 498, 517 (1980) ("allegation that

15   a 'confidential relationship' existed, is nothing more than a conclusion of law and was properly

16   disregarded by the court"); *Patriot Scientific*, 504 F.Supp.2d at 966-67 (detailed discussion of

17   requirements to establish fiduciary or confidential relationship for a constructive fraud claim).

18   Accordingly, Defendants' constructive fraud claim should be dismissed with prejudice as they

19   cannot hope to establish such a duty based on the parties' contractual relationship.

20   **III.    CONCLUSION**

21        For the reasons set forth herein and in Continental's moving papers, Continental respectfully

22   requests that the Court grant the Motion to Dismiss in its entirety.

23   Dated:  August 14, 2008            Respectfully submitted,

24                                      MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

25                                      */s/ Jeffrey M. Ratinoff*
                                        _____
26                                      By:  JEFFREY M. RATINOFF
                                             Attorneys for Plaintiff/Counterclaim Defendant,
27                                             Continental D.I.A. Diamond Products, Inc.

4401555v.4

28

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS OF DONG YOUNG
DIAMOND INDUSTRIAL CO., LTD. AND DONGSOO LEE; CASE NO.: CV 08-2136 SI