Marc M. Gorelnik (Calif. Bar No. 166833)
Email: mmgorelnik@townsend.com
**TOWNSEND and TOWNSEND and CREW LLP**
Two Embarcadero Center, 8th Floor
San Francisco, CA 94111-3834
Telephone: 415-576-0200
Facsimile: 415-576-0300

Alfred C. Frawley, Esq. (*pro hac vice*) (Maine Bar No. 2547)
Email: afrawley@preti.com
William D. Hagedorn, Esq. (*pro hac vice*) (Calif. Bar No. 199322)
Email: whagedorn@preti.com
**PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP**
One City Center, P.O. Box 9546
Portland, Maine 04112-9546
Telephone: (207) 791-3000
Facsimile: (207) 791-3111

Attorneys for Defendant/Counterclaim Plaintiff
DONG YOUNG DIAMOND INDUSTRIAL CO., LTD,
AND DONGSOO LEE.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTINENTAL D.I.A. DIAMOND PRODUCTS, INC., a California corporation,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>DONG YOUNG DIAMOND INDUSTRIAL CO., LTD, a South Korean company, DONGSOO LEE, an individual, and DOES 1-10, inclusive,<br><br>    Defendant/Counterclaim Plaintiff. | Case No. 08-cv-2136-SI<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF THE DEFENDANTS' ANSWER, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** |

Defendant/Counterclaim Plaintiffs Dong Young Diamond Industrial Co., Ltd and Dongsoo Lee (collectively "Dong Young") respectfully submit this Opposition to Plaintiff's Motion to Strike Portions of the Defendants' Answer, or in the Alternative, For a More Definite Statement ("Motion to Strike"). Plaintiff's Motion to Strike is an imprudent and premature attempt to avoid this Court's consideration of the merits of several of Defendants' claims and defenses. Courts understandably are averse to granting motions to strike affirmative defenses at this stage of the proceeding, where discovery has yet to begin and where the disputed issues of law and fact are legion. Accordingly, Defendants respectfully request that Plaintiff's Motion to Strike and motion in the alternative for a more definite statement be denied in their entirety.

## I. ARGUMENT

### A. Applicable Legal Standard

It is well established that Rule 12(f) motions are "disfavored" because they are "often used as delaying tactics, and because of the limited importance of pleadings in federal practice." *Equine Legal Solutions, Inc. v. Buntrock*, 2008 U.S. Dist. LEXIS 9182, at *5 (N.D. Cal. Jan. 9, 2008) (quoting *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996)). See also *Ellison v. Autozone, Inc.*, 2007 U.S. Dist. LEXIS 70187, at *2 (N.D. Cal. Sept. 13, 2007) (citing *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003)); *In re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007); *Jadwin v. County of Kern*, 2007 U.S. Dist. LEXIS 81126, at *4 (E.D. Cal. Oct. 23, 2007) ("[M]otions to strike are 'generally disfavored and not frequently granted,' for three reasons: (1) the liberal pleading standard in federal practice; (2) they are often deployed as a delay tactic; and (3) the prevailing view that 'a case should be tried on the proofs rather than the pleadings.'") (citations omitted).

Accordingly, such motions should be denied "unless the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit." *Ellison v. Autozone, Inc.*, 2007 U.S. Dist. LEXIS 70187, at *3 (N.D. Cal. Sept. 13, 2007) (citing *SEC v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995)). In other words, a motion to strike is granted only if "[t]he court [is] convinced that there are no questions of fact, that any questions of law are

Opposition To Plaintiff's Motion To Strike Portions Of The Defendants' Answer, Or In The Alternative, For A More Definite Statement
Case No. 08-cv-2136-SI

1

clear and not in dispute, and that under no set of circumstances could the defense succeed." *Id.* (quoting *Jones v. Sweeney*, 2006 U.S. Dist. LEXIS 33069, 2006 WL 1439080, at * 1 (E.D. Cal. May 24, 2006) (citing *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995)). See also *Dodd-Owens v. Kyphon, Inc.*, 2007 U.S. Dist. LEXIS 79068, at *4 (N.D. Cal. Oct. 12, 2007) ("Motions to strike generally will not be granted unless it is clear that the matter to be stricken could not have any possible bearing on the subject matter of the litigation.") (citing *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992)); *In re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007) (same) (quoting *Rosales v. Citibank, Federal Sav. Bank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)); *Wilson-Combs v. Cal. Dep't of Consumer Affairs*, 2008 U.S. Dist. LEXIS 8507, 19-20 (E.D. Cal. Jan. 25, 2008) (stating that motions to strike are disfavored and "should not be granted unless it can be shown that no evidence in support of the allegation would be admissible, or those issues could have no possible bearing on the issues in the litigation") (citing *Gay-Straight Alliance Network v. Visalia Unified Sch. Dist.*, 262 F. Supp. 2d 1088, 1099 (E.D. Cal. 2001)).

