1
2
3
4
5                     IN THE UNITED STATES DISTRICT COURT

6                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   CONTINENTAL D.I.A. DIAMOND PRODUCTS,          No. C 08-02136 SI
    INC.,
9                                                  **ORDER GRANTING IN PART
                    Plaintiff,                      PLAINTIFF'S MOTION TO DISMISS
10                                                  COUNTERCLAIMS AND DENYING
       v.                                           PLAINTIFF'S MOTION TO STRIKE
11                                                  AFFIRMATIVE DEFENSES**
    DONG YOUNG DIAMOND INDUSTRIAL CO.,
12  LTD.,  DONGSOO  LEE,  and  DOES  1-10,
    inclusive,
13
                    Defendants.
14  _____/

15
            Plaintiff has filed a motion to strike certain of defendants' affirmative defenses and a motion to
16
    dismiss the majority of defendants' counterclaims.  The motions are scheduled for hearing on August
17
    29, 2008.  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution
18
    without oral argument, and hereby VACATES the hearing.  Having considered the arguments of the
19
    parties and the papers submitted, and for good cause shown, the Court hereby DENIES plaintiff's
20
    motion to strike and GRANTS IN PART and DENIES IN PART plaintiff's motion to dismiss.
21

22
                                        **BACKGROUND**
23
            This dispute involves two companies in the business of manufacturing and selling tools that
24
    contain diamonds. On April 24, 2008, plaintiff Continental D.I.A. Diamond Products, Inc., a California
25
    corporation, filed a complaint against defendant Dong Young Diamond Industrial Company, a South
26
    Korean company, and defendant Dongsoo Lee, the owner of Dong Young.  The complaint alleged
27
    claims for, *inter alia*, breach of manufacturing and licensing agreement, trademark infringement, and
28

false advertising.  On June 26, 2008, after having obtained relief from default, defendants filed an answer that included affirmative defenses and fourteen counterclaims against plaintiff.  The gravamen of defendants' counterclaims is that after a ten-year business relationship in which defendants supplied cutting tools to plaintiff, in the summer of 2007 plaintiff failed to pay defendants for $393,515.80 worth of products.  Defendants' Answer at 11.  Defendants also contend that between October 2007 and April 2008, plaintiff established a business in South Korea called GM Diamond.  Defendants contend that GM Diamond is a direct competitor of defendants and that plaintiff and GM Diamond hired several of defendants' key employees to work at GM Diamond.  *Id.* at 11-12.  Now before the Court are motions by plaintiff to strike certain affirmative defenses and to dismiss the majority of defendants' counterclaims.

**LEGAL STANDARD**

**I.     Motion to strike**

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The function of a Rule 12( f) motion to strike is to avoid the expenditure of time and money that arises from litigating spurious issues by dispensing of those issues before trial.  *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).  A motion to strike may be appropriate where it will streamline the ultimate resolution of the action .  *See Fantasy*, 984 F.2d at 1528.  However, because of the limited importance of pleadings in federal matters, motions to strike are generally disfavored.  *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001).  In most cases, a motion to strike should not be granted unless "the matter to be stricken clearly could have no possible bearing on the subject of the litigation."  *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).

**II.     Motion to dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  The question presented by a motion to dismiss

1   is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer

2   evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other*

3   *grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

4       In answering this question, the Court must assume that the plaintiff's allegations are true and

5   must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d

6   556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is

7   remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See*

8   *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). Dismissing a complaint for

9   failure to state a claim is proper only "if it appears beyond doubt" that the plaintiff "can prove no set

10  of facts which would entitle him to relief." *Vazquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007)

11  (internal quotation marks omitted).

12      If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The

13  Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request

14  to amend the pleading was made, unless it determines that the pleading could not possibly be cured by

15  the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal

16  quotation marks omitted).

