IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTINENTAL D.I.A. DIAMOND PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DONG YOUNG DIAMOND INDUSTRIAL CO., LTD., DONGSOO LEE, and DOES 1-10, inclusive, <br><br> Defendants. <br> _____ / | No. C 08-02136 SI <br><br> **ORDER RE: MOTION TO DISMISS DEFENDANTS' AMENDED COUNTERCLAIMS** |

On December 12, 2008, the Court heard oral argument on plaintiff Continental D.I.A. Diamond Products, Inc.'s motion to dismiss the amended counterclaims of defendants Dong Young Diamond Industrial Co., Ltd. and Dongsoo Lee (collectively "Dong Young"). Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court rules as follows.

**BACKGROUND**

In its August 26, 2008 Order granting in part plaintiff's motion to dismiss defendants' counterclaims, the Court described the facts of this case as follows:

> This dispute involves two companies in the business of manufacturing and selling tools that contain diamonds. On April 24, 2008, plaintiff Continental D.I.A. Diamond Products, Inc., a California corporation, filed a complaint against defendant Dong Young Diamond Industrial Company, a South Korean company, and defendant Dongsoo Lee, the owner of Dong Young. The complaint alleged claims for, *inter alia*, breach of manufacturing and licensing agreement, trademark infringement, and false advertising. On June 26, 2008, after having obtained relief from default, defendants filed an answer that included affirmative defenses and fourteen counterclaims against plaintiff. The gravamen of defendants' counterclaims is that after a ten-year business relationship in which defendants supplied cutting tools to plaintiff, in the summer of 2007 plaintiff

> failed to pay defendants for $393,515.80 worth of products. Defendants' Answer at 11. Defendants also contend that between October 2007 and April 2008, plaintiff established a business in South Korea called GM Diamond. Defendants contend that GM Diamond is a direct competitor of defendants and that plaintiff and GM Diamond hired several of defendants' key employees to work at GM Diamond. *Id.* at 11-12.

*See* August 26 Order, at *1-2. [Docket No. 42]

Continental moved to dismiss thirteen of Dong Young's fourteen counterclaims. The Court granted Continental's motion in part and granted Dong Young leave to amend. *See id.* On September 26, 2008, Dong Young filed an amended answer. *See* Answer, Affirmative Defenses, and First Amended Counterclaims ("Amended Counterclaims"). [Docket No. 47] Now before the Court is Continental's motion to dismiss nine of Dong Young's fourteen amended counterclaims.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). Dismissing a complaint for failure to state a claim is proper only "if it appears beyond doubt" that the plaintiff "can prove no set of facts which would entitle him to relief." *Vazquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (internal quotation marks omitted).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal

quotation marks omitted).

## DISCUSSION

Continental moves to dismiss nine of the fourteen counterclaims asserted by Dong Young in the amended answer filed on September 26, 2008. The Court will address each of the challenged counterclaims in turn.

**1.    Third and Fourteenth Causes of Action: Claims Sounding in Fraud**

In its August 26 Order, the Court held that Dong Young's third and fourteenth causes of action must be dismissed because Dong Young failed to allege any details about the purportedly fraudulent statements made by Continental. *See* August 26 Order, at *5. In the amended counterclaims, Dong Young alleges that Continental knowingly made three false representations: (1) that in 1998, Dong Young would be Continental's exclusive supplier in Korea, (2) that Continental would pay all invoices in full within 60 days after delivery of products manufactured by Dong Young, and (3) in "early 2006," that Continental would increase its annual purchases from Dong Young from $1 million to $3 million. *See* Amended Counterclaims, at 11, 12, 17. Dong Young also alleges that it acted in justifiable reliance on these representations by (1) borrowing 200 million Korean Won (KRW) from business support funds to purchase new equipment, and (2) borrowing 750 million KRW from the Korea Development Bank to purchase a new factory.

Claims of fraud are subject to the strict pleading requirements of Federal Rule of Civil Procedure 9(b), which provides, in relevant part, that "in all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." Therefore, in addition to the "time, place and content of an alleged misrepresentation," a complaint "must set forth what is false or misleading about a statement, and . . . an explanation as to why the statement or omission complained of was false or misleading." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 & n.10 (9th Cir. 1999). Something more than nonperformance is required to prove that the breaching party acted with fraudulent intent at the time that the promise was made. *Tenzer v. Superscope, Inc.*, 39 Cal. 3d 18, 30 (Cal. 1985) (citing *People v. Ashley*, 42 Cal. 2d 246, 263 (Cal. 1954)). If a party "adduces no further evidence of fraudulent intent

3

than proof of nonperformance of an oral promise, he will never reach a jury." *Id.* at 31.

