1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CONTINENTAL D.I.A. DIAMOND
PRODUCTS, INC., a California corporation,

Plaintiff,

vs.

DONG YOUNG DIAMOND INDUSTRIAL
CO., LTD., a South Korean company,
DONGSOO LEE, an individual, and DOES 1-
10, inclusive,

Defendants.

Case No. CV 08-2136 SI

~~[PROPOSED]~~ **PROTECTIVE ORDER**

Judge:          Honorable Susan Illston

Complaint Filed:    April 24, 2008
Trial Date:         November 9, 2009

## <u>ORDER</u>

For good cause showing, it appears to the satisfaction of the Court that this is a proper case for entry of a protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure, to protect the confidential information of all parties and third party witnesses as may be necessary during the litigation of this case.

**IT IS HEREBY ORDERED:**

During this action, with respect to any information, testimony, documents, or things obtained by any Party to this action in response to any discovery where such items are asserted to contain or comprise trade secret, confidential, proprietary, or private information, the following

- 1 -

PROTECTIVE ORDER                                        CASE NO.: CV 08-2136 SI

1 procedures shall be employed and following restrictions shall govern:

2 **1.     PURPOSES AND LIMITATIONS**

3       Disclosure and discovery activity in this action are likely to involve production of trade

4 secret, confidential, proprietary, or private information for which special protection from public

5 disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

6 Accordingly, it is the purpose of this Protective Order to allow Parties to have reasonable access to

7 information from Parties and third parties responding to subpoenas, while protecting the alleged

8 trade secret, confidential, proprietary, or private information under Rule 26 of the Federal Rules of

9 Civil Procedure without frequent resort to determinations of discoverability by the Court.  Plaintiff

10 and Defendants acknowledge that this Order does not confer blanket protections on all disclosures

11 or responses to discovery and that the protection it affords extends only to the limited information

12 or items that are entitled under the applicable legal principles to treatment as confidential. The

13 parties further acknowledge, as set forth in Section 10, below, that this Order creates no entitlement

14 to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must

15 be followed and reflects the standards that will be applied when a party seeks permission from the

16 court to file material under seal.

17 **2.     DEFINITIONS**

18       2.1     Party: means any party to this action, including all of its officers, directors,

19 employees, consultants, retained experts, and outside counsel (and their support staff).

20       2.2     Disclosure or Discovery Material: means all items or information, regardless

21 of the medium or manner generated, stored, or maintained (including, among other things,

22 testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses

23 to discovery in this matter.

24       2.3     "Confidential" Information or Items: means information (regardless of how

25 generated, stored or maintained) or tangible things that qualify for protection under standards

26 developed under F.R.Civ.P. 26(c).  This designation includes but is not limited to information which

27 the Designating Party: (a) would not normally reveal to third parties except in confidence or has

28 undertaken with others to maintain in confidence, or (b) believes in good faith is confidential and/or

- 2 -

1  protected by a right to privacy guaranteed by the laws of the United States or California or any other

2  applicable privilege or right related to confidentiality or privacy.  This designation does not include

3  information that was publicly known prior to disclosure, or that, after disclosure, becomes publicly

4  known as a result of publication by one having right to do so..

5        2.4    "Highly Confidential – Attorneys' Eyes Only" Information or Items: means

6  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

7  nonparty would create a substantial risk of serious injury that could not be avoided by less

8  restrictive means.  Information may also be designated "Highly Confidential – Attorneys' Eyes

9  Only" if the Designating Party believes in good faith that the information is significantly sensitive,

10  including without limitation trade secrets or other confidential research, development, or

11  commercial information; financial, commercial, product planning, and marketing information;

12  business and goodwill valuations and analyses; industry analyses; customer information; or other

13  information protected by any right to privacy guaranteed by the laws of the United States or

14  California, such that disclosure to another Party or non-party would create a significant risk of

15  material injury.

16        2.5    Receiving Party: means a Party that receives Disclosure or Discovery

17  Material from a Producing Party.

18        2.6    Producing Party: means a Party or non-party that produces Disclosure or

19  Discovery Material in this action.

20        2.7    Designating Party: means a Party or non-party that designates information or

21  items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

22  Confidential — Attorneys' Eyes Only."

23        2.8    Protected Material: means any Disclosure or Discovery Material that is

24  designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

25        2.9    Outside Counsel: means attorneys who are counsel of record and who reside

26  and are located in the United States.