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). Courts have denied Rule 12(f) motions, however, "even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f)." *Ellison v. Autozone, Inc.*, 2007 U.S. Dist. LEXIS 70187, at *3 (N.D. Cal. Sept. 13, 2007) (quoting Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1382 (1990)). On a motion to strike, the court must view the pleading under attack in the light most favorable to the pleader. *Equine Legal Solutions, Inc. v. Buntrock*, 2008 U.S. Dist. LEXIS 9182, at *5 (N.D. Cal. Jan. 9, 2008) (citing *State of Cal. v. United States*, 512 F. Supp. 36, 39 (N.D. Cal. 1981)). Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike. *In re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007) (citing *In re 2TheMart.com Secs. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000)). See also *Vaughn v. United States Gov't (FBI)*, 2007 U.S. Dist. LEXIS 89301, at *5 (E.D. Cal. Nov.

2

16, 2007) ("If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits.") (citing 5A Wright & Miller, supra, at § 1380).

Additionally, "motions to strike are rarely granted in the absence of a showing of prejudice to the moving party." *Smith v. Wal-Mart Stores*, 2006 U.S. Dist. LEXIS 72225, at *5 (N.D. Cal. Sept. 20, 2006) (citing *Freeman v. Alta Bates Summit Med. Ctr. Campus*, 2004 U.S. Dist. LEXIS 21402, at *5 (N.D. Cal. 2004) (citing 61 Am. Jur. 2d Pleading § 505 (West 1999)). See also 2-12 Moore's Federal Practice - Civil § 12.37 ("To prevail on this motion to strike, the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants."). Here, Plaintiff has not even alleged that it has been prejudiced by the affirmative defenses it seeks to strike.

### 1.    Motions to Strike Affirmative Defenses

Federal Rule of Civil Procedure 8(b) provides that "[a] party shall state in short and plain terms the party's defenses to each claim asserted …." Rule 8(c) requires the affirmative pleading of 19 separate defenses and of "any matter constituting an avoidance or affirmative defense." Fed. R. Civ. P. 8(c). Courts have held that "[m]otions to strike a defense as insufficient are not favored by the federal courts because of their somewhat dilatory and often harassing character. Thus, even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party." *Hernandez v. Balakian*, 2007 U.S. Dist. LEXIS 43680, at *3 (E.D. Cal. June 1, 2007). Rather than grant a motion to strike affirmative defenses, "[a] defendant should be given the opportunity to prove his allegations if there is any possibility that the defense might succeed after full hearing on the merits." *Acacia Corporate Mgmt., LLC v. United States*, 2008 U.S. Dist. LEXIS 7271, at *4-5 (E.D. Cal. 2008) (citing *Purex Corp. v. General Foods Corp.*, 318 F. Supp. 322, 323 (C.D. Cal. 1970)).

Before a motion to strike affirmative defenses may be granted, "the Court must be convinced that there are no questions of fact, that any questions of law are clear and not in

Opposition To Plaintiff's Motion To Strike Portions Of The Defendants' Answer, Or In The Alternative, For A More Definite Statement
Case No. 08-cv-2136-SI

3

dispute, and that under no set of circumstances could the defenses succeed." *Levin-Richmond Terminal Corp. v. International Longshoremen's & Warehousemen's Union, Local 10*, 751 F. Supp. 1373, 1375 (N.D. Cal. 1990) (quoting *Systems Corp. v. American Tel. & Tel. Co.*, 60 F.R.D. 692, 694 (S.D.N.Y. 1973)). Moreover, a motion to strike defenses should not be employed as a vehicle for determining "disputed and substantial questions of law." *Id.* (quoting *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds*, 478 U.S. 1015, 92 L. Ed. 2d 731, 106 S. Ct. 3324 (1986)).

But even when the defense presents a purely legal question, "federal courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as best determined only after further development by way of discovery and a hearing on the merits, either on a summary judgment motion or at trial." *Hernandez v. Balakian*, 2007 U.S. Dist. LEXIS 43680, at *3-4 (E.D. Cal. June 1, 2007). *See also El-Shaddai v. Woodford*, 2006 U.S. Dist. LEXIS 82611, at *3 (E.D. Cal. Nov. 9, 2006) ("Even when the defense under attack presents a purely legal question, courts are reluctant to determine disputed or substantial questions of law on a motion to strike.") (citations omitted).