17

18                                    **DISCUSSION**

19  **I.    Motion to strike affirmative defenses**

20      Plaintiff moves to strike defendants' second, sixth, fifteenth, and twenty-fourth affirmative

21  defenses, which generally allege that plaintiff's claims are barred by estoppel, the doctrine of unclean

22  hands, fraud, and the California Uniform Trade Secrets Act, as well as defendants' twenty-fifth

23  affirmative defense, which states that defendants reserve their right to file additional affirmative

24  defenses. In the alternative, plaintiff moves for a more definite statement. Plaintiff argues that these

25  affirmative defenses should be stricken because defendants do not allege any facts in support of these

26  defenses. Defendants respond, correctly, that such motions are disfavored and that affirmative defenses

27  should not be stricken unless there are no circumstances under which the defenses could succeed. *See*,

28  *e.g.*, *Levin-Richmond Terminal Corp. v. Int'l Longshoremen's and Warehousemen's Union*, 751 F.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Supp. 1373, 1375 (N.D. Cal. 1990). Plaintiff has declined to respond substantively to defendants' arguments, and the Court agrees with defendants that it is not appropriate to strike their affirmative defenses because they could conceivably be relevant and successful. Plaintiff's motion to strike is DENIED.

## II.    Motion to dismiss counterclaims

Plaintiff moves to dismiss thirteen of the fourteen counterclaims asserted by defendants in their June 26, 2008 answer. The only counterclaim plaintiff does not move to dismiss is the first, which alleges a breach of contract. Plaintiff argues that defendants' claims sounding in fraud must be dismissed because they are not pled with sufficient particularity to satisfy Federal Rule of Civil Procedure 9(b). Plaintiff also argues that many of defendants' other claims should be dismissed either because they are redundant or because they do not comply with Federal Rule of Civil Procedure 8, in that defendants failed to provide sufficient factual allegations to put plaintiff on notice of the grounds upon which the claims rest. The Court will address in turn each of defendants' counterclaims.

### A.    Second cause of action: breach of the implied covenant of good faith and fair dealing

Defendants' second cause of action alleges that plaintiff breached the implied covenant of good faith and fair dealing. Plaintiff argues that this cause of action should be dismissed because it is based on the same factual allegations of the first cause of action, for breach of contract, and thus is superfluous. While the Court agrees with plaintiff that in certain contexts it may be appropriate to dismiss a claim for breach of the implied covenant of good faith and fair dealing when it merely reflects a breach of contract claim, *see Lamke v. Sunstate Equip. Co.*, LLC, 387 F. Supp. 2d 1044, 1047-48 (N.D. Cal. 2004), here defendants may make claims in their second cause of action beyond mere breach of the parties' contract. The Court therefore DENIES plaintiff's motion to dismiss this claim, though it encourages defendants, when amending their counterclaims, to add additional factual allegations explaining how this claim differs from the breach of contract claim.

**United States District Court**
For the Northern District of California

### B.    Third and fourteenth causes of action: claims sounding in fraud

Defendants' third cause of action alleges that plaintiff made false and misleading statements to defendants, while defendants' fourteenth cause of action alleges that plaintiff has committed constructive fraud.  Claims of fraud are subject to the strict pleading requirements of Federal Rule of Civil Procedure 9(b), which provides, in relevant part, that "in all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity."  Therefore, in addition to the "time, place and content of an alleged misrepresentation," a complaint "must set forth what is false or misleading about a statement, and . . . an explanation as to why the statement or omission complained of was false or misleading."  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 & n.10 (9th Cir. 1999).

The Court agrees with plaintiff that these counterclaims must be dismissed.  Defendants' allegations provide no details whatsoever about the alleged fraudulent statements or omissions made by plaintiff, and thus do not satisfy the pleading requirements for claims involving fraud.  Defendants argue that the requirements of Rule 9(b) should be relaxed somewhat because defendants do not have knowledge of all the facts regarding the alleged fraud.  The Court finds it difficult to believe, however, that every specific fact relating to defendants' allegations of fraud are only within plaintiff's knowledge and cannot be determined by defendants without the benefits of discovery.  The Court also agrees with plaintiff that as to the claim for constructive fraud, defendants have failed to make the necessary allegation that a confidential or fiduciary relationship existed between the parties.  *See Younan v. Equifax, Inc.*, 111 Cal. App. 3d 498, 517 (Cal. Ct. App. 1980).  For these reasons, the Court GRANTS plaintiff's motion to dismiss with regard to defendants' third and fourteenth causes of action.  Defendants may amend these claims to satisfy the requirements of Rule 9(b).