### A.   Third cause of action: fraud

The Court agrees with Continental that Dong Young has failed to plead facts sufficient to give rise to an inference that Continental acted with fraudulent intent at the time it allegedly made the promises. Dong Young alleges that Continental made the promises in 1998 and early 2006.[1] According to Dong Young, Continental's competitive activities (e.g. establishing GM Diamond in Korea and hiring several of Dong Young's employees) are sufficient to meet the scienter requirement for fraud. Dong Young alleges, however, that these activities began on October 17, 2007, well after Continental allegedly made the last of the three promises. *See* Amended Counterclaims, at 14. Dong Young therefore alleges no facts giving rise to an inference that Continental acted with fraudulent intent when it made the promises, i.e. in 1998 and early 2006.

Moreover, the Court also agrees with Continental that the statements alleged by Dong Young cannot serve as the basis for Dong Young's fraud counterclaim. Dong Young alleges that Continental performed under the parties' contract for years by making payments within 60 days of delivery (until 2007) and by using Dong Young as Continental's exclusive supplier in Korea (until at least 2004). *See* Amended Counterclaims, at ¶¶ 8, 19. It is inconsistent for Dong Young to contend both that Continental performed for years according to its promises and that Continental planned not to perform when it made the same promises.

Dong Young's remaining allegation – that Continental promised in early 2006 that it would increase its annual purchase from $1 million to $3 million – is also deficient. Dong Young alleges that in 2004, the parties entered into a license agreement. *See* Amended Counterclaims, ¶ 14. The agreement provided that Continental "shall establish in advance the specifications and quality of individual Licensed Products to be produced by Dong Young." *See* Decl. of Jeffrey M. Ratinoff in

---

[1] Dong Young does not explicitly allege a date on which Continental promised to pay all invoices in full within 60 of days after delivery. They do, however, allege that Dong Young began issuing invoices in 1998, when Dong Young began doing business with Continental, and that Continental paid the invoices in full within 60 days "[u]ntil 2007". *See* Amended Answer, at 11.

Supp. of Pl. Mot. to Dismiss Defs.' First Amended Counterclaims, at ex. A, ¶ III(1).[2] The agreement also includes an integration clause, which stipulates that "[t]his agreement constitutes the entire agreement between the parties, and no modifications or revisions hereof shall be in force or effect unless the same are in writing and executed by both parties hereto." *See id.*, ¶ VII. In light of the terms of the parties' license agreement, Continental contends that its purported promise in 2006 was not enforceable, much less actionable. Dong Young has not alleged facts establishing why it was reasonable for Dong Young to rely on Continental's alleged oral promise to increase orders when the parties had a written contract that precluded oral modification.

For these reasons, the Court finds that Dong Young "can prove no set of facts which would entitle [it] to relief," *Vazquez*, 487 F.3d at 1249, and GRANTS Continental's motion to dismiss this cause of action with prejudice.

### B.     Fourteenth cause of action: constructive fraud

The Court previously held that Dong Young's counterclaim for constructive fraud must be dismissed because Dong Young failed to allege that a confidential or fiduciary relationship existed between the parties. *See* August 26 Order, at *5. In the amended counterclaim, Dong Young alleges that the "exclusive nature of the relationship between Dong Young and [Continental] created a mutual duty of care." *See* Amended Counterclaims, ¶ 117.

"Constructive fraud arises on a breach of duty by one in a confidential or fiduciary relationship to another which induces justifiable reliance by the latter to his prejudice." *Tyler v. Children's Home Society*, 29 Cal. App. 4th 511, 548 (Cal. Ct. App. 1994) (citation omitted). "The essence of a fiduciary or confidential relationship is that the parties do not deal on equal terms, because the person in whom

---

[2] Continental requests that the Court take judicial notice of various documents, including the parties' 2004 license agreement. [Docket No. 52] Under the doctrine of "incorporation by reference," a trial court may "consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *In re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970, 986 (9th Cir. 1999) (citation omitted). Dong Young refers to the 2004 agreement in the amended counterclaims and does not challenge the authenticity of the document submitted by Continental that purports to be a copy of that agreement. Accordingly, Continental's request for judicial notice is GRANTED to the extent it refers to the parties' 2004 license agreement.