27        2.10    House Counsel: means attorneys who are employees of a Party and have been

28  approved by all Outside Counsel.

- 3 -

1     2.11 Counsel (without qualifier): means Outside Counsel, Foreign Outside

2 Counsel and House Counsel (as well as their support staffs).

3     2.12 Foreign Outside Counsel: means attorneys who are not employees of a Party

4 but who are retained to represent or advise a Party in this action and who reside or practice outside

5 of the United States.  Such Foreign Outside Counsel may only use a Disclosing Party's Materials,

6 however designated, for this litigation. Should any Party wish to engage Foreign Outside Counsel,

7 said Party shall disclose to the other Parties the proposed name of the lawyer and the law firm, the

8 country in which they reside, countries in which they are admitted to practice law, whether they

9 have had any disciplinary proceedings initiated against them or any disciplinary record and if so,

10 provide sufficient facts in detail.  The non-disclosing parties then shall have five (5) court days to

11 make any objection, meet and confer, and seek the entry of a protective order.  If such an objection

12 is made, the proposed Foreign Outside Counsel shall not see Protected Material, until such time as

13 the Court has ruled on any objecting parties' motion.

14     2.13 Expert: means a person with specialized knowledge or experience in a matter

15 pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

16 witness or as a consultant in this action, who resides and is located in the United States, and who is

17 not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of

18 retention, is not anticipated to become an employee of a Party or a competitor of a Party. This

19 definition includes a professional jury or trial consultant retained in connection with this litigation.

20     2.14 Professional Vendors: means persons or entities that are located in the United

21 States and provide litigation support services (e.g., photocopying; videotaping; translating;

22 preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium;

23 etc.) and their employees and subcontractors.

24     2.15 Associated Individuals: means that all attorneys, experts, employees and

25 other agents or servants of a party who have access to or see any Protected Material are to sign and

26 be held to this Protective Order, whether or not they are located in the United States.

27 **3.**  **SCOPE**

28    The protections conferred by this Order cover not only Protected Material (as defined

- 4 -

1  above), but also any information copied or extracted there from, as well as all copies, excerpts,

2  summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or

3  counsel to or in court or in other settings that might reveal Protected Material.

4        The restrictions as to use or dissemination of Protected Material, set forth in any of the

5  preceding paragraphs, shall not apply as to: (a) any information which at the time of the designation

6  under this Order is available to the general public; (b) any information which after designation

7  under this Order becomes available to the public through no act, or failure to act, attributable to the

8  Receiving Party or its Counsel; and (c) any information which the Receiving Party, its Counsel, or

9  any recipient of Protected Material under this Order can show as a matter of written record was

10  already known to the Receiving Party and/or the public through means other than by a violation of

11  this Order, a confidentiality contract or agreement, and/or any violation of Federal or state law.  The

12  party asserting exceptions (a) – (c) and others, to this paragraph shall bear the burden of proof

13  thereof.

14  **4.**    **DURATION**

15        Even after the termination of this litigation, the confidentiality obligations imposed by this

16  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

17  otherwise directs.

18  **5.**    **DESIGNATING PROTECTED MATERIAL**

19        5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each

20  Party or non-party that designates information or items for protection under this Order must take

21  care to limit any such designation to specific material that qualifies under the appropriate standards.

22  A Designating Party must take care to designate for protection only those parts of material,

23  documents, items, or oral or written communications that qualify – so that other portions of the

24  material, documents, items, or communications for which protection is not warranted are not swept

25  unjustifiably within the ambit of this Order.

26        Mass, indiscriminate, or routinized designations are prohibited.  Designations that

27  are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

28  unnecessarily encumber or retard the case development process, or to impose unnecessary expenses

1  and burdens on other parties), expose the Designating Party to sanctions.

2          If it comes to a Party's or a non-party's attention that information or items that it

3  designated for protection do not qualify for protection at all, or do not qualify for the level of

4  protection initially asserted, that Party or non-party must promptly notify all other parties that it is

5  withdrawing the mistaken designation.

6          5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

7  Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

8  material that qualifies for protection under this Order must be clearly so designated before the

9  material is disclosed or produced.