In *Acacia Corporate Mgmt., LLC v. United States*, for example, the plaintiffs moved to strike the United States' affirmative defenses on the basis that they were "nothing more than bare bones conclusory allegations," and that none of the defenses "contain[ed] any factual information which would show that the defenses are supported by any facts." 2008 U.S. Dist. LEXIS 7271, at *13 (E.D. Cal. 2008). Nevertheless, the court held that "a motion to strike an affirmative defense 'will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings.'" *Id.* (quoting *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991). The court determined that it could "not say that Plaintiffs would succeed based on any state of the facts inferable from the pleadings. The merits of many of the defenses can not be determined without further development of facts." *Id.* at *14.

4

Opposition To Plaintiff's Motion To Strike Portions Of The Defendants' Answer, Or In The Alternative, For A More Definite Statement
Case No. 08-cv-2136-SI

Under the clear standard set forth by this, and other, courts, Plaintiff's Motion to Strike should be denied in its entirety.

### 2. Even if the Court Determines Any Affirmative Defenses are Insufficiently Pled, Defendants Should be Granted Leave to Amend.

Even if this Court determines that any of Defendants affirmative defenses are insufficiently pled, "[a] court granting a Rule 12(f) motion should generally grant leave to amend, unless the amendment would be futile." *Smith v. Wal-Mart Stores*, 2006 U.S. Dist. LEXIS 72225, at *6-7 (N.D. Cal. Sept. 20, 2006) (citations omitted). See also 2-12 Moore's Federal Practice - Civil § 12.37 ("If a motion to strike is granted, the court should ordinarily grant the defendant leave to amend so long as there is no prejudice to the opposing party.").

Therefore, although Defendants submit that its affirmative defenses are properly pled and that amendment is unnecessary, particularly at this stage of the proceedings where Plaintiff would not be prejudiced, Defendants should at least be permitted to amend its affirmative defenses to include more specific allegations in the event the Court grants any portion of Plaintiff's Motion.

## B. There is No Basis for Striking any of Defendants' Affirmative Defenses.

### 1. Second Affirmative Defense (Estoppel)

According to the Ninth Circuit, "equitable estoppel is the doctrine by which a person may be precluded by his act or conduct . . . from asserting a right which he otherwise would have had. . . . The effect of voluntary conduct of a party whereby he is precluded from asserting rights against another who has justifiably relied upon such conduct and changed his position so that he will suffer injury if the former is allowed to repudiate the conduct." L*evin-Richmond Terminal Corp. v. International Longshoremen's & Warehousemen's Union*, Local 10, 751 F. Supp. 1373, 1377 (N.D. Cal. 1990) (citing *Hass v. Darigold Dairy Prods. Co.*, 751 F.2d 1096, 1099-1100 (9th Cir. 1985) (quoting Black's Law Dictionary 483 (5th ed. 1979)).

As discussed at length in Defendants' Opposition to Plaintiff's Motion to Dismiss, the issue of Dong Young's reliance on Continental's conduct over the course of the parties' ten year

Opposition To Plaintiff's Motion To Strike Portions Of The Defendants' Answer, Or In The Alternative, For A More Definite Statement
Case No. 08-cv-2136-SI

5

business relationship is central to many of Defendants' counterclaims.  Given Defendants' allegations that Continental agreed to and acquiesced in the parties' course of conduct regarding Continental's payment for Products manufactured by Dong Young, this defense raises substantial questions of fact and law inappropriate for resolution upon a motion to strike.  Plaintiff's Motion should therefore be denied or, in the alternative, Defendants seek leave to amend.

### 2. There is No Basis for Striking Defendants' Sixth Affirmative Defense (Unclean Hands).

Plaintiff provides no authority in support of its claim that Defendants' affirmative defense of unclean hands should be stricken.  As this court has held in denying a motion to strike an affirmative defense of unclean hands, a "Defendant's failure to state the elements and facts supporting its unclean hands defense is not sufficient to prove that Plaintiffs have not been placed on 'fair notice of the defense.'"  *Smith v. Wal-Mart Stores*, 2006 U.S. Dist. LEXIS 72225, at *40 (N.D. Cal. Sept. 20, 2006) (quoting *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979)).  Defendants' affirmative defense, combined with the allegations set forth in Defendants' counterclaims and the discussion in Defendants' Opposition to the Motion to Dismiss put Plaintiff on fair notice of the defense.  Moreover, as these allegations make clear, this defense raises substantial questions of fact and law inappropriate for resolution upon a motion to strike.  Plaintiff's Motion should accordingly be denied or, in the alternative, Defendants seek leave to amend.