### C.    Fourth cause of action: quantum meruit

Defendants' fourth cause of action alleges that plaintiff violated the doctrine of quantum meruit or quasi-contract.  Plaintiff argues that this claim should be dismissed because it is inconsistent with defendants' claim for breach of contract.  Plaintiff also argues that to successfully assert a claim for quantum meruit, the party must allege that it has rendered only partial performance of the contract at

United States District Court
For the Northern District of California

issue, and that defendants' answer alleges full performance of the contract. Defendants respond that they are entitled to plead alternative causes of action. The Court agrees. The Court therefore DENIES plaintiff's motion to dismiss the fourth cause of action, though again encourages defendants, when amending their counterclaims, to add additional factual allegations supporting a claim for quantum meruit.

### D. Sixth cause of action: constructive trust or unjust enrichment

Defendants' sixth cause of action alleges a claim for unjust enrichment and constructive trust. Plaintiff asks the Court to dismiss this cause of action because constructive trust is a remedy, rather than an independent cause of action. *See Stansfield v. Starkey*, 220 Cal. App. 3d 59, 76 (Cal. Ct. App. 1990). Defendants appear to concede this point, and the Court therefore GRANTS the motion to dismiss this cause of action insofar as it states a claim for constructive trust.

Plaintiff also argues that dismissal of this cause of action is appropriate because unjust enrichment is an action in quasi-contract, and defendants have alleged that the parties formed a valid, express contract, the existence of which would bar an action in quasi-contract. *See Gerlinger v. Amazon.Com, Inc.*, 311 F. Supp. 2d. 838, 856 (N.D. Cal. 2004). Although defendants may, of course, plead alternatives to their breach of contract theory, the Court agrees with plaintiff that defendants' unjust enrichment or quasi-contract theory must be dismissed because defendants entirely fail to allege, in the alternative, that no express agreement existed between the parties. *See id.* Plaintiff's motion to dismiss defendants' sixth cause of action is therefore GRANTED, with leave to amend.

### E. Seventh and eighth causes of action: intentional and negligent interference with prospective economic advantage

Defendants' seventh and eighth causes of action allege intentional and negligent interference with prospective economic advantage, respectively. Plaintiff argues that these claims must be dismissed for a number of reasons. First, plaintiff argues that defendants only allege that a third party, GM Diamond, located in South Korea, took actions that interfered with defendants' economic relationships in South Korea, and thus that this action has little or no connection to California such that California

United States District Court
For the Northern District of California

law should not be applied.  In response, defendants argue, correctly, that they allege that plaintiff, a California corporation, established GM Diamond and that plaintiff itself induced defendants' employees to work for GM Diamond.  The Court agrees that defendants' answer adequately alleges actions taken by plaintiff.  That said, defendants should, upon amending their counterclaims, put forth additional factual allegations regarding the relationship between plaintiff and GM Diamond, if defendants wish to allege that plaintiff is liable for the actions of this third party.