5

1 trust and confidence is reposed and who accepts that trust and confidence is in a superior position to
2 exert unique influence over the dependent party." *Barbara A. v. John G.*, 145 Cal. App.3d 369, 383
3 (Cal. Ct. App. 1983). "California law is that parties to a contract, by that fact alone, have no fiduciary
4 duties toward one another." *Rickel v. Schwinn Bicycle Co.*, 144 Cal. App. 3d 648, 654 (Cal. Ct. App.
5 1983).

6 Dong Young argues that the parties' ten-year business relationship and lengthy course of dealing gives rise to an inference that a fiduciary or confidential relationship existed between the parties. The Court disagrees. Dong Young has simply alleged that the parties had a long-standing contract. It has not established that the parties did not deal on equal terms or other facts sufficient to differentiate this from an ordinary contractual relationship. Accordingly, for the deficiencies in the fraud claim, as well as for failure to allege a fiduciary or confidential relationship, the Court must dismiss this cause of action. Continental's motion to dismiss this claim is GRANTED without leave to amend.

### 2.     **Fifth cause of action: promissory estoppel**

In its prior Order, the Court dismissed Dong Young's counterclaim for promissory estoppel because Dong Young had merely recited the elements of the claim without making factual allegations. *See* August 26 Order, at *8-9. In their amended counterclaims, Dong Young alleges that Continental made the same three promises described in their fraud counterclaim. *See* Amended Counterclaims, at 19. Dong Young also alleges, as in the fraud counterclaim, that it relied on Continental's promises by taking out loans to buy equipment and a new factory. *See id.*

To establish a claim for promissory estoppel, a party must plead: "(1) the existence of a promise, (2) which the promisor reasonably should have expected to induce the promisee's reliance, (3) which actually induces such reliance, (4) that such reliance is reasonable, and (5) that injustice can only be avoided by enforcement of the promise." *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 445 (9th Cir. 1992).

Dong Young's allegation that Continental promised to increase its annual purchases from Dong Young from $1 million to $3 million may be sufficient to establish the existence of a promise and to establish that in reliance on this promise, Dong Young secured loans to buy equipment and build a

factory. Dong Young does not, however plead facts alleging that Continental should have known that Dong Young would take out loans to buy more equipment and build an additional factory or establishing why it was reasonable for Dong Young to take these steps. Finally, Dong Young does not allege facts supporting its contention that injustice can only be avoided by enforcing Continental's promise. Accordingly, Continental's motion is GRANTED without leave to amend.

### 3.     Tenth and Eleventh Causes of Action: Commercial Defamation and Trade Libel

The Court dismissed Dong Young's tenth and eleventh causes of action because Dong Young did not allege any specifics about the content of the defamatory statements, who communicated them to whom, or any other facts indicating that these are valid claims. *See* August 26 Order, at *8. In their amended counterclaims, Dong Young alleges that Vincent Salemi, who allegedly "runs" Continental, told the director of Diamax, Dong Young's "largest customer," some time before July 14, 2008, that Dong Young would soon go out of business. *See* Amended Counterclaims ¶¶ 2, 29, 91. In the same meeting, Salemi purportedly attempted to convince Diamax's director to testify in court against Dong Young. *See id.* ¶ 29.

#### A.     Tenth cause of action: commercial defamation

Continental contends that Dong Young's amended counterclaim for commercial defamation fails because Dong Young does not allege the falsity of Salemi's statement at the time it was made, and that Dong Young cannot so allege because it has already admitted the truth of this statement to the Court. The Court disagrees. In fact, Dong Young does allege that the statement was "derogatory and false." *See* Amended Counterclaims, ¶ 90. The admission cited by Continental was in the parties' August 20 Joint Case Management Statement [Docket No. 41], in which Dong Young stated that Dong Young faced "severe financial difficulties" in September, 2007 as a result of Continental's failure to pay Dong Young. *See* Joint Case Management Statement, at 8:11-17. Dong Young's contention that Dong Young was in financial straits in September, 2007 is not necessarily inconsistent with its allegation that the company was *not* going out of business when Salemi made the statement to Diamax.