10          Designation in conformity with this Order requires:

11          (a) <u>for information in documentary form (apart from transcripts of</u>

12  <u>depositions or other pretrial or trial proceedings)</u>, that the Producing Party affix the legend

13  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or

14  bottom of each page that contains protected material.  If only a portion or portions of the material on

15  a page qualifies for protection, the Producing Party also must clearly identify the protected

16  portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion,

17  the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

18  ATTORNEYS' EYES ONLY").

19          A Party or non-party that makes original documents or materials available for

20  inspection need not designate them for protection until after the inspecting Party has indicated

21  which material it would like copied and produced.  During the inspection and before the

22  designation, all of the material made available for inspection shall be deemed "HIGHLY

23  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

24  documents it wants copied and produced, the Producing Party must determine which documents, or

25  portions thereof, qualify for protection under this Order, then, before producing the specified

26  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

27  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top or bottom of each page

28  that contains Protected Material.  If only a portion or portions of the material on a page qualifies for

1  protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

2  appropriate markings in the margins) and must specify, for each portion, the level of protection

3  being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

4  EYES ONLY").

5           (b) <u>for testimony given in deposition or in other pretrial or trial proceedings,</u>

6  that the Party or non-party offering or sponsoring the testimony identify on the record, before the

7  close of the deposition, hearing, or other proceeding, all protected testimony, and further specify

8  any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

9  ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to

10  protection, and when it appears that substantial portions of the testimony may qualify for protection,

11  the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before

12  the deposition or proceeding is concluded) a right to have up to twenty (20) court days to identify

13  the specific portions of the testimony as to which protection is sought and to specify the level of

14  protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

15  EYES ONLY").  Only those portions of the testimony that are appropriately designated for

16  protection within the twenty (20) court days shall be covered by the provisions of this Protective

17  Order.

18           Transcript pages containing Protected Material must be separately bound by

19  the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

20  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or

21  nonparty offering or sponsoring the witness or presenting the testimony.

22           A Designating Party shall have the right to exclude from attendance during

23  any part of a deposition any person other than those persons identified in Paragraph 7.2 and/or 7.3

24  upon an objection that the Protected Information and/or Materials subject to testimony is

25  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," if it is

26  reasonably expected that the testimony during that part of the deposition will disclose such

27  information and/or materials.

28           Notwithstanding anything to the contrary in this Order, any deponent may

PROTECTIVE ORDER                                                    CASE NO.: CV 08-2136 SI

1  review the transcript of his own deposition.

2          (c) <u>for information produced in some form other than documentary</u>, and for

3  any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

4  container or containers in which the information or item is stored the legend "CONFIDENTIAL" or

5  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information

6  or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

7  portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys'

8  Eyes Only."

9       5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure

10  to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

11  – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to

12  secure protection under this Order for such material. If material is appropriately designated after

13  the material was initially produced, the Receiving Party, on timely notification of the designation,

14  must make the reasonable efforts to assure that the material is treated in accordance with the

15  provisions of this Order, and must use its best efforts to retrieve any Protected Material from any

16  person not eligible to receive Protected Material under this Order.

17       If any person required to produce documents inadvertently produces any Protected

18  Material without marking it with the appropriate corresponding legend the Receiving party shall

19  treat the document as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and shall

20  inquire of the status of such documents of the Designating Party. If any person required to produce

21  documents inadvertently produces any Protected Material without marking it with an appropriate

22  legend, the Producing Party may give written notice to the Receiving Party, including appropriately

23  stamped copies of the Protected Material, that the document, thing, or response is deemed Protected

24  Material and should be treated as such in accordance with the provisions of this Order.

25    **6.**   **<u>DESIGNATION NOT DETERMINATIVE OF STATUS - RIGHT TO</u>**
26         **<u>CHALLENGE</u>**

27       The designation of Discovery Material as "Protected Material" shall not be taken as a

28  determination or admission by any Party that such Discovery Material is in fact protectable as a

PROTECTIVE ORDER                         CASE NO.: CV 08-2136 SI

1 trade secret or otherwise. The designation of Discovery Material as being "Protected Material"
2 does not alter or enhance the nature of that Discovery Material or its confidentiality or create a non-
3 challengeable presumption of confidentiality.