### 3. There is No Basis for Striking Defendants' Fifteenth Affirmative Defense (Fraud).

Under Fed. R. Civ. P. 8(c), Defendants were required to affirmatively state fraud in responding to pleading if it intended to invoke fraud as a defense.  For the reasons set forth in Defendants' Opposition to Plaintiff's Motion to Dismiss, Defendants assert that they have alleged fraud with sufficient particularity.  Even if the Court was to dismiss Defendants' fraud counterclaims, however, Defendants submit they should be entitled to leave to amend, thereby making Plaintiff's motion to strike premature.  *See, e.g.*, D*awe v. Corr. USA*, 2007 U.S. Dist. LEXIS 81883, at *17 (E.D. Cal. Oct. 24, 2007) (ruling that it was premature to strike a claim that

Opposition To Plaintiff's Motion To Strike Portions Of The Defendants' Answer, Or In The Alternative, For A More Definite Statement
Case No. 08-cv-2136-SI

6

had been dismissed, but for which leave to amend had been granted).  Therefore, Plaintiff's motion to strike should be denied or, in the alternative, Defendants seek leave to amend.

### 4. There is No Basis for Striking Defendants' Twenty-Fourth Affirmative Defense (Unfair Competition)

Curiously, Plaintiff states that Defendants' affirmative defense stating that Continental's unfair competition claim is preempted is "immaterial" because Continental has not pled a Trade Secrets Claim.  It is plain from the face of the Complaint, however, that Continental has brought a claim for unfair competition, and Defendants' affirmative defense alleging that that claim is preempted raises substantial questions of fact and law inappropriate for resolution upon a motion to strike.  Plaintiff's motion should accordingly be denied or, in the alternative, Defendants seek leave to amend.

### 5. There is No Basis for Striking Paragraph 25 of Defendants' Affirmative Defenses (Reservation)

Paragraph 25 of Defendants' Affirmative Defenses simply is intended to state what Defendants already are permitted to do under the Federal Rules.  Defendants do not intend to incorporate a "catch-all" affirmative defense, but rather assert their right to raise additional claims or defenses as additional facts are developed through the course of this litigation. Accordingly, Defendants submit that Plaintiff's motion with respect to this Paragraph is unnecessary and should be denied.

### C. Plaintiff's Motion in the Alternative for a More Definite Statement Should be Denied

Under Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement where "a pleading *to which a responsive pleading is permitted* is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Fed. R. Civ. P. 12(e) (emphasis added).  Since the rules do not provide for or permit a responsive pleading to an affirmative defense, Rule 12(e) does not apply in this instance and Plaintiff's motion for a more definite statement must be denied.  *See, e.g.*, *Ramos Oil Recyclers, Inc. v. AWIM, Inc.*, 2007 U.S. Dist. LEXIS 62608, at *10 (E.D. Cal. Aug. 15, 2007) (denying motion to

7

Opposition To Plaintiff's Motion To Strike Portions Of The Defendants' Answer, Or In The Alternative, For A More Definite Statement
Case No. 08-cv-2136-SI

1 strike affirmative defenses because "no responsive pleading is permitted to an affirmative
2 defense").
3   Moreover, Rule 12(e) motions should be granted only where a claim is "so vague or
4 ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or
5 without prejudice to himself." *Soualian v. Int'l Coffee & Tea LLC*, 2007 U.S. Dist. LEXIS
6 96339, at *4 (C.D. Cal. May 22, 2007) (citing *Delta Educ., Inc. v. Langlois*, 719 F. Supp. 42, 50
7 (D.N.H. 1989) (quoting 5A Wright & Miller, Federal Practice and Procedure § 1376)). In
8 addition, a court should deny a motion for a more definite statement if the lacking detail can be
9 obtained through discovery. *Id.* (citing *Beery v. Hitachi Home Elecs. (America) Inc.*, 157 F.R.D.
10 477, 480 (C.D. Cal. 1993)). Accordingly, there is no basis for granting Plaintiff's alternative
11 motion for a more definite statement.
12 ///
13 ///
14 ///
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II. CONCLUSION

For the foregoing reasons, Dong Young respectfully requests that the Court deny Continental's Motion to Strike, in its entirety. To the extent the Court is inclined to grant Continental's Motion with respect to any affirmative defense, however, Dong Young respectfully seeks leave to amend such affirmative defense.

DATED: August 15, 2008

By: /s/ Marc M. Gorelnik

Marc M. Gorelnik (Calif. Bar No. 166833)
TOWNSEND and TOWNSEND and CREW LLP

Alfred C. Frawley, Esq., (*pro hac vice*) (Maine Bar No. 2547)
William D. Hagedorn, Esq., (*pro hac vice*) (Calif. Bar No. 199322)
PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP
Attorneys for Defendant/Counterclaim Plaintiff
DONG YOUNG DIAMOND INDUSTRIAL CO., LTD, AND DONGSOO LEE

61467853 v1

Opposition To Plaintiff's Motion To Strike Portions Of The Defendants' Answer, Or In The Alternative, For A More Definite Statement
Case No. 08-cv-2136-SI

9