Next, plaintiff argues that defendants fail to allege an underlying, independent wrong.  The California Supreme Court has held that a showing of such an independent wrong is required when bringing an action for intentional interference with prospective economic advantage.  *Della Penna v. Toyota Motor Sales, U.S.A. Inc.*, 11 Cal. 4th 376, 392-93 (1995) ("[A] plaintiff seeking to recover for alleged interference with prospective economic relations has the burden of pleading and proving that the defendant's interference was wrongful 'by some measure beyond the fact of the interference itself.'"); *see also Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1159 (2003) (noting, in the context of intentional interference with prospective economic advantage, that "an act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard").  It is also required when bringing an action for negligent interference with prospective economic advantage.  *Hsu v. OZ Optics Ltd.*, 211 F.R.D. 615, 621 (N.D. Cal. 2002) (citing California cases).  Defendants cite no California authority stating otherwise, and the only acts alleged by defendants are that plaintiff formed a company that competes with defendants and that plaintiff hired some of defendants' employees to work for that competing company.  Defendants do not explain how these actions are unlawful, and without additional factual allegations the Court does not see how they could be unlawful.  The Court therefore GRANTS plaintiff's motion to dismiss the seventh and eighth counterclaims, with leave to amend.  Should defendants choose to amend these claims, the Court also notes that they should plead additional facts regarding the economic relationships that were disrupted by plaintiff's actions, as well as facts supporting the allegation that plaintiff owed defendants a duty of care.

**F.**     **Ninth cause of action: accounting**

Defendants' ninth cause of action seeks an accounting from plaintiff for money owed to defendants. Plaintiff argues that such an accounting claim is not appropriate here because defendants do not allege that a fiduciary relationship existed between the parties or that the accounts are so complicated that an accounting is necessary. Defendants appear to concede that there was no fiduciary relationship at issue, but argue that although they allege that plaintiff owes a total of $393,515.80, this amount may be disputed by the parties, such that an accounting might be necessary. The Court agrees. As they emerge, the facts of this case could conceivably complicate any amount owed to defendants, and it is possible that the calculation could become complicated enough to warrant an accounting. The Court therefore finds it inappropriate to dismiss the accounting claim at this stage of the litigation, and DENIES plaintiff's motion as to defendants' ninth cause of action.

**G.    Tenth and eleventh causes of action: commercial defamation and trade libel**

Defendants' tenth cause of action alleges that plaintiff made derogatory and false statements about defendants to third parties, while the eleventh cause of action alleges that plaintiff published and communicated disparaging, false statements about defendants. Plaintiff correctly notes that claims for libel and slander must be plead with specific details about the contents of the defamatory statement as well as details about the context in which the statement was made. *Jones v. Thyssenkrupp Elevator Corp.*, 2006 WL 680553, *6 (N.D. Cal. March 14, 2006); *Kahn v. Bower*, 232 Cal. App. 3d 1599, 1612 n.5 (Cal. Ct. App. 1991). Defendants have made no attempt to allege any specifics about the content of the defamatory statements, who communicated them to whom, or any other facts indicating that these are valid claims. The Court therefore GRANTS plaintiff's motion to dismiss defendants' tenth and eleventh causes of action, with leave to amend.

**H.    Remaining causes of action**

Plaintiff also seeks dismissal of defendants' fifth, twelfth, and thirteenth causes of action, which allege claims of promissory estoppel, unfair competition, and conversion or trover, respectively. Plaintiff's principal argument with regard to these claims is that defendants have failed to put forth any factual allegations that would support such claims. The Court agrees. Defendants must do more than

simply recite the elements of a cause of action, and their "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). The Court is permitting defendants to amend their counterclaims; as part of this amendment, should defendants wish to continue to assert their fifth, twelfth, and thirteenth causes of action, they must allege additional facts in support of these claims, facts that indicate that such claims are properly asserted. Accordingly, plaintiff's motion to dismiss the fifth, twelfth, and thirteenth counterclaims is GRANTED.

## CONCLUSION

For all of the foregoing reasons, and for good cause shown, the Court hereby DENIES plaintiff's motion to strike [Docket No. 23] and GRANTS IN PART and DENIES IN PART plaintiff's motion to dismiss defendants' counterclaims [Docket No. 22]. **Should defendants wish to amend their counterclaims in conformance with this order, they must do so no later than September 19, 2008.**

**IT IS SO ORDERED.**

Dated: August 26, 2008

_____
SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

9