Continental also argues that the statement by Salemi cannot be the basis of a defamation claim

because it is constitutionally protected speech. Statements of opinion are constitutionally protected, while statements of fact do not receive the same protection; the distinction is a question of law to be decided by the court. *Rudnick v. McMillan*, 25 Cal. App. 4th 1183, 1191 (Cal. Ct. App. 1994). "In making such a determination, the court must place itself in the position of the hearer or reader, and determine the sense or meaning of the statement according to its natural and popular construction." *Baker v. Los Angeles Herald Examiner*, 42 Cal. 3d 254, 260 (Cal. 1986). In this case, Dong Young alleges that Salemi falsely stated that Dong Young would soon go out of business, and that in the same conversation, Salemi attempted to convince Diamax's director to testify in court on behalf of Continental. *See* Amended Counterclaims, ¶ 91. In light of the allegation that Salemi made the statement in an attempt to convince Diamax's director to testify against Dong Young, the Court finds that it would have been reasonable for Diamax's director to conclude that the statement was factual. Thus, Salemi's statement is not constitutionally protected.

Finally, Continental argues that Dong Young fails to allege that it suffered damages as a result of Salemi's allegedly defamatory statement. Dong Young claims that this statement caused Dong Young to negotiate a seven percent reduction in its prices with Diamax, its largest customer. Amended Counterclaims, ¶ 30. The Court finds that this allegation is sufficient to assert damages. The Court therefore DENIES Continental's motion to dismiss this cause of action.

### B. Eleventh cause of action: trade libel

Dong Young's counterclaim for trade libel fails for three reasons. First, trade libel encompasses "all false statements concerning the quality of services or product of a business". *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1010 (Cal. Ct. App. 2001). The alleged statement here did not concern the quality of Dong Young's services or products.

Second, trade libel requires proof of pecuniary loss. *See Guess, Inc. v. Superior Court*, 176 Cal. App. 3d 473, 479 (Cal. Ct. App. 1986) ("Unlike personal defamation, the plaintiff seeking damages for trade libel must prove special damages in the form of pecuniary loss"). Dong Young alleges only that Salemi's statement caused Dong Young to negotiate a seven percent reduction in prices with its largest customer. To state a claim for trade libel, Dong Young must also allege the pecuniary value of the lost

8

business.[3]

Third, in order to bring a successful claim of trade libel, the owner or distributor of the product is required to produce clear and convincing evidence that the defendant acted with actual malice. *Melaleuca, Inc. v. Clark*, 66 Cal. App. 4th 1344, 1361 (Cal. Ct. App. 1998). In order to establish actual malice, the plaintiff must plead and prove knowledge of falsity or reckless disregard of the truth. *McCoy v. Hearst Corp.*, 42 Cal. 3d 835, 841 (Cal. 1986). Here, Dong Young alleges that Salemi made the statements "with malice," *see* Amended Counterclaims, ¶ 101, but pleads no facts in support of this allegation. Dong Young argues that malice may be inferred from Continental's competitive activities. This argument does not address the problem that Dong Young has not alleged Salemi either knew Dong Young was *not* going out of business or spoke with reckless disregard for whether this statement was true. Moreover, Dong Young's statement that Dong Young faced severe financial difficulties in September, 2007 is inconsistent with the contention that Salemi spoke with malice when he told Diamax (some time between September, 2007 and July, 2008) that Dong Young was going out of business.

For these reasons, the Court GRANTS Continental's motion to dismiss this claim with prejudice.

**4. Seventh and Eighth Causes of Action: Intentional and Negligent Interference with Prospective Economic Advantage**

The Court previously dismissed Dong Young's claims for intentional and negligent interference with prospective economic advantage because Dong Young failed to allege an underlying, independent wrong. *See* August 26 Order, at *7. *See Della Penna v. Toyota Motor Sales, U.S.A. Inc.*, 11 Cal. 4th 376, 392-93 (Cal. 1995) ("[A] plaintiff seeking to recover for alleged interference with prospective economic relations has the burden of pleading and proving that the defendant's interference was wrongful by some measure beyond the fact of the interference itself.") (citation omitted). In the amended counterclaims, Dong Young has alleged that Salemi made a defamatory statement about Dong Young to Diamax. As discussed above, the Court has denied Continental's motion to dismiss the claim

---

[3] Continental is incorrect that it is settled in California that a claim for trade libel must be based on a written statement. *Cf. Polygram Records, Inc. v. Superior Court*, 170 Cal. App. 3d 543, 548 (Cal. Ct. App. 1985) ("The Restatement view is that, like slander of title, what is commonly called 'trade libel' is a particular form of the tort of injurious falsehood and need not be in writing.").