4    6.1    Timing of Challenges. Unless a prompt challenge to a Designating Party's
5 confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary
6 economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive
7 its right to challenge a confidentiality designation by electing not to mount a challenge promptly
8 after the original designation is disclosed.

9    6.2    Notice of Objection. A Party that elects to initiate a challenge to a
10 Designating Party's confidentiality designation must do so in good faith and must begin the process
11 by serving a captioned notice of objection, which shall identify with particularity the Protected
12 Materials as to which the designation is challenged and stating a basis for each challenge ("Notice
13 of Objection"). Service of a Notice of Objection shall be made by facsimile and/or by email to
14 Outside Counsel of the Designating Party.

15    6.3    Meet and Confer. Within five (5) court days after service of a Notice of
16 Objection, the parties shall meet and confer regarding the challenging party's objections by
17 conferring directly (in voice to voice dialogue; other forms of communication are not sufficient). In
18 conferring, the Designating Party must make a good faith effort to explain the basis for its belief
19 that the confidentiality designation was proper.

20    6.4    Response to Objection. If no change in designation is offered during meet
21 and confer or within ten (10) court days thereafter, the challenged material shall be deemed de-
22 designated unless the Designating Party serves by fax and/or email a Response to the Notice of
23 Objection within that 10-day period setting forth the legal and factual grounds upon which the
24 Designating Party bases its position that the materials should maintain the original designation or
25 for designating the material otherwise.

26    6.5    Judicial Intervention. A Party that elects to press a challenge to a
27 confidentiality designation after considering the justification offered by the Designating Party may
28 file and serve a motion pursuant to Civil Local Rules 7 and 37 (and in compliance with Civil Local

- 9 -

1   Rule 5(g), if applicable) and this Court's Standing Orders that identifies the challenged material and

2   sets forth in detail the basis for the challenge. Each such motion must be accompanied by a

3   competent declaration that affirms that the movant has complied with the meet and confer

4   requirements imposed in the preceding paragraph and that sets forth with specificity the justification

5   for the confidentiality designation that was given by the Designating Party in the meet and confer

6   dialogue. In the event of a motion to change the designation, the material at issue may be submitted

7   to the Court for in camera inspection. The burden of persuasion in any such challenge proceeding

8   shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue

9   to afford the material in question the level of protection to which it is entitled under the Producing

10   Party's designation.

11       **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

12           7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

13   disclosed or produced by another Party or by a non-party in connection with this case only for

14   prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

15   disclosed only to the categories of persons and under the conditions described in this Order. When

16   the litigation has been terminated, a Receiving Party must comply with the provisions of paragraph

17   12, below (FINAL DISPOSITION).

18           All Protected Material and copies thereof must be stored and maintained by a

19   Receiving Party or Expert at a location in the Continental United States and in a secure manner that

20   ensures that access is limited to the persons authorized under this Order.

21           7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise

22   ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

23   disclose any information or item designated CONFIDENTIAL only to:

24               (a) the Receiving Party's Outside and Foreign Outside Counsel qualified

25   under paragraph 2.12, as well as employees of said counsel to whom it is reasonably necessary to

26   disclose the information for this litigation;

27               (b) the officers, directors, and employees (including House Counsel) of the

28   Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

- 10 -

1    the "Agreement to Be Bound by Protective Order" (Exhibit A);

2              (c) Experts (as defined in this Order) of the Receiving Party, (1) to whom

3    disclosure is reasonably necessary for this litigation; (2) who have signed the "Agreement to Be

4    Bound by Protective Order" (Exhibit A); and (3) as to whom the procedures set forth in paragraph

5    7.5, below, have been followed;

6              (d) the Court and its personnel;

7              (e) court reporters, their staffs, and professional vendors to whom disclosure

8    is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

9    Protective Order" (Exhibit A);

10             (f) during their depositions and/or trial, witnesses in the action to whom

11   disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective

12   Order" (Exhibit A).  However, such witnesses shall not retain Protected Materials.  Pages of

13   transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

14   separately bound by the court reporter and may not be disclosed to anyone except as permitted

15   under this Protective Order; and

16             (g) Persons who appear by express written evidence on the face of Protected