9

for defamation.

### A. Seventh cause of action: intentional interference with prospective economic advantage

The Court finds that Dong Young has adequately pled the remaining elements of intentional inference with prospective economic advantage: (1) an economic relationship between Dong Young and some third party, with the probability of future economic benefit to the Don Young, (2) Continental's knowledge of the relationship, (3) intentional acts by the Continental designed to disrupt the relationship, (4) actual disruption of the relationship, (5) economic harm to the Don Young proximately caused by the acts of Continental. *See Youst*, 43 Cal. 3d at 71 n.6. Dong Young alleges that Diamax was Dong Young's largest customer; that Salemi knew of that relationship; that Salemi made a defamatory statement when he told Diamax that Dong Young was going out of business; that Dong Young consequently was forced to negotiate a lower rate with Diamax; and that Dong Young suffered economic harm as a result. Accordingly, the Court DENIES Continental's motion to dismiss this cause of action.

### B. Eighth cause of action: negligent interference with prospective economic advantage

The Court previously directed Dong Young to allege facts supporting the allegation that Continental owed Dong Young a duty of care. *See* August 26 Order, at *7. In the amended counterclaims, Dong Young has again failed to allege this element adequately. Dong Young alleges that the "exclusive nature of the relationship between Dong Young and [Continental] created a mutual duty of care." *See* Amended Counterclaims, ¶ 77. Dong Young argues that the existence of this duty can be inferred from the fact that the parties had a ten-year business relationship. As described above, however, the existence of a contractual relationship does not establish that the parties to the contract owe each other a duty of care. *See Rickel*, 144 Cal. App. 3d at 654. Accordingly, the Court GRANTS Continental's motion to dismiss this cause of action with prejudice.

### 5. Twelfth Cause of Action: Unfair Competition

The Court previously dismissed Dong Young's counterclaim for unfair competition under California Civil Code §§ 17200 *et seq.* because Dong Young failed to put forth any factual allegations supporting this cause of action. *See* August 26 Order, at *8-9. The gravamen of Dong Young's amended counterclaim is that Continental fraudulently induced Dong Young to increase its manufacturing output while establishing GM Diamond to compete with Dong Young in Korea and attempting to hire Dong Young's employees.

A party may not "plead around absolute barriers to relief by relabeling the nature of the action as one brought under the unfair competition statute." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 182 (Cal. 1999). That is, a claim for unfair business practices fails if the underlying tort or contract claim fails. *Daly v. Viacom, Inc.*, 238 F. Supp. 2d 1118, 1126 (N.D. Cal. 2002). Here, Dong Young failed to plead sufficient facts to establish that Continental fraudulently induced Dong Young to increase its manufacturing output. Accordingly, Dong Young has failed to state a claim for unfair business practices and the Court GRANTS Continental's motion to dismiss this cause of action with prejudice.

### 6. Thirteenth Cause of Action: Conversion or Trover

In its August 26 Order, the Court dismissed Dong Young's cause of action for conversion or trover because Dong Young had failed to put forth any factual allegations that would support such claims. *See* August 26 Order, at *8-9. In the amended counterclaim, Dong Young alleges that Continental has failed to pay Dong Young for goods worth $393,515.80 supplied in July through September of 2007. Dong Young does not address authorities cited by Continental establishing that in California, a conversion claim cannot be based only on payments owed in a sales contract. *See, e.g.*, *In re Bailey*, 197 F.3d 997, 1000 (9th Cir. 1999) ("a mere contractual right of payment, without more, does not entitle the obligee to the immediate possession necessary to establish a cause of action for the tort of conversion."). Accordingly, Continental's motion to dismiss this claim is GRANTED without leave to amend.

**CONCLUSION**

Accordingly, Continental's motion to dismiss Dong Young's first amended counterclaims is DENIED as to the claims for commercial defamation (tenth cause of action) and intentional interference with prospective economic advantage (seventh cause of action), and is GRANTED in all other respects.

**IT IS SO ORDERED.**

Dated: February 10, 2009

SUSAN ILLSTON
United States District Judge