17   Material marked CONFIDENTIAL as an author, addressee, recipient or source thereof.

18        7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

19   Information or Items. Unless otherwise ordered by the court or permitted in writing by the

20   Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

21   CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

22             (a) the Receiving Party's Outside Counsel, as well as employees of said

23   Counsel to whom it is reasonably necessary to disclose the information for this litigation purposes

24   only, and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto

25   as Exhibit A;

26             (b) Experts (as defined in this Order): (1) to whom disclosure is reasonably

27   necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order"

28   (Exhibit A); and (3) as to whom the procedures set forth in paragraph 7.5, below, have been

- 11 -

1   followed, and who reside and are located in the United States;

2                      (c) the Court and its personnel;

3                      (d) court reporters, their staffs, and professional vendors to whom disclosure

4   is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

5   Protective Order" (Exhibit A); and

6                      (e) persons who appear on the face of Protected Materials marked "HIGHLY

7   CONFIDENTIAL – ATTORNEYS' EYES ONLY" as an author, addressee, recipient or source

8   thereof, so long as the materials remain in the possession, custody or control of Outside Counsel

9   and/or the party who produced and designated the Protected Material when reviewing them.

10                     Unless otherwise ordered by the Court or permitted in writing by the

11  Designating Party, the Receiving Party shall not store, maintain, transmit, use or disclose any

12  information, document or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

13  ONLY" outside the Continental United States.

14         7.4      Procedures for Approving Disclosure of "CONFIDENTIAL" Information or

15  Items to Foreign Outside Counsel and Officers and Employees of a Receiving Party:

16                     (a) Unless otherwise ordered by the Court or agreed in writing by the

17  Designating Party, a Party that seeks to disclose to an officer or employee of that Party or Foreign

18  Outside Counsel any information or item that has been designated "CONFIDENTIAL" by another

19  Party first must make a written request (by fax and email) to Outside Counsel of the Designating

20  Party that: (1) sets forth the identity of such officer or employee (including full name, title,

21  professional address, affiliations and all other present employment and/or consultancies); (2) a

22  certification that disclosure is reasonably necessary for this litigation and will not use such materials

23  for purposes other that this litigation; (3) such individual shall maintain the confidentiality of said

24  materials consistent with this Order; and (4) in the case of Foreign Outside Counsel, the

25  requirements set forth in paragraph 2.12.

26         7.5      Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –

27  ATTORNEYS' EYES ONLY" Information or Items to "Experts"

28                     (a) Unless otherwise ordered by the court or agreed in writing by the

- 12 -

PROTECTIVE ORDER                                             CASE NO.: CV 08-2136 SI

1   Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

2   information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

3   ONLY" first must make a written request to the Designating Party that: (1) sets forth the full name

4   of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the

5   Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or

6   entity from whom the Expert has received compensation for work in his or her areas of expertise or

7   to whom the expert has provided professional services at any time during the preceding five years,

8   and (5) identifies (by name and number of the case, filing date, and location of court) any litigation

9   in connection with which the Expert has provided any professional services during the preceding

10  five years.  The Parties shall not have any obligation under this Order to identify which Protected

11  Materials are provided to Experts unless required to do so by Court Order, by the Federal Rules of

12  Civil Procedure or the Local Rules of the Court.

13          (b) A Party that makes a request and provides the information specified in the

14  preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

15  within five (5) court days of delivering the request, the Party receives a written objection from the

16  Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

17          (c) A Party that receives a timely written objection must meet and confer

18  with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

19  agreement.  If no agreement is reached, within ten (10) court days following its objection, the Party

20  seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7

21  (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to

22  do so.  Any such motion must describe the circumstances with specificity, set forth in detail the

23  reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that

24  the disclosure would entail and suggest any additional means that might be used to reduce that risk.

25  In addition, any such motion must be accompanied by a competent declaration in which the movant

26  describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of

27  the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for

28  its refusal to approve the disclosure.

- 13 -

1  In any such proceeding the Party opposing disclosure to the Expert shall bear

2  the burden of proving that the risk of harm that the disclosure would entail (under the safeguards

3  proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

4  In addition to the foregoing, each Expert to whom any Protected Material will be disclosed shall,

5  prior to disclosure of such material, execute the Certification of Consultant in the form attached as

6  Exhibit B hereto.  Outside Counsel who makes any disclosure of Protected Materials shall retain

7  each original executed Certification of Consultant and, upon written request, shall circulate copies

8  to all Outside Counsel at the termination of this action.

9  **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
        ANOTHER LITIGATION**

10

11  If a Receiving Party is served with a subpoena or an order issued in other litigation that

12  would compel disclosure of any information or items designated in this action as

13  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

14  Receiving Party must so notify the Designating Party, in writing (by email or fax, if possible)

15  immediately and in no event more than three (3) court days after receiving the subpoena or order.

16  Such notification must include a copy of the subpoena or court order.

17  The Receiving Party also must immediately inform in writing the Party who caused the

18  subpoena or order to issue in the other litigation that some or all the material covered by the

19  subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

20  deliver a copy of this Protective Order promptly to the Party in the other action that caused the

21  subpoena or order to issue.

22  The purpose of imposing these duties is to alert the interested parties to the existence of this

23  Protective Order and to afford the Designating Party in this case an opportunity to try to protect its

24  confidentiality interests in the court from which the subpoena or order issued.  The Designating

25  Party shall bear the burdens and the expenses of seeking protection in that court of its confidential

26  material – and nothing in these provisions should be construed as authorizing or encouraging a

27  Receiving Party in this action to disobey a lawful directive from another court.

28  / / /

- 14 -

PROTECTIVE ORDER                                    CASE NO.: CV 08-2136 SI

9.   **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.   **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and this Court's Standing Orders.

Nothing in this Order shall prevent a party or its attorney from using any Protected Material: (i) at a deposition of the Producing Party; (ii) at a hearing; (iii) to prepare for and conduct discovery in this action; (iv) to support or oppose any motion made in this action; (v) to prepare for trial; (vi) during trial; or (vii) during any appeal.  Under these circumstances, the use of Protected Material shall be subject to this Order, the Federal Rules of Civil Procedure, this District's Local Rules, and the Standing Orders of this Court.  The parties will cooperate in approaching Court for the purpose of sealing proceedings if necessary to prevent the public disclosure of Protected Materials.

11.   **DESIGNATED MATERIALS OBTAINED THROUGH A SUBPOENA**

Where a Party serves a subpoena that compels disclosure of any information or items that may constitute another Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials, upon receipt of any such materials in response to a subpoena, the subpoenaing Party shall temporarily treat such materials as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  The subpoenaing Party shall within three (3) court days after receiving any such materials provide copies to the other Party who will then have five (5) court days to designate any such materials in accordance with the terms of the Protective

- 15 -

1   Order or such materials will be deemed to be non-confidential.

2   **12.   FINAL DISPOSITION**

3   Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60)

4   calendar days after the final termination of this action, each Receiving Party must destroy or return

5   all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material"

6   includes all copies, abstracts, compilations, summaries or any other form of reproducing or

7   capturing any of the Protected Material. With permission in writing from the Designating Party, the

8   Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether

9   the Protected Material is returned or destroyed, the Receiving Party must submit a written

10  certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

11  by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected

12  Material that was returned or destroyed and that affirms that the Receiving Party has not retained

13  any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of

14  the Protected Material.

15  Notwithstanding this provision,  Counsel are entitled to retain an archival copy of all

16  pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product,

17  even if such materials contain Protected Material.  Any such archival copies that contain or

18  constitute Protected Material remain subject to this Protective Order as set forth in Section 4

19  (DURATION), above.

20  Further, any Expert that is provided Protected Material must cooperate with Outside Counsel

21  in the return and/or destruction of all such Protected Material in their possession, custody or control

22  and must ensure that such material is returned and/or destroyed within five (5) court days of the

23  termination of the action or the termination of their consultancy, which ever occurs first.  Any

24  Expert as defined by this Order shall certify their compliance with this provision and shall deliver

25  such certification to Outside Counsel for the party that they have provided services for no more than

26  five (5) court days after complying with their obligations hereunder.  Outside Counsel shall

27  immediately deliver a copy of such certification to Outside Counsel for the Designating Party.

28  / / /

- 16 -

**13.    MISCELLANEOUS**

13.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    Right to Assert Other Objections.  Entry of this Order does not result in the waiver of any right a Party otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party is will be deemed to have waived any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3    Use Of Protected Materials By Designating Party.  Nothing in this Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information or documents to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure of confidential information or documents is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

13.4    Client Communication.  Nothing in this Order shall prevent or otherwise restrict Counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Protected Material.  In rendering such advice and otherwise communicating with the client, however, Counsel shall not make specific disclosure of any Protected Materials, except as permitted by this Protective Order.

13.5    Inadvertent or Unintentional Disclosure of Discovery Materials Subject To Work Product Protection Or Privilege.  Inspection or production of Discovery Materials shall not constitute a waiver of the attorney-client privilege, attorney work product doctrine, or any other legal privilege or immunity if, as soon as reasonably possible after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such document as within the attorney-client privilege, work product immunity or other legal privilege or immunity and requests return of those Discovery Materials to the Producing Party.  Upon request by the Producing Party, the Receiving Party shall immediately return all copies of such inadvertently produced Discovery Materials and shall destroy all notes or other work product reflecting the

- 17 -

1 | contents of such material, and shall delete such material from any litigation-support or other

2 | database.  Nothing herein shall prevent the Receiving Party from challenging the proprietary of the

3 | attorney-client privilege or work product immunity designation by submitting a written challenge to

4 | the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of this

5 | Court, after returning, deleting and/or destroying all copies of the inadvertently-produced

6 | documents.

7 |        If a Party receives from the other Party any document or information that the Receiving

8 | Party reasonably believes is subject to the attorney-client privilege or attorney work product

9 | doctrine, the Receiving Party should promptly notify the Producing Party of the potential

10 | inadvertent disclosure.  Upon request by the Producing Party, the Receiving Party shall immediately

11 | return all copies of such inadvertently produced Discovery Materials and shall destroy all notes or

12 | other work product reflecting the contents of such material, and shall delete such material from any

13 | litigation-support or other database.  Nothing herein shall prevent the Receiving Party from

14 | challenging the proprietary of the attorney-client privilege or work product immunity designation

15 | by submitting a written challenge to the Court in compliance with the Federal Rules of Civil

16 | Procedure and the Local Rules of this Court, after returning, deleting and/or destroying all copies of

17 | the inadvertently-produced documents.

18 |        13.6    Admissibility.  Unless all parties stipulate otherwise, evidence of the

19 | existence or nonexistence of a designation under this Order shall not be admissible for any purpose

20 | during any proceeding on the merits of this action.  Additionally, nothing contained herein shall be

21 | construed as a waiver of any objection which might be raised as to the admissibility of any

22 | evidentiary material at trial or any other evidentiary proceeding.

23 |        13.7    Modification; Addition of Parties to This Protective Order.

24 |              (a) All Parties reserve the right to seek modification of this Protective Order

25 | at any time for good cause.  The Parties agree to meet and confer prior to seeking to modify this

26 | Protective Order for any reason.  The restrictions imposed by this Protective Order may only be

27 | modified or terminated by written stipulation of all Parties or by order of this Court.

28 |              (b) In the event that a new party is added, substituted, or brought in, this

PROTECTIVE ORDER                                                    CASE NO.: CV 08-2136 SI

1  Order will be binding on and inure to the benefit of the new party, subject to the right of the new

2  party to seek relief from or modification of this Order.

3         13.8  <u>Protection of Non-Parties</u>.  A non-party producing information or material

4  voluntarily or pursuant to a subpoena or a Court Order may designate material or information with

5  the appropriate designation pursuant to the terms of this Order and such non-party shall be entitled

6  to all rights and protections afforded to a Designating Party as defined in this Order upon executing

7  a written agreement (Exhibit A) to be bound hereto.  However, a non-party's use of this Order

8  and/or the execution of such an agreement to be bound to protect its Protected Material does not

9  entitle that non-party access to Protected Material produced by any other Party or non-party.

10         13.9  <u>No Contract</u>.  This Order shall not be construed to create a contract between

11  the parties or between the parties and their respective counsel

12         13.10  <u>Federal Rules of Civil Procedure.</u>  Nothing herein shall alter or change in any

13  way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules of this Court,

14  and this Court's Standing Orders.

15       FOR GOOD CAUSE SHOWING, IT IS SO ORDERED.

16

17

18  DATED: _5/26/09_

                                   _____

19                                    Honorable Susan Illston
                                  United States District Judge

20

21

22

23

24

25

26

27

28

PROTECTIVE ORDER                                  CASE NO.: CV 08-2136 SI

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, declare under the penalty of perjury that:

1.    I currently reside at _____.

2.    I am employed as _____

by _____.

3.    I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California in the case of <u>Continental D.I.A.</u> <u>Diamond Products, Inc. v. Dong Young Diamond Industrial Co., Ltd. et al.</u>; USDC, Northern District of California Case No. CV 08-2136 SI.

4.    I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

5.    I solemnly promise that I will not review, discuss, use or disclose any materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in any manner to any person or entity except in strict compliance with the provisions of this Protective Order and will use such materials only for the purpose of this action.

6.    I understand and agree that all Protected Material and copies thereof, as well as work product generated there from must be stored and maintained in a secure manner that ensures that access is limited to the persons authorized under this Order and that I will not remove, store, transmit, transfer, disseminate or send such materials to any person or location outside of the Continental United States.

7.    I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction and venue of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

8.    I understand and agree that any disclosure or use of material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in any

- 20 -

1  manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt

2  of court and other sanctions.

3       9.    I understand and agree that within ten (10) business days after a request by Outside

4  Counsel for the party for which I have provided services, the termination of my consultancy or the

5  termination of this action, which ever occurs first, I must return and/or destroy all Designated

6  Material in my possession, custody or control to Outside Counsel for the party for which I have

7  provided services.  I further understand and agree that I shall certify my compliance with this

8  requirement and shall deliver such certification to Outside Counsel for the party that I have

9  provided services for no more than ten (10) business days after complying with the aforementioned

10  obligation.

11      I declare under the penalty of perjury of the laws of the United States of America that the

12  foregoing is true and correct.

13

14  Executed this ___ day of _____, 2008 in _____, _____ U.S.A.:

15

16  By: _____

17

18

19

20

21

22

23

24

25

26

27

28

- 21 -

PROTECTIVE ORDER                                                       CASE NO.: CV 08-2136 SI

1

2

### EXHIBIT B

### CERTIFICATION OF EXPERT/CONSULTANT

3    I, the undersigned, hereby certify that I have read the Protective Order entered in the

4 Northern District of California in the case of <u>Continental D.I.A. Diamond Products, Inc. v. Dong</u>

5 <u>Young Diamond Industrial Co., Ltd, et al.</u>; USDC, Northern District of California Case No. CV 08-

6 2136 SI, and that I have executed a copy of Exhibit A - the Acknowledgement And Agreement To

7 Be Bound.

8    I further certify that I am not employed nor currently engaged by a direct competitor of the

9 Designating Party (as of the time of the execution of this Certification) to this action, nor do I have

10 a current expectation of such engagement, and I will accept no such engagement nor discuss same

11 during the pendency of this action.  If at any time after I execute this Consultant Certification and

12 during the pendency of the Action I become engaged in business as a competitor of any person or

13 entity currently a party to this action, I will promptly inform the counsel for the party who retained

14 me in the Action, and I will not thereafter review any Protected Materials unless and until the Court

15 in the Action orders otherwise.

16    I further understand and agree that all Protected Material and work product generated there

17 from must be stored and maintained at a location in the Continental United States and in a secure

18 manner that ensures that access is limited to the persons authorized under this Order.

19    Finally, I understand and agree that within ten (10) business days after a request by Outside

20 Counsel for the party for which I have provided services, the termination of my consultancy or the

21 termination of this action, which ever occurs first, I must return and/or destroy all Designated

22 Material in my possession, custody or control to Outside Counsel for the party for which I have

23 provided services.  I further understand and agree that I shall certify my compliance with this

24 requirement and shall deliver such certification to Outside Counsel for the party that I have

25 provided services for no more than ten (10) business days after complying with the aforementioned

26 obligation.

27    I declare under penalty of perjury under the laws of the United States of America that the

28 foregoing is true and correct.

- 22 -

1  Name of Individual: _____

2  Company or Firm: _____

3  Address: _____

4  Telephone No.: _____

5  Relationship to this action and its parties: _____

6  _____

7  _____

8  Dated: _____  Signature_____

9

10

11

12

13

14  4476531v.1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 23 -

PROTECTIVE ORDER                                    CASE NO.: CV 08-2136